IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br>   CHARLES DANIELS  ) <br> ) <br>       Petitioner,  ) <br> ) <br>       v.  ) <br> ) <br> DAN AUSTIN, Warden,  ) <br>   Pinckneyville Correctional Center,  ) <br> ) <br>       Respondent.  ) | No. 07 C 6475 <br><br> The Honorable <br> Harry D. Leinenweber, <br> Judge Presiding. |

## MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2244(d)(1)(A), and this Court's order of January 4, 2008, respondent DAN AUSTIN, Warden of the Pinckneyville Correctional Center, moves this Court to dismiss the above-captioned Petition for Writ of Habeas Corpus, and states as follows:

    1.    Petitioner Charles Daniels, identified as prisoner No. N63102, is incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois, where he is in the custody of respondent Dan Austin, the warden of that facility.

    2.    Following a bench trial in the Circuit Court of Cook County, petitioner was convicted of burglary and was sentenced as a Class X offender to eight years' imprisonment. Exhibit A (Rule 23 Order, *People v. Daniels*, No. 1-02-2905 (Ill.App. 2003)). The state appellate court affirmed his conviction and sentence on December

22, 2003. *Id.* Petitioner filed a petition for leave to appeal to the Illinois Supreme Court (PLA) that was denied on May 26, 2004. Exhibit B (Order Denying PLA, *People v. Daniels*, No. 97992 (Ill. 2004)). Petitioner filed a petition for rehearing that was denied on June 23, 2004. Exhibit C (Order Denying Petition for Rehearing, *People v. Daniels*, No. 97992 (Ill. 2004)). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court. Pet. at 2.

3. On October 5, 2005, petitioner filed a pro se postconviction petition pursuant to 725 ILCS 5/122-1, *et seq.*, in the Circuit Court of Cook County. Exhibit D (Postconviction petition, *People v. Daniels*, No. 00 CR 07104, Circuit Court of Cook County). The trial court dismissed the postconviction petition and the appellate court affirmed on July 30, 2007. Exhibit E (Rule 23 Order, *People v. Daniels*, 1-06-3123 (Ill.App. 2007). Petitioner filed an original action in the Illinois Supreme Court on February 15, 2007 that was denied in May 2007, prior to the appellate court's July 30, 2007 affirmance of the trial court's dismissal of his postconviction petition. Petitioner did not file a postconviction PLA. Pet. at 3.

4. The instant petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254(d), was signed by petitioner on November 3, 2007, the earliest date on which petitioner could have mailed it from his correctional institution.[1] Giving petitioner the benefit of the doubt, the petition was "filed" on that date. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999).

---

[1] Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth the "mailbox rule" applicable to pro se habeas filings. Because petitioner does not state whether postage was prepaid, respondent cannot discern whether petitioner complied with Rule 3(d).

5. The instant petition raises the following claims:

    A. the State failed to prove one of the elements of the offense beyond a reasonable doubt, Pet. at 5; and

    B. petitioner's conviction violated the Ex Post Facto Clause because a new substantive amendment to the burglary statute was applied retroactively to him. Pet. at 6.

6. On January 4, 2008, this Court ordered respondent to "answer or otherwise plead" to the § 2254 petition. (Doc. 8). That order, which is consistent with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, contemplates that respondent may file a motion to dismiss. *See* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.").

7. The following materials are attached as exhibits to this motion:

Exhibit A:    Rule 23 Order, *People v. Daniels*, No. 1-02-2905 (Ill.App. 2003);

Exhibit B:    Order Denying PLA, *People v. Daniels*, No. 97992 (Ill. 2004);

Exhibit C:    Order Denying Petition for Rehearing, *People v. Daniels*, No. 97992 (Ill. 2004);

Exhibit D:    Postconviction petition, *People v. Daniels*, No. 00 CR 07104, Circuit Court of Cook County; and

Exhibit E:    Rule 23 Order, *People v. Daniels*, 1-06-3123 (Ill.App. 2007).

**The Petition is Time-Barred**

8.      Petitioner's § 2254 petition should be dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).  Under this provision, the statute of limitations for habeas actions filed under § 2254 begins to run from the latest of the following: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek review; (2) the date on which the impediment to filing an application is removed, if the impediment is created by state action in violation of the Constitution or laws of the United States and the defendant was prevented from filing by that state action; (3) the date on which the Constitutional right asserted by the petitioner was acknowledged by the Supreme Court and made retroactive to cases on collateral review; or (4) the date on which the factual predicate for the claim or claims could have been discovered through due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  Petitioner has not demonstrated that his time limit is governed by any of the events listed in § 2244(d)(1)(B)-(D), nor does an examination of his habeas petition itself reveal that it triggers those subsections. Therefore, the start of petitioner's limitations period is governed by § 2244(d)(1)(A).

9.      Petitioner's conviction became final on September 21, 2004, when the time expired to file a petition for a writ of certiorari to the United States Supreme Court.  *See, e.g., Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Petitioner properly filed a state postconviction petition on October 5, 2005 — 379 days after his conviction became final.  The time between October 5, 2005, the date on which he properly filed his postconviction petition, and July 30, 2007, the date on

4

which the state appellate court affirmed the denial of postconviction relief, is tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007); *see also Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000) (petition for certiorari that is not actually filed cannot reasonably be considered "pending"); *Tate v. Pierson*, 177 F.Supp.2d 792, 797 n.10 (where petitioner did not file postconviction PLA, limitations period not tolled during 21 days in which he could have done so because nothing was "pending" during that 21-day period). Another 98 days lapsed between July 30, 2007, the date on which petitioner's state postconviction proceedings and the tolling period ended, and November 5, 2007, the earliest date on which the instant habeas petition was filed. *See* Pet. Adding the 379 days that ran on the limitations period before petitioner filed his postconviction petition to the 97 days that ran on the limitations period following the conclusion of petitioner's state postconviction proceedings, the petition was filed 476 days after the limitations period began, and is thus untimely by 111 days. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

10. Although AEDPA's limitations period may, in extraordinary circumstances, be subject to equitable tolling, *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004), petitioner has not alleged, nor could he demonstrate, that equitable tolling is warranted. Under the common law doctrine, equitable tolling is available only if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See, e.g., Pace v.*

5

*DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *accord, e.g., Williams*, 390 F.3d at 960 (doctrine of equitable tolling is applicable to "situations in which, without fault by the defendant, the plaintiff is *unable* to sue within the statutory period.") (emphasis added). Petitioner has not demonstrated that he has been pursuing his rights diligently; he offers no excuse for his delay in filing a postconviction petition after the conclusion of his direct appeal proceedings. Furthermore, petitioner has not identified any "extraordinary circumstances" that prevented him from timely filing a habeas petition. The facts stated in petitioner's habeas claims do not suggest that petitioner was not afforded the opportunity to file a federal habeas petition within the limitations period.

11. Even with the benefit of the statutory tolling rules, petitioner's habeas petition was filed 111 days after the limitations period expired. Petitioner is not entitled to equitable tolling because he has not set forth evidence that he diligently pursued his rights or than an extraordinary circumstance stood in the way of his filing a federal habeas petition. Accordingly, this Court should dismiss the instant petition with prejudice.

6

## Conclusion

This Court should dismiss the instant petition with prejudice. If the Court determines that petitioner's habeas petition is not time-barred under AEDPA, respondent respectfully requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

January 23, 2008　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　LISA MADIGAN
　　　　　　　　　　　　　　　　　　　Attorney General of Illinois

　　　　　　　　　　　　　　　　By:　s/Eric W. Truett
　　　　　　　　　　　　　　　　　　　ERIC W. TRUETT, Bar # 6291213
　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　100 W. Randolph Street, 12th Floor
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601-3218
　　　　　　　　　　　　　　　　　　　PHONE: (312) 814-4684
　　　　　　　　　　　　　　　　　　　FAX: (312) 814-2253
　　　　　　　　　　　　　　　　　　　E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

I hereby certify than on January 23, 2008, I electronically filed respondent's **MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system; and I hereby certify that on the same date, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

Charles Daniels, N63102
Pinckneyville Correctional Center
P.O. Box 999
Pinckneyville, IL 62274

                                              Respectfully submitted,

                                              LISA MADIGAN
                                              Attorney General of Illinois

By:  s/Eric W. Truett
       ERIC W. TRUETT, Bar # 6291213
       Assistant Attorney General
       100 W. Randolph Street, 12th Floor
       Chicago, Illinois 60601-3218
       PHONE: (312) 814-4684
       FAX: (312) 814-2253
       E-MAIL: etruett@atg.state.il.us