IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel.<br>CHARLES DANIELS | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | No. 07 C 6475 |
| DAN AUSTIN, Warden,<br>Pinckneyville Correctional Center, | )<br>)<br>) | The Honorable<br>Harry D. Leinenweber, |
| Respondent. | ) | Judge Presiding. |

## RESPONSE TO PETITIONER'S MOTION FOR ACCESS

In response to petitioner Charles Daniels' self-styled "Leave to File for Order Restricting State Agents Further Restricting Access to Courts Concerning this Action by Prohibiting Access to Prison Law Library," (Doc. 15), respondent DAN AUSTIN, Warden of the Pinckneyville Correctional Center, states as follows:

1. Petitioner Charles Daniels, identified as prisoner No. N63102, is incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois, where he is in the custody of respondent Dan Austin, the warden of that facility.

2. The instant petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254(d), was filed by petitioner on November 3, 2007. (Doc. 1).

3. On January 4, 2008, this Court ordered respondent to "answer or otherwise plead" to the § 2254 petition. (Doc. 8). On January 23, 2008, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2244(d),

respondent moved to dismiss the instant petition as time-barred. (Doc. 13). Prior to this Court's setting a February 21, 2008 deadline for filing his response to respondent's motion to dismiss (Doc. 16), petitioner filed a self-styled motion requesting this Court to order access to the law library. (Doc. 15). The motion also argues that respondent's counsel, Eric W. Truett, has a conflict of interest. (*Id.*).

4. Respondent does not oppose a generous extension of time such that petitioner has sufficient time to file a response to petitioner's motion. However, the proper vehicle for litigating any substantive claim with respect to access to the law library is a civil suit pursuant to 42 U.S.C. § 1983, not the instant habeas action.

5. Respondent's counsel does not have a conflict of interest. He was employed as a law clerk for the Hon. Mark Filip from October 2005 through September 2006, and has been in the exclusive employ of the Office of the Illinois Attorney General since March 2007. Since the instant habeas action was filed on November 3, 2007, more than a year after respondent's clerkship with Judge Filip ended, and Judge Filip is not involved in this matter in any respect, there is no basis for finding a conflict of interest.

February 4, 2008									Respectfully submitted,

                                            LISA MADIGAN
                                            Attorney General of Illinois

By:  s/Eric W. Truett
      ERIC W. TRUETT, Bar # 6291213
      Assistant Attorney General
      100 W. Randolph Street, 12th Floor
      Chicago, Illinois 60601-3218
      PHONE: (312) 814-4684
      FAX: (312) 814-2253
      E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

I hereby certify than on February 4, 2008, I electronically filed respondent's **RESPONSE TO PETITIONER'S MOTION FOR ACCESS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system; and I hereby certify that on the same date, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

Charles Daniels, N63102
Pinckneyville Correctional Center
P.O. Box 999
Pinckneyville, IL 62274

        Respectfully submitted,

        LISA MADIGAN
        Attorney General of Illinois

By:  s/Eric W. Truett
      ERIC W. TRUETT, Bar # 6291213
      Assistant Attorney General
      100 W. Randolph Street, 12th Floor
      Chicago, Illinois 60601-3218
      PHONE: (312) 814-4684
      FAX: (312) 814-2253
      E-MAIL: etruett@atg.state.il.us