IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CHARLES DANIELS | ) | **FILED** |
| Petitioner, | ) ) | FEB 11 2008   FEB 1 1 2008 |
| v. | ) ) | No. 07 C 6475   MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| DAN AUSTIN, Warden Pinckneyville Correcitonal Center, | ) | The Honorable Harry D. Leinenweber |
| Respondent. | | Judge Presiding. |

### PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENT'S SPECIOUS MOTION TO DISMISS INSTANTER

**NOW COMES**, Petitioner **CHARLES DANIELS**, pro se, in response and opposition to the respondent's instant filing of a **MOTION TO DISMISS**( hereinafter, **Res. M.D.**), asserting that respondent's contentions are meritless and disingenuous at best. In support the petitioner states as follows:

1. Petitioner ADMITS as accurate;

2. Petitioner ADMITS as accurate:

3. Petitioner asserts **PLAIN ERROR** against respondent contention as to the accurate filing date of petitioner's state postconviction application:

> " On **October 5,2005**, petitioner filed a pro se Post-conviction petition pursuant to **725 ILCS 5/122-1,et.seq.**, in Circuit Court of Cook County. **Exhibit D**(Postconviction petition **People v. DAniels**, # 00-CR-07104, Circuit Court of Cook County). The trial court dismissed the postconviction & the appellate court affirmed on **July 30,2007, Exhibit E**( Rule 23, Order, **People v. Daniels**, 1-0603123 ( Ill.App. 2007)"

### PETITIONER'S ARGUMENT

The respondent's **Exhibit " D "**, are **ipso facto**, in demonstrating that petitioner's state postconviction petition was **NOT** filed on October 5,2005. In fact, this relevant documentary evidence shows to the contrary; viz, that the petition was filed at the Bridgeview Courthouse with both the Clerk of that court and the State's Attorney's office on **NOVEMBER 5,2004**, through Attorney Michael L. Hill, rather than as the respondent asserts as it basis for issuance of(**Res. M.D.** )

Its atrocious for respondent with unlimited resources, staff assistance and computerized " access" for the production of accurate information, through this presentment of **Exhibit " D "** to try and **HOODWINK** the Honorable Court to accept the date of **October 4,2005,** as the original filing date of petitioner's state postconviction application.

This absurdity is underscored when comparing the petitioners' **Exhibits 1,2,3 & especially # 4**, annexed that was filed by the respondent on **January 17,2006,** that respondent incorporates from its " original motion to dismiss" which is a implicit Admission **August 26,2005** that the petitioner's state postconviction petition seeking relief was " properly filed" on **November 5,2004.** Whether this instant filing by respondent is simply an oversight in good faith or a strategic malfeasance designed to " delay " having to answer ORDER by this Honorable Court on **January 4,2008,** the § **2254 petition**, remains to be seen.

### SYNOPSIS RE: RELEVANT PROCEDURAL COURT DATES SUPPORTING SPECIOUSNESS OF RESPONDENTS FUNDAMENTAL ARGUMENT

**November 5,2004-** Date" Properly Filed" State postconviction application;

**December 17,2004-Date " pro se"** petition was docketed as required within 90 days after filing and Circuit Court examines said petition and enters one of two Orders set forth within relevant State statute of Post-conviction Hearing Act (P.C.H.A.), 725 ILCS 5/122-1 et.seq (West 2007), particuarly 725 ILCS 5/122 2.1(a)(2) (west 2007); hence, harving survived this initial stage, the proceedings advanced to the second stage, where the Circuit Court , also appointed for petitioner Daniels, the Cook County Public Defenders office to represent him. ( 725 ILCS 5/122-4 )    ( **Trial record., B-3** )

At this **Second stage,** the(P.C.H.A.) requires that the Respondent either files an answer or move to dismiss the application for post-conviction relief. 725 ILCS 5/122-5 ( West 2007 )

**March 18,2005-**
              Date    ATTORNEY DAVID H. NORRIS, filed an appearance on petitioner's behalf and was granted " leave " to file an " **counseled**" postconviction petition.

**August 26,2005- Date**     Respondent's after nine-months delay decided rather than wait for Attorney David H. Norris to file the Amended Postconviction, filed a **Motion to Dismiss ( Exhibit # 1 )**, against the petitioner's " **properly filed**" petition of **November 5,2004**

**August 29,2005- Date-** Petitioner's retained counsel indicated receipt of Respondents **Motion to Dismiss**, and draft copy of " counseled " Amended petition forthcoming upon approval by petitioner(Exhibit # 2 )

**October 26,2005-**

    **Date- Attorney David H. Norris** filed an Amended postconviction application of record. (T.R.C-231-234 ) ( Exhibit 3 )

**January 17,2006-**

    **Date-** Respondent filed a response to the petitioners Amended postconviction petition, incorporating the original motion to dismiss in that response. ( Exhibit # 4 )

                  ********          ********          ********

4.   Petitioner ADMITS as Accurate;
5.   Petitioner ADMITS as Accurate;
6.   Petitioner ADMITS As Accurate;
7.   Petitioner ADMITS as Accurate;

8.          <u>**THIS PETITION IS TIMELY UNDER 28 U.S.C.§ 2244 PROVISIONS**</u>

Petitioner Daniels, § 2254 filing is **timely** and is not even close to being outside of the one year (1) statute of limitations for seeking federal Habeas relief from a state court judgment, tolled while an " application for state postconviction or other collateral review " " is pending." **28 U.S.C. § 2244 (d)(2).** Petitioner Daniels " properly filed " a state postconviction application **forty-five (45) days after** his state conviction became final on **September 21,2004** ( See, par. # 9 (Res. M.D.)

Additionally, the Exhibits # 1 of the trial clerk record & # 2, further support that the relevant document was " properly filed" on **November 5,2004**. Ergo, respondent's instant **Motion to Dismiss is** groundless **and unsupported by record.**

-3-

9. Petitioner AGREE's " that his postconviciton petition became final on **September 21, 2004,** based on the time having expired by that date to file for a writ of certorari to the **United States Supreme Court .**" however, petitioner maintains that he need not petition for a writ of certorari to have exhausted state remedies. <u>**Fay v. Noia**</u> , 372 U.S.391,435-438,83 S.Ct.822,9 L.ed 2s 837(1963)

RESPONDENTS MANIFEST ERROR IN PRESENTMENT
OF THIS MOTION TO DISMISS AGAINST PETITIONER

The **PLAIN ERROR** attributed to the respondent and which demolishes its entire basis for the filing of ( **Res. M.D.** ), are seen on **erroneous** date of **October 5,2005,** which fictiously is assigned according to respondent as the date that petitioner filed a state postconviction petition. Exhibits # 1 & 2, clearly refute this contention of respondent.

It remains **FACT**: " petitioner's conviction became final on **September 21, 2004** ( **Res. M.D., par.# 9**) and the time up through **November 5,2004-** date that petitioner " properly filed " state postconviction are actually **45 days.**

It remains **FACT**: the time between **July 30,2007-** ( date on which the state appellate court affirmed the denial of relief in postconviciton proceedings) up through **November 3,2007**( date instant Habeas petition filed) ( See **Res. M.D., pg. 2, par. # 4** )  are actually 97( ninety-seven) days.

Adding the **45 days that** ran on the Limitations period before petitioner " properly filed " his state postconviction petition along with the **97 days** that ran on the Limitations period following the conclusion of petitioner's state post-conviction proceedings, the petition under review by this Federal Court, was filed in **143 days,** against the **( Antiterroism Effective Death Penalty Act ) (A.E.D.P.A.) of ONE year.** Rather 143 days minus 365 leaves **221 days** before a(any) statute of Limitations expires. **Ergo, <u>this petition is timely within 221 days</u>**

This is so due to the fact that the time between **November 5,2004**- ( **date** which the undisputed documentary evidence establishes petitioner " properly filed " a **pro se** state postconviciton application) and **July 30,2007**, ( **date** on which the state appellate court affirmed the denial of state postconviction relief) are equitably tolled pursuant to 28 U.S.C. § 2254 (d) (2); LAWRENCE v. FLORIDA, 127 S. Ct. 1079,1083 (2007)

## SUMMARY

Respondent has fabricated or fictiously asserted the initial state postconviction filing date of **October 5,2005**, ( **Res. M.D. pg.2, par.# 3**) rather than the ACCURATE undisputed and certified date **November 5,2004** ( **Exhibits 1,2,3,& 4**), to try and Hoodwink this Honorable Federal Court to rubber stamp its Motion to Dismiss as perfunctory and impervious to review.

Consequently, **three hundred & thrity four ( 334 )** days are wrongfully & with reckless disregard to the truth, attributed as culpable negligence against this petitioner. This is a flagrant malfeasance against the respondent for which sanctions should be imposed

10. Petitioner asserts no excuse as this petition based upon the foregoing response supports that this Habeas petition is timely filed.

11. Accordingly, this Court should determine that petitioner's habeas petition is not **time barred under A.E.D.P.A.**, and sanction respondent for such a flagrant and frivoulous contention in its effort to prevent petitioner from obtaining review of his Constitutional claims asserted within § **2254 petition.**

## CONCLUSION

Based on the foregoing demonstrative proofs as verified by the trial record, exhibits and response, the Respondent Motion to Dismiss should be denied, as the Court determines that petitioner's habeas petition is not time barred under **AEDPA** and ORDER within 30 days respondent answer and address the merits of petitioners claims as reaised within his § **2254 Habeas petition.**

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | |
| ) | No. 00 CR 07104 |
| Plaintiff, ) | |
| ) | THOMAS M. DAVY |
| v. ) | |
| ) | Honorable Presiding Judge |
| CHARLES DANIELS, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF FILING

TO:　Richard A. Devine
　　　COOK COUNTY STATE'S ATTORNEY
　　　10220 S. 76th Avenue
　　　Room 223
　　　Bridgeview, Illinois 60455

　　PLEASE TAKE NOTICE that on the _5th_ day of _November_, 2004, the undersigned has filed with the Clerk of the Circuit Court of Cook County, Illinois _Defendant's Post Conviction Petition_, a copy of which is being hereby served upon you.

DATED: November 5, 2004

　　　　　　　　　　　　　　　　　　　　CHARLES DANIELS, Pro Se
　　　　　　　　　　　　　　　BY: _/s/ Michael L. Hill_
　　　　　　　　　　　　　　　　　　　　Michael L. Hill

## PROOF OF SERVICE

　　Under penalties as provided by law pursuant to Sec. 1-109 of the Code of Civil Procedure, 735 ILCS 5/1-109, the undersigned certifies that he served this notice with attached _Defendant's Post Conviction Petition_ by personally delivering a copy of the same to the above stated attorney(s) at the address(es) stated above before 5:00 p.m. on _November 5,_ 2004.

　　　　　　　　　　　　　　　　　　　　CHARLES DANIELS, Pro See
　　　　　　　　　　　　　　　BY: _/s/ Michael L. Hill_
　　　　　　　　　　　　　　　　　　　　Michael L. Hill

Charles Daniels – N63102
Hill Correctional Center
600 South Linwood Road
P.O. Box 1700
Galesburg, Illinois 61401

EXHIBIT D

STATE OF ILLINOIS      )
                       ) ss.
COUNTY OF COOK         )

**FILED AUG 2 6 2005 DOROTHY BROWN PER ___**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT    -    CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS  )
    Plaintiff-Respondent          )
                                 )   CASE NO. 00CR-7104
vs.                              )
                                 )   HONORABLE THOMAS DAVY
                                 )   Judge Presiding
CHARLES DANIELS                  )
    Defendant-Petitioner          )

## MOTION TO DISMISS
## PETITION FOR POST-CONVICTION RELIEF

Now comes the Respondent, People of the State of Illinois, by Richard A. Devine, State's Attorney of Cook County, Illinois, through John Haskins, Assistant State's Attorney, and moves this Honorable Court to strike the petitions for post-conviction relief and to dismiss the proceedings for the following reasons:

1. Defendant was found guilty of burglary and sentenced as a Class X offender to eight years imprisonment following a bench trial on July 16, 2002. Defendant's conviction was affirmed on December 22, 2003. Defendant's petition for leave to appeal was denied on January 27, 2004. Defendant's petition for re-hearing on the issued raised from direct appeal was denied on June 23, 2004. Defendant filed a petition for post-conviction relief on November 5, 2004.

3. Petitioner's allegations come within the purview of the Act, most of the allegations are barred by the doctrines of <u>res judicata</u> and waiver. According to the petition, petitioner's conviction was affirmed by the Appellate Court on December 22, 2003. It is well established law in Illinois that

1

EXHIBIT "1"

STATE OF ILLINOIS    )
                     ) ss.
COUNTY OF COOK       )

FILED
AUG 26 2005
DOROTHY BROWN
PER _____

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT    -    CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS  )
    Plaintiff-Respondent         )
                                 )
                                 )   CASE NO. 00CR-7104
vs.                              )
                                 )   HONORABLE THOMAS DAVY
                                 )   Judge Presiding
CHARLES DANIELS                  )
    Defendant-Petitioner         )

## MOTION TO DISMISS
## PETITION FOR POST-CONVICTION RELIEF

Now comes the Respondent, People of the State of Illinois, by Richard A. Devine, State's Attorney of Cook County, Illinois, through John Haskins, Assistant State's Attorney, and moves this Honorable Court to strike the petitions for post-conviction relief and to dismiss the proceedings for the following reasons:

1. Defendant was found guilty of burglary and sentenced as a Class X offender to eight years imprisonment following a bench trial on July 16, 2002. Defendant's conviction was affirmed on December 22, 2003. Defendant's petition for leave to appeal was denied on January 27, 2004. Defendant's petition for re-hearing on the issued raised from direct appeal was denied on June 23, 2004. Defendant filed a petition for post-conviction relief on November 5, 2004.

3. Petitioner's allegations come within the purview of the Act, most of the allegations are barred by the doctrines of res judicata and waiver. According to the petition, petitioner's conviction was affirmed by the Appellate Court on December 22, 2003. It is well established law in Illinois that

1

# David H. Norris
*Attorney at Law*
407 South Dearborn Street
Suite 1675
Chicago, Illinois 60605
312-697-0022
Facsimile: 312-697-0812

August 29, 2005

Lillian Daniels
7624 S. May
Chicago, IL 60620

Floyd Brady
10841 S. Longwood Dr.
Chicago, IL 60643

Dear Lillian and Floyd,

Enclosed please find a copy of the State's Motion to Dismiss and the draft of Charle's Amended Petition. I have already sent Charles the documents and will file the final version once Charles has approved it.

Please contact me if you have any questions.

Sincerely,

David H. Norris

Exhibit "2"

```
STATE OF ILLINOIS  )
                   ) SS
COUNTY OF C O O K  )
```

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

```
PEOPLE OF THE STATE OF ILLINOIS,  )
                                   )
         Plaintiff,                )
                                   )
vs.                                )    No. 00 CR 07104
                                   )
CHARLES DANIELS,                   )    Honorable Judge Thomas
                                   )    Davy, Presiding.
         Defendant.                )
```

### AMENDED POST-CONVICTION PETITION

NOW COMES your Defendant, CHARLES DANIELS, by and through his attorney, DAVID H. NORRIS, and hereby respectfully amends Defendant's original *pro se* petition for post conviction relief and requests that this Honorable Court grant this petition for post conviction relief and vacate Defendant's conviction. In support thereof, Defendant state the following:

1) After a bench trial, Defendant was convicted of the burglary of Nora Elson's apartment building located at 8232 and 8234 South Eberhart, in Chicago, Illinois.

2) Defendant was sentenced to eight years as a Class Offender.

3) Defendant appealed to the Illinois Appellate Court and on December 22, 2003, under docket number 02-2905, the Appellate Court affirmed Defendant's conviction and sentence.

EXHIBIT "3"

```
STATE OF ILLINOIS      )
                       ) §
COUNTY OF COOK         )
```

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – CRIMINAL DIVISION

```
PEOPLE OF THE STATE OF ILLINOIS   )
            Respondent            )
                                  )
        vs                        )   P.C. NO. 00CR 07104
                                  )   HONORABLE THOMAS DAVY
CHARLES DANIELS                   )   Judge Presiding
            Defendant             )
```

## PEOPLES RESPONSE TO AMENDED POST-CONVICTION PETITION

Now comes the People of the State of Illinois, by and through their attorney, Richard A. Devine, State's Attorney of Cook County, through his assistant, John Haskins, and respectfully moves this Honorable Court to dismiss the petition for post-conviction relief for the following reasons:

1. The respondent incorporates the original motion to dismiss into this response.

2. In the Amended Post-Conviction Petition, the petitioner argues ineffective assistance of trial and appellate counsel's. This allegation is based on hindsight rather than counsel's perspective at the time of counsel's conduct. Petitioner's argument is based on the erroneous assumption that based on the victim Nora Elston's direct examination, the State would be unable to prove the crime of burglary.

3. The petitioner's trial attorney Dennis Sherman was aware that the petitioner Charles Daniels had given an incriminating statement to police detective James Carlassare on the evening of February 12, 2000. At the time that Mr. Sherman cross-

Exhibit "4"

1

IN THE

<u>UNITED STATES DISTRICT COURT FOR THE</u>

<u>NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION</u>

UNITED STATES OF AMERICA ex. rel.
<u>CHARLES DANIELS</u>          )
         Petitioner,     )
                         )
                         )
         v.              )   CASE NO.   07 C-6475
                         )   The Honorable
<u>DAN AUSTIN</u>, Warden       )   HARRY D. LEINEWEBER
<u>Pinckneyville Corr. Center</u>)   Judge Presiding.
         Respondent.     )

PROOF/CERTIFICATE OF SERVICE

| TO: CLERK OF THE COURT | TO: ILLINOIS ATTORNEY GEN. OFFICE C/O- ATTORNEY ERIC W. TRUETT |
|---|---|
| UNITED STATES DIST. COURTHOUSE C/O-PRISONER CORRESPONDENCE | 100 WEST RANDOLPH ST- 12 TH FL. |
| 219 SO. DEARBORN ST. | ASST. ATTORNEY GENERAL |
| CHICAGO, ILLINOIS 60604 | CHICAGO, ILLINOIS 60601=3218 |

PLEASE TAKE NOTICE that on **FEBRUARY 5TH**, **2008**, I have placed the attached document(s) in the institutional mail at Picneyville C.C. properly addressed to the parties listed above for mailing through the United States Postal Service at: Pinckneyville Corr. Center, <u>PETITIONERS RESPONSE IN OPPOSITION TO RESPONDENTS SPECIOUS MOTION TO DISMISS,</u> per Rule 3 (d) of Section §§ 2254.

I swear that I mailed the attached document(s) as above addressed under penalty of law.

So Sworn
*Charles Daniels*
PRO SE, # N-63102
P.O. Box 999
Pinckneyville, Illinois 62274