File Date: _May 15, 2008_

Case No: _O7 cv 6475_

ATTACHMENT # _____

EXHIBIT _____ 5 _____

TAB (DESCRIPTION) _____

STATE OF ILLINOIS )
)
)
) SS
)
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CRIMINAL DEPARTMENT—FIFTH MUNICIPAL DISTRICT

THE PEOPLE OF THE )
STATE OF ILLINOIS )
)
Plaintiff, )
vs. )   NO.  00 CR 07104
)
**Charles Daniels,** )
Defendant. )

## REPORT OF COMPLIANCE

I, Christina Martinez, Supervisor, Official Shorthand Reporter of the Circuit

Court of Cook County, do hereby certify that on the 2nd day of November, 2006

the Original of the Report of Proceedings in the above entitled cause was filed

with the Clerk of this Court.

Christina Martinez, Supervisor
Fifth District, Bridgeview

| A- Sharon McClain | 7-27-2004 | filed w/o |
|---|---|---|
| B- Jean McCarthy | 12-17-2004 | 4 pgs. |
| C- Jean Salerno | 3-18-2005 | 4 pgs. |
| D- Beth Proietti | 6-24-2005 | 6 pgs. |
| E- Angela Jackson | 8-26-2005 | 4 pgs. |
| F- Angela Jackson | 10-28-2005 | 5 pgs. |
| G- Michelle Thomas | 1-27-2006 | 4 pgs. |
| H- Sheri Hodorowicz | 2-24-2006 | 4 pgs. |
| I- Judy Lucas | 4-28-2006 | 5 pgs. |
| J- Jean Salerno | 5-26-2006 | 4 pgs. |
| K- Jean McCarthy | 7-28-2006 | 5 pgs. |
| L- Liz Ciszewski | 8-11-2006 | 12 pgs. |

(Rev. 10/30/00)  CCCR 0056

**STATE OF ILLINOIS**
**COUNTY OF COOK** } ss:

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of ___ A ONE VOLUME RECORD CONSISTING OF THE REPORT OF PROCEEDINGS;ONLY. NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE NOTICE OF APPEAL FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO.

06-2769

in a certain cause _____ LATELY _____ pending in said Court, between

The People of the State of Illinois _____ WERE _____, Plaintiffs and

CHARLES DANIELS                           WAS                           , Defendant.

Witness:  DOROTHY BROWN, Clerk of the court, and the Seal thereof, at Chicago in said County, _____ NOVEMBER 14 _____, 2006

_____
Clerk

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# Transcript of  Record
# Appeal
# to

__APPELLATE__      **Court of Illinois**

__FIRST__      **District**

**Circuit Court No.** _____00 CR 7104_____

**Trial Judge** _____THOMAS DAVY_____

**Reviewing Court No.** _06–2769__ / _06 – 2583_____

THE PEOPLE OF THE STATE OF ILLINOIS
_____

**06-2583**

VS.

DANIELS, CHARLES

**FILED**
APPELLATE COURT 1st DIST.
APR 16 2007
STEVEN M. RAVID
CLERK

## from
# CIRCUIT COURT
## of
# COOK COUNTY,  ILLINOIS
### COUNTY DEPARTMENT, CRIMINAL DIVISION

ONE VOLUME
SUPPLEMENTAL RECORD   (CERTAIN RECORD)

**DOROTHY BROWN,**
**Clerk of the Circuit Court**

Per _____DB/PR_____
**Deputy**

(Rev. 1/17/01)  CCCR 0310

EXHIBIT Q

2-C

(Rev. 4/8 /92) CCCR 0051

# UNITED STATES OF AMERICA

State of Illinois   )
Cook County   )  SS.

Pleas, before a branch of the Circuit Court of Cook County, in said County and State, begun and held at the Circuit Court, in said County,   COOK

TWO-THOUSAND
~~ONE THOUSAND NINE HUNDRED~~d and _____SEVEN_____ .  'AND OF THE INDEPENDENCE
OF THE UNITED STATES OF AMERICA, THE TWO HUNDRED AND 'THIRTIETH   YEAR.

Present: Honorable

PAUL P. BIEBEL, JR.

Judge of the Circuit Court of Cook County

RICHARD A. DEVINE......... State's Attorney

MICHAEL F. SHEAHAN......... Sheriff of Cook County

DOROTHY BROWN........................... Clerk

Attest:

And afterwards, to-wit: on MARCH   15,

, ~~INX~~ 2007 ,   there was   ISSUED FROM

in the Office of the Clerk of the Clerk of the Circuit Court of Cook County, Illinois.  COUNTY DEPARTMENT –
CRIMINAL DIVISION. A (ONE) VOLUME SUPPLEMENTAL RECORD CONSISTING OF CERTAIN DOCUMENTS
AN INFORMATION GENERAL NUMBER 00 CR 7104   FOLLOWING TO WIT:

STATE OF ILLINOIS)

COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT      CRIMINAL DIVISION

---

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br>  Plaintiff,     )<br>          )<br>          )<br>CHARLES DANIELS.      )<br>  Defendant.    ) | No. 00 CR 07104__<br><br>THOMAS M. DAVY<br>Honorable Presiding<br>Judge. |

---

## POST CONVICTION PETITION

NOW COMES, CHARLES DANIELS, pursuant to the Illinois Post Conviction Act, 725 ILCS 5/122-1, et/seq. and moves this Honorable Court, on its finding of guilty of Burglary in connection with the above referenced indictment number, seeking relief from the judgment based upon Substantial Constitutional depravations as follows.

In support thereof, the defendant-petitioner states:

1. That the petitioner-defendant is presently incarcerated in the Henry Hill Correctional Center, Knox County, Galesburg, IL

2. That petitioner was charged with one count of Burglary on March 10, 2000, in violation of 720 ILCS 5/19-1(a)(West 2000)[C.24-26]

3. That after a bench trial beginning on June 5, 2002, continuing on July 16, 2002, the petitioner was subsequently found guilty by the Honorable THOMAS M. DAVY, presiding judge.

4. The trial court during sentencing failed as required under Illinois Supreme Court Rule 402, to Admonish petitioner of the Mandatory Supervised release. People v. Day, 224 Ill. Dec. 106 724 N.E. 2d 994, 311 Ill. App. 3d 271 (2000) 2

5. Petitioner filed a direct appeal to the First District Court of Appeal, that was subsequently affirmed on Dec. 22,2003.

6. Petitioner filed for Leave to appeal to the Illinois Supreme Court on march 4,2004, that was later denied on June 23,2004.

7. This petition follows and is based on Substantive constitutional Fifth,Sixth and Fourteenth Amendment violations and are supported along with affidavits, supporting transcripts records & references thereto, sufficient to survive the first stage dismissal threshold requirement necessitating only the " gist" of the Constitutional depravation. People v. Edwards, 197 Ill.2d 239

## STANDARD OF REVIEW.

The Post Conviction Hearing Act 725 ILCS 5/122-1(West 2000) provides a opportunity to raise any allegation of a Substantial deprivation against a defendant's Constitutional rights, and must include certain information, along with affidavit, records, or other evidence supporting its allegations, or shall state why they are not attached. " Any claim of substantial denial of Constitutional  rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3;People v. Mahaffey 194 Ill.2d 154,170 (2000)

After the petition is filed, the trial court examines it to determine if its frivolous or is patently without merit. 725 ILCS 5/122-2.1(a)(2)(West 2000). At this stage, if the court determines that the petition is frivolous or patently without merit, it dismisses the petition. If not, the trial court dockets    2

the petition for further considerations pursuant to section 122-4 through 122-6 725 ILCS 5/122-2.1(b) (West 2000)

At the second stage, the trial court may appoint counsel for an indigent defendant. 725 ILCS 5/122-4. Counsel may seek leave to file amendments to the petition. Also, the State has 30 days to either answer the petition or move to dismiss. 725 ILCS 5/122-5. IF it files a motion to dismiss which is denied, it has  -20 days to answer the petition.

The Trial court may " receive proof by affidavits, depositions, oral testimony, or other evidence " and, in its discretion, may require the petitioner to be brought before the Court for a Hearing. 725 ILCS 5/122-6.

Issue A
## INEFFECTIVE ASSISTANCE OF TRIAL ATTORNEY & APPELLATE

A.    Trial counsel is  ineffective towards his overarching Duty
to advocate the Defendant's cause and to bring to bear such skill
& knowledge as will render the trial a reliable adversarial
testing process, where counsel supplies an otherwise Unproven element
of the crime during his cross-examination of the State's complaining
witness, (R.V 16-17) this Error is ipso facto of the deficiency.

Petitioner-Defendant Charles Daniels, maintains and asserts
that the essence of his Ineffective-assistance claim is that counsel's
representation fell below an objective standard of reasonableness
and so upset the adversarial balance between the Defence and the
prosecution that his trial was rendered unfair and the verdict
suspect.**Kimmelman v. Morrison,** 477 US 365,374, 106 S.Ct. 2574
When a defendant complains of the ineffectiveness of counsel's
assistance, the defendant must show that counsel's representation
fell below objective standards of reasonableness and that there is
a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
**People v. Albanese**, 104 Ill. 2d 504,525, 85 Ill.Dec.441,473 N.E.1246

The United States Supreme Court holding in **Strickland v.Washington**
466 US 668, 104 S.Ct.2052,2064,80 L.ed 2d 674(1984) contains two
components to any ineffective assistance claim: (1) deficient
performance and (2) prejudice. **Lockhart v.Fretwell**, 506 US 364
113 S.Ct.838,842,(1993) and **Petitioner Daniels**, in this instant
matter, believes that both requirements of the Strickland test have
been satisfied through trial counsel's eliciting testimony which
established and proved a material and essential element of the State's
case-in chief. Appellate counsel for having failed to include.

-4-

The crux of petitioner Charles Daniels' Sixth Amendment(VI), complaint is that his trial attorney elicited from the State witness testimony during cross-examination that established/proved a critical element and irreparably prejudiced the defendant during trial and during appellate review, where the intermediate court specifically referenced the following coloquy in its ruling affirming the judgment:

> [Defense counsel]: But you didn't hear this person come up the stairs, did you?
> [Witness]: No.
> Q: And you said you saw the man come into the building and you lose sight of the man when he comes inside the building,right?
> A: Of course.
>
> **********
>
> [Defense counsel]: You didn't see the person leave out the door?
> [Witness]: Yes, I saw him leave.
> Q: How long would you say he was in the hallway of your building?
> A: I'd say three minutes.        ( R.V. 16-17)

Appellate Court Order referencing this Element annexed,p.2,6.

## CONTENTION

Because of trial counsel's cross-examination of this witness being so unprofessional and unreasonable, the witness placed the petitioner in an area that was a building, not a dwelling,which permitted the court to grant a conviction against the petitioner. In fact the State never established whether or not the petitioner had entered into the building and/or remained inside of the building, prior to defense counsel's actions which helped prove

that petitioner Daniels, was in an area that was a non-dwelling
part of the building.  This point was compounded through trial
counsel's blundering which only HIGHLIGHTED & drew attention to
the amount of time speculated that his client was inside the building.

> [Defense counsel]: How long would you say he was in
> the hallway of your building?
>
> [Witness]: I'd say three minutes.
>
> Q: Thirty minutes?
>
> A: Three minutes.
>
> Q: I'm sorry, **three minutes**. And the police arrived, at
> that time you looked---did they look around the building
> after the police arrived?     ( R.V 16-17)
>                    *****             *****

**Prejudice**  is herein established because without the above-
referenced Evidence elicited by Defense counsel, the Court could
not have found defendant guilty as was decided  in People v.Jackson,
(where defense counsel provided Ineffective assistance of counsel
in a drug possession trial when, in cross-examining police officer
he elicited fact that person to whom defendant had pointed after
receiving money from unknown third person reached into paper
bag and gave an object to the unknown person, where the State
had not established that fact in its case-in-chief,and Without
**that evidence** there was nothing to link defendant with the
narcotics found in paper bag.)
People v. Jackson,251 Ill.Dec. 848, 741 NE 2d 1026(Ill App.1 Dist.2000)

Petitioner- Charles Daniels, maintains that trial counsel's
actions were not apart of a(any) valid trial strategy, especially
in light of the totality of the State's theory being off-point:

> " This particular case, the victim testified she lived in
> one apartment, the Defendant burglarized the unoccupied
> apartment.
>
> The people that were supposed to be occupied that,
> there is absolutely no testimony showing anybody intended
>                                         ( R.V. 176 )

to reside in that apartment in the near future and based upon her testimony that this was an unoccupied apartment, it hadn't been rented out and her testimony shows quite clearly it falls within the statutory definition of a building based on that definition that existed at the time."

Childress was a case involving statutory interpretation on whether or not burglary is a lesser included offense. The Illinois legislature had reversed so to speak that Childress ' opinion by changing statute. ( R.V 176)

It is like the Illinois Supreme Court saying that a cow is a horse.  In fact, if you look at the statute, the statute has since been changed to correct that mistake and that is no longer in there, but rather than argue those two things, I would argue that the statutory definition of dwelling that was in affect at the time the crime indicated that a dwelling is a building even if the persons are not actually residing there, if" absence is intended within a reasonable period of time to reside."

Based upon the testimony of the victim, she didn't live there. She lived across the hall. She never intended to live in that apartment next door.

She owned the building. There is no testimony that any owner intended to reside in that vacant apartment within any reasonable period of time.

The testimony shows quite squarely that the Defendant committed a burglary within the meaning of the statutory definition that existed at the time of the crime.

( R.V 174)

### Testimony of eyewitness

[ State prosecutor]:

Q: Was the apartment across the hall from you at 8234 S.Eberhart occupied at that time?

A: No.sir.

Q: What was the condition of that apartment across the hall?

A:  The condition was that no one was there because the occupant
    had moved out, I had moved some of my things across the hall
    because I was going to do some work in my building, I was
    trying toget them out of the way temporarily.

Q:  Did anybody have authority to be inside your vacant apartment
    at that time and place?

A:  No sir.

Q:  After you heard somebody inside your vacant apartment that
    afternoon what did you do next?

A:  I went back and called the police agains and I told them I
    thought he was gone but now he's in the apartqment. (R.V.6)

Q:  And you never gave that person permission to enter that vacant
    apartment of yours.?

A:  No sir.                                              (R.V. 13)

                    ********        ********

## ARGUMENT

     Based upon the foregoing testimony, there was proof only to
support the material and distinct offense of Residential burglary
rather than Burglary which was " mutually exclusive" under the
People v. Childress ,158 Ill.2d 275,633 N.E.635,stare decisis.
Then, it stands that the above testimony would have also been
insufficient as a matter of law to have supported and satisfied
the necessary elements of the criminal offense of burglary as
alleged in the indictment. People v. Mejia, 187 Ill.Dec.342

     It follows, that as no other competent Evidence had come in
through any other witness regarding the elements of burglary to a
building, that the petitioner was Irreparably Prejudiced through
the constitutionally deficient performance of trial counsel under
both State and Federal standards towards Ineffective assistance.
When  trial counsel " Elicited an otherwise Unproven Element "
------ through his cross-examination he placed the petitioner

                              *a*

inside of the Building, which is/was the responsibility of
the prosecution to have established, not defense counsel against
his own client. R.V.7-8; V 16)

In fact, without the " gift horse" provide to the state by
defense counsel's unreasonable performance, in placing petitioner
inside of the building all that remained was a scenario where the
petitioner had entered and removed personal property without
authority from a vacant apartment. (R.Y-9)

This scenario is in no way Sufficient to have linked the
petitioner inside of the Building as Required under conformity to
Due process of Law, as the "entryway" where the mailboxes   buzzers
were located had only placed petitioner at the front door outside
of the Building(R118-119;128  Inexplicably, without the cross-exam
by defense counsel the Material and DISTINCT Element of ENTRY
inside of the Building had not been established. Moreover,
" but for " trial counsel eliciting of this INCULPATORY statement
from the State witness, the probability is that the result
would have been different.

Finally, Appellate attorney was unreasonable in not including
this Significant and Obvious Issue, where he had no legitimate
strategic reason for failing to have done so, particuarly where
there was no conflict of interest.

### Issue B

Petitioner Daniels's SIXTH AMENDMENT right to NOTICE
of the exact cause & nature of the charge was violated through
the Burglary indictment merely alleging that he knowingly and
without authority entered into a building, the property of Nora
Elston, with the intent to commit a felony or theft therein(C.24-26),
where the Evidence at the Trial showed  TWO DISTINCT ENTRIES
( R. 177-179); one to the vacant unit apartment (R.118-119) and
one into the " common areas " of the building.(R.176-179)

Because the Indictment did not specify which entry was the
basis for the Burglary, it lacked the specificity necessary to bar
a subsequent prosecution for the same conduct.

**People v. Walker**, 61 Ill.App.3d 891, 378 N.E.2d 607
( Burglary indictment that alleged intent to commit " a theft or
felony" was held defective. The evidence at trial showed two,
distinct enteries- one to commit theft and one to commit rape.
Because the indictment did not specify which entry was the basis
for the burglary charge, it lacked the specificity necessary to
bar a subsequent  prosecution for the same conduct.)
**People v. Thingwold**, 145 Ill.2d 441,448,584 NE 2d 89,91, 164 Ill
Dec. 877

The Defence argued to the trial court that the entire building
was a " dwelling " within the meaning of the residential burglary
statute. ( R.170-172)

The State responded by arguing that the apartment was vacant
at the time of this offense, and that nobody had planned to live
in that apartment within a reasonable amount of time(R.172-173).
Additionally the State added that at the time of trial the statute
had already been corrected, relative to these offenses( simple
burglary and residential burglary) having been " mutually exclusive"
under the Illinois Supreme court holding in **People v. Childress**,ibid

The trial court ruled according to the report of the proceedings
that there were " two distinct entries ", the first into the building
at 8234 S.Eberhart, and the second into the first floor apartment
of that building. ( R. 176-179 )

The trial court along with the appellate court both conceded
that entry into the Buildings' vacant apartment unit was a
residential burglary and that had never been charged. ( R.176-179)
The court went on to hold that the petitioner was guilty based
on the " **distinct entry** " into the " common areas " of the building
as opposed to the distinct entry to the vacant apartment(R.176-179)

## ARGUMENT

Petitioner-Defendant Charles Daniels, SIXTH AMENDMENT protection
guaranteed under the United States Constitution, were violated here
in the Defective indictment failing to have provided defense counsel
or the defendant with NOTICE of the exact cause & nature of which
" Distinct· entry " into the building formed the basis for the
Burglary and in the Indictment lacking the specificity necessary
to have barred a subsequent prosecution for the same conduct.
Ergo, this conviction must need be reversed, as a matter of State
and Federal laws. Moreover, the petitioner challenges the sufficiency
of the charging instrument for its failure to correctly have
alleged the offense. While technical defects in a charge are
waived if not challenged in the circuit court, People v. Clark,
30 Ill.2d 67,73, 195 N.E. 2d 157; the argument that a charge is
VOID is one that can be raised at any time, regardless of whether
the alleged error is properly preserved for review, because an
allegation that a charge is void is an allegation of a Substantial

Defect that cannot be waived. Illinois supreme court rule 615(A) As the Illinois Supreme Court held in <u>People v. Pujoe,</u> 61 Ill. 2d 335, 339,335 N.E.2d 437, the ommission of a material element does not render a charge void, a charge will be held :

> " sufficient if it apprised the accused of the precise
> offense charged with sufficient specificity to prepare
> his defense and allow pleading a resulting conviction
> as a bar to future prosecution arising out of the same
> conduct."

## CONCLUSION

As it stands, the SIXTH AMENDMENT(VI), guarantee that a defendant be fully informed of the charge against him and the FIFTH AMENDMENT (V), guarantee of the right to a indictment by a grand jury and its DOUBLE JEOPARDY bar, requires at a minimum that the indictment adequately apprises the defendant of the <u>EXACT NATURE</u>, of the charge and cause of the criminal accusation, so that he can prepare his defence to avoid surpises, such as here, and that , if future proceedings are brought against him for a similar offense, the trial record would show to what extent the defence of double jeopardy is available as a bar to subsequent prosecution arising out of the same conduct. Petitioner Prejudiced From This "<u>Duplicity</u>".

S.H.A. Const. Art.1§8; 725 ILCS 5/111-3(a)

U.S.C.A§. Sixth Amendment(VI); Fifth Amendment(V)

<u>Poeple v. Meyers</u>, 196 Ill. Dec. 646,630 NE 2d 811,158 Ill.2d 46;

<u>People v. Smith</u> , 227 Ill.Dec. 287,876 N.E.2d 1121,337 Ill.App 819
(2003 4th Dist.)

Appellate attorney was clearly Ineffective for failure to have raise this obvious Constitutional vioaltion that had been presented to him by petitioner in pro se brief, prior to filing direct appeal.

## Issue C

The trial court violated the petitioner's SIXTH AMENDMENT Guarantee to a fair and impartial trial, where because the State's theory of the case was insufficient as a matter of Law to support a conviction, the Trial court demonstrated partiality by its ruling and advocation  that neither the State or the Defense had raised.

People v. Edwards, 183 Ill.Dec.543, 243 Ill.App. 3d 280
People v. Gresham,432 NE 2d 654, 59 Ill.Dec 868
( where a conviction may not be affirmed if the state merely proves
  at trial that defendant committed offense under alternative
  but uncharged theory of the case.)

In the instant matter, the State's theory and argument succintly was that the petitioner committed the offense of Burglary through his entry and theft inside of a vacant apartment; establishing their case through the Testimonial evidence of Nora Elston, that (1) the apartment was unoccupied at the time of the crime(R.V-6) and (2) Mrs. Elston, did not give permission to the petitioner to enter or authorization to remove her property from inside of the unoccuped apartmentunit.(R.V 13)

It is. through the Bright Line, advocation of People v. Maskell, 304 Ill.App.3d 77, 710 NE 2d 449(2nd Dist.1999),ipso facto, that the petitioner was denied a impartial trial. Specifically, Maskell is inapposite to this case, where in Maskell,a State witness testified that nobody gave permission to that defendant to have entered the apartment and take a television. Further, a Thomas Preston testified, that he never gave permission to that defendant to have entered the six-flat aprtment building unit.Maskell, 237 Ill.Dec. at 821

In the instant matter NOBODY testified that the petitioner DID NOT HAVE PERMISSION OR AUTHORITY to have entered the Building. During neither requested Directed verdict, or subsequent proceedings did the State ever provide for the record any(R.X18,19,20)

TESTIMONIAL EVIDENCE, that the petitioner was denied permission or authority as a matter of Law, into the Building as is required to satisfy State and Federal Due process under the United States Fourteenth Amendment (XIV)

People v. Heper, 132 Ill.App.3d 705, 477 N.E. 2d 768,773

People v. Baker, 59 Ill.App. 3d 100, 375 N.E.2d 176

( which held that the fact of an unauthorized entry must be proved separately from the fact of any entry with wrongful intent.)

People v. Weinstein, ( 1966), 35 Ill.2d 467, 220 N.E. 2d 432

( holding that in a criminal trial it is the burden of the prosecution to prove beyond a reasonable doubt all material facts of the offense as charged by the Indictment.)

It is the crux of petitioner Charles Daniels' contention that PLAIN ERROR of the trial court have denied him a fair and impartial trial and has further vitiated this conviction. Specifically,

" Essential allegation of a indictment Must be proved without variance and Cannot be Inferred."

People v. Mosby, 185 NE 2d 152, 25 Ill.2d 400 ( 1962)

People v. Jamison, 235 N.E. 2d 849, 92 Ill.App. 2d 28;

People v. Johnson, 339 N.E. 2d 325, 34 Ill. App. 3d 38, reversed.

People v. Clark, 389 N.E. 2d 911, 71 Ill.App. 3d 381

( where essential allegations of an indictment must be proved without variance and an essential element of a crime cannot be inferred but must be established with positive proof." )

In order to vitiate a conviction, petitioner is cognizant that it must be based on a faulty indictment, where there is a variance between the allegations in the charging instrument and the proof at trial which is Material.

In support of the variance between the allegation in the charging instrument and the proof received in this trial being contrasted are the following Illinois cases.

People v. Godina, 165 Ill.Dec. 344, 584 N.E. 2d 523;

People v. Durdin, 244 Ill.Dec. 524, 312 Ill.App.3 4, 726 NE 2d 120;

People v. Daniel, 219 Ill.Dec. 183, 283 Ill.App.3d 1003, 670 NE 2d 861;

People v. Santiago, 216 Ill.Dec. 320, 279 Ill.App.749, 665 N.E.2, 380;

People v. Weber, 201 Ill.Dec 470, 264 Ill.App 457, 636 N.E 2d 902;

## CONTENTION

At the time of this Trial, the court misapprehended the distinguishing Linchpin that created reasonable doubt on the essential element of this crime, in contrast to People v. Maskell 304 Ill.App.3d 77(1999), which was specifically referenced.

Rather, in Maskell, a State witness TESTIFIED for the record that nobody gave permission or authority to the defendant to have entered the apartment and take a television set. FURTHER, Mr.Thomas Preston, TESTIFIED, that he never gave permission or authority to that defendant to have entered the six-flat building. 237 Ill.Dec. at 821.

Petitioner likens his constitutional violation to a defendant charged with armed robbery and at the trial the State only elicits testimony that the perpetrator unlawfully took control of that victims personal property, without eliciting a single question to have established whether the offense was committed while armed with a dangerous weapon. In the instant matter(Subjudice)the State's error is fatal, as to permission ●R authority to have entered the building.

In fact, by the State having utterly failed to have established on the Record, TESTIMONIAL proof to conform to the charged alleged, the State therein failed in its burden of proof.  It follows, that where as here the State's THEORY is totally devoid of compentent evidence upon the Material & Essential elements for Burglary this conviction must be reversed.

As the Illinois Supreme Court has long ago stated in the case People v. Mosby, 185 N.E. 2d 152

> " An essential element of proof to sutain a conviction cannot be Inferred  but must be established.
> The fact that this proof might have been elicited by a Single Question, is beside the point since it was not done.  Because of the failure of the People to prove an Essential allegation the judgment is reversed."

Finally, Appellate attorney is Ineffective for his failure to have raised this obvious Constitutional violation that would have presented no conflict of interest to him or his office, and where there was no strategic reasons for having not done so.  As there is never any reason for not including a DUE PROCESS OF LAW VIOLATION, that is obvious.

## Issue D

Petitioner Daniels was denied a fair & impartial trial through application of a statutory amendment that affected his Substantive rights, where neither the State nor the Trial court rebutted the presumption of prospectivity, that resulted in a violation of State of Illinois and Federal Ex Post Facto laws, in light of the petitioners' reliance on the law as it existed prior to his irreparable detriment.

Petitioner further asserts that the trial court committed reversible error through its misapprehensive application of **Public Act 91-928**, effective June 1, 2001, that allowed a burglary charge to be sustained upon the proof of residential burglary offense and/or where " **the person without authority, knowingly entered or remained within a building**★★★★ or any part thereof with intent to commit a felony or theft." 720 ILCS 5/19-1(a)(2002)

Rather than under Public Act 91-360, the purview under which the petitioner's criminal conduct fell. Public Act 91-360, Statutory construction language mandated, under <u>People v. Childress</u>, 158 Ill.2d 275, 302 (1994), inter alia, that a Building was either a dwelling residence or one whose "character type" 'made it unoccupiable  to live in, and more applicable  to buildings such as " business or public buildings or other buildings open
> to the public during which the authority to enter was with a purpose consistent with the reason the building was open. " e.g., <u>People v. Boose,</u> (1985),139 Ill.App.3d 471
> 94 Ill.Dec. 211,437 N.E. 2d 1085

Childress, held also, that the offenses residential burglary and burglary were " mutually exclusive" <u>Childress</u>, 158 ILl. 2d 275, 302

Long before    Childress, in People v. Jones, 114 Ill.App.
3d 576, 70 Ill.Dec. 418, 449 N.E. 2d 547, it has remained
fundamental to the Illinois Judicial system that:

" once the Illinois Supreme Court declares the law on

a particular issue, its decision is binding on all

Illinois courts."

Inspite of this Stare decisis of Childress opinion, the trial court
here abused discretion, showing partiality towards the State in
failing to follow the Illinois Supreme court directive towards
Mutually Exclusive offenses, and its crystal clear holding that
a structure is either a dwelling place or not. Childress, 158Ill.302
Moreover, the trial court from its defacto application of the
current statutory language for the burglary offense under P.A. 91-928,
has aberrantly through its ruling essentially " parsed out and
segregated common areas from dwelling areas.",  where there was
no Statutory discretion Dejure, to do so while Childress, remained
as controlling rule of Law on this Issue towards residential unit
apartment building cases.

In fact, through retrospectively  employing the ruling of
People v. Maskell, the trial court erroneously interpreted the
Childress holding, i,e, ( that a building is either a dwelling
residence or not), and therein worked ''actual & substantive ''
disadvantage against the petitioner being given  a fair trial.
The Maskell ruling remains inapposite to the Legitimate rule of Law
towards residential apartment buildings, at the time of this crime;
People v. Silva, 256 Ill.App. 3d 414, 628 N.E. 2d 948
People v. Suane, 164 Ill.App. 3d 997, 518 N.E.2d 458,(1st.Dist.1987)
People v. Quiver,205 Ill.App. 3d 1067, 1071-1072, 563 NE 2d 991

## CONTENTION

Petitioner Daniels, contends that his Unauthorized entry
was to a residential " character typed " apartment building,
that applied to the Entire building including the common areas,
under applicable statute on February 12, 2000; <u>Childress</u>, 158 Ill 302.
and  that the Statute excluded from the Burglary offense THIS
type of Building from this offense. For example see, <u>People v.Blair</u>,
166 Ill.Dec.631, 586 N.E.2d 589; <u>People v. Bales</u>,108 Ill.2d 182,190,
483 N.E. 2d 517(1985) (holding that " to determine if a building
is a dwelling depends on how the structure is actually used instead
of the Structure's design.)

The trial judge's ruling came as a total surpise to the defense,
in that the **requisite**  standard to convict was lowered, resulting
in less and different evidence being accepted before the trier
of fact, upon a other wise Defective indictment.  In fact under
statute P.A. 91-928, the added language lessened the culpable
standard needed to convict for simple burglary in the words:

" <u>entry or remaining in any part thereto of a building</u>."
However, under P.A. 91-360, the LEGITIMATE standard for analysis
herein, the same evidence accepted by the Trial court ruling under
<u>Maskell</u>, still required proof on each of these "distinct" and
"separate" entries into the building to satisfy Due Process of Law,
<u>which was not done</u>. Neither did the trial court receive any type
of testimony <u>limiting or stating</u> that the petitioner had no authority
whatsover to enter as to either <u>time or purpose</u>. <u>People v. Meeker</u>
86 Ill.App. 3d 162, 407 N.E. 2d 1058( where conviction reversed
because the evidence failed to prove that the entry was in fact
unauthorized. There was no testimony limiting the defendant's

The petitioner's Defence was prepared for the State's theory as alleged in the indictment, that the plaintiff's " entry into the vacant apartment unit constituted burglary, and not residential burglary, because the apartment was not being used as a dwelling." ( R.V. 172-173 )

The State Appellate prosecutor's office's also argued this identical position: (State's Br., at 15-16,citing, People v. Bales, 108 Ill.2d 182, 190, 483 N.E. 2d 517(1935) holding that:

" to determine if a building is a dwelling depends on
   how the structure is actually used instead of the
   structure's design.)
and also, " the key inquiry is the intent of the owner to
      reside in the building within a reasonable period
      of time after his absence." People v. Smith, 209 Ill.
App. 3d 1091, 1096, 568 N.E. 2d 417 [ State's Br. at 15-16]

The Trial prosecutor's argument" that the Illinois legislature had reversed itself and that Childress opinion by changing statute.. ( R.V. 176,L21-24).

" Defense counsel could not make that argument today because the statute has been changed. So that in affect calls into question the Childress decision.
THE COURT: What, the residential?
MR. RONKOWSKI: Took out the offending language that counsel quotes about the the charges being mutually exclusive.
   Under Current Statute, specifically the statute now reads under residential burglary, this offense includes the burglary as defined under 19-1, that is currently in the statute."
THE COURT: When did that take affect?
MR. RONKOWSKI: Makes no difference because_____
THE COURT: Why doesn't it make a difference, you can't be charged with something in the statute in affect is the one that was in affect on the date of the incident?

Mr.Ronkowski: What the Illinois Legislature is saying,is that if
the Illinois Supreme Court misinterprets our intent we're going
to make it quite clear what our intent was, but you don't even
get to Childress. It is strictly what was the law at the time.
THE COURT: What was the law at the time?
Mr.Ronkowski: The law at the time was if I could have these back
if no owner intended to occupy that apartment within a reasonable
period of time, it is not a dwelling. It is a building and the
owner of the building did not intend to occupy that apartment.
She lives next door. It is an issue of statutory construction.
It was vacant. It is being renovated and falls clearly within
the provision where there is no owner intending to occupy that
vacant unit at the time. ( R. 177-178)

## SUMMARY

Based on the foregoing contention that the State failed to
establish the requisite proof towards the charged offense of burglary
( Argument C,supra), and the trial court accepting a different degree
of proof other than that which was required under Public Act 91-360,
the petitioner was " constructively " prejudiced.    Moreover, the
trial court's ruling had the same affect as altering the rules of
evidence, through the trial prosecutor's argument to the Court that
the Illinois Legislature had reversed itself & the Childress opinion
through Public Act 91-928 ( R.V. 176 )

Similarily, the State has here essentially been allowed to
charge the petitioner with a burglary in March of 2000,violative
of 720 ILCS 5/19-1(a)(West 2000), and then because the State doesn't
until after the June 5th 2002, trial proceeding recognize that the
testimonial evidence elicited by its eyewitness was Incongruent
towards satisfying the definition in effect of burglary on the
date of this offense(February 2000, under Public Act 91-360);
in Bias and Partiality against the petitioner's Constitutional
SIXTH AMENDMENT (VI) protection and guarantee, the trial court
appears to " Rescue " the State prosecutor from its dissipating
theorectical underpinning that:

> "entry into the vacant apartment unit where no owner had
> intended to reside within a reasonable period of time."
> (R.174-176)

was Sufficient to satisfy Due process.

In conclusion, the petitioner maintains that the Affect of the trial judge's Advocation of Maskell and a " Entry" , that had never been specified in the indictment nor alleged at any prior proceeding, nor even raised by the prosecutor during its entire arguments, consequently lacked the specificity to have avoided placing him in total surprise and in Danger of Double Jeopardy.

Additionally, the ruling violated the petitioner's FIFTH & SIXTH Constitutional protections ( V)(VI), as it is well settled as matter of Law that " any law which alters the rules of evidence applicable in a given case", so that under the new law( **Public Act 91-928**) that the prosecutor argued was applicable;

> "Under **CURRENT STATUTE**, specifically the statute now reads under residential burglary, this offense includes the burglary as defined under 19-1, that is currently in the statute." ( R.176,177,178)

coupled along with the trial court's advocation and subsequent ruling - **Maskell**, having had the same affect, of receiving of less or different evidence and testimony being made admissible to convict the offender than was required prior to the Statutory amendment, is violative of **EX POST FACTO**.

Especially, where as here the petitioner had relied on the Law in effect on the date of this offense rather than that effective after June 1,2001 as declared under Public Act 91-928, as his defence to his irreparable disadvantage and detriment. U.S. Const. Amendment 5 & 6; Illinois Const. 1970,artI,ß 8; U.S. Const. Art. 1 ß 9,cl.3;Art 1 ß 10;

**Weaver v. Graham**, 450 US 24

**Fiore White**, 531 YS 225, 121 S.Ct. 712

**Vachon v. New Hampshire**, 414 US 478

23

WHEREFORE, the Petitioner prays (1) that his cause be docketed for hearing according to law, (2) that counsel be appointed, (3) that leave to proceed in this cause as a pauper be granted.

Respectfully submitted:

x _Charles L. Daniels_
PETITIONER

STATE OF ILLINOIS)
　　　　　　　　　) SS
COUNTY OF KNOX )

## CERTIFICATION

I, CHARLES DANIELS, a prisoner incarcerated in the Illinois State Penitentiary, HILL CORRECTIONAL CENTER, have read and understand the above Petition for Post-Conviction Relief and certify that the facts contained therein are true and accurate except those matters stated to be upon information and belief and, as to such matters, I certify as aforesaid that I verily believe the same to be true.

Dated:

x _Charles L. Daniels_
PETITIONER

Charles Daniels
No. N63102
Illinois Department of Corrections
Hill Correctional Center
600 South Linwood Road
P.O. Box 1700
Galesburg, Illinois 61402

24

STATE OF ILLINOIS

COUNTY OF KNOX                    ) SS
                                 )

AFFIDAVIT

1. CHARLES DANIELS                , Inst. No. N63102
_____, hereby declare under penalty of perjury that the
following is true and correct based upon my personal knowledge and
that I am competent to testify thereto if called upon as a witness.

THAT DURING THE CRIMINAL MATTER 00 CR 07104, MY SUBSTANTIVE

FEDERAL AND STATE OF ILLINOIS CONSTITUTIONAL 5th,6th and 14th

AMENDMENTS WERE VIOLATED DURING THE BENCH TRIAL, THAT HAVE NOT

BEEN ADJUDICATED. THERE IS A REASONABLE PROBABILITY THAT THE OUTCOME

WOULD HAVE BEEN DIFFERENT, BUT FOR, TRIAL COUNSEL"S ERRORS,

CONSEQUENTLY THE STATE WAS PROVIDED WITH OTHERWISE UNPROVEN

ELEMENTS OF THIS OFFENSE.  ADDITIONALLY, APPELLATE COUNSEL WAS

UNREASONABLE IN NOT INCLUDING THE FOLLOWING ISSUES ON DIRECT

APPEAL WHERE THEY WERE MENTIONED IN A TIMELY FASHION PRIOR TO

THE DIRECT APPEAL BEING FILED : SUBSTANTIVE CHARGING INSTRUMENT

DEFECTS OF THE INDICTMENT: DUE PROCESS VIOLATIONS & EX POST FACTO

VIOLATIONS, WERE NOT INCLUDED. ALSO, SIXTH AMENDMENT FAILURE TO

HAVE BEEN PROVIDED NOTICE IN INDICTMENT OF ELIGIBILTY OF THE

EXTENDED TERM BEING IMPOSED, NOT AS A APPRENDI ISSUE, BUT 6th Amend.

_Charles Daniels_
AFFIANT

Signed before me on this 30 day of
June , 20 04 .

_Fernand E. Palmer_
NOTARY PUBLIC

OFFICIAL SEAL

STATE OF ILLINOIS    )
                          ) SS
COUNTY OF _KNOX_   )

## AF FIDAVIT

I, _CHARLES DANIELS_, Inst. No. _N~63102,_
_#00CR7104_, hereby declare under penalty of perjury that the
following is true and correct based upon my personal knowledge and
that I am competent to testify thereto if called upon as a witness.

IN the Months prior to TRIAL IN CRIMINAL # 00 CR 7104,
ATTORNEY DENNIS H. SHERMAN, STATED that A plea offer OF
(15) YEARS had BEEN offered ON Both 99 CR 9919 AND
00 CR 7104. I elected only TO TAKE (12) YEARS ON 99 CR 9919
proceeding TO TRIAL ON OTHER, BECAUSE OF THE ANTICIPATED
TESTIMONY OF THE COMPLAINANT. ON JUNE 5, 2002, I
explained MY REASON And BELIEF that the TESTIMONY
HAD FAILED TO PLACE ME INSIDE BUILDING AS ALLEGED
IN INDICTMENT. I WAS SHOCKED AFTERWARDS WHY
MY ATTORNEY CROSS-EXAMED AS HE DID THIS WITNESS.
THERE WAS ONLY ONE REASON TO HAVE ELICITED
THIS INCULPATORY EVIDENCE, WHICH THE STATE HAD
FAILED TO DO SO AS TO SATISFY THE INDICTMENT'S
ALLEGATION. MY LAWYER WAS INEFFECTIVE FOR THIS ACTION.

_Charles Daniels_
**AFFIANT**

Signed before me on this _6th_ day of
_Oct._, 20 _04_.

_[signature]_

"OFFICIAL SEAL"
Mark G. Spencer
Notary Public, State of Illinois

STATE OF ILLINOIS    )
                     )   SS
COUNTY OF C O O K    )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,    )

       Plaintiff,

vs.                                    No. 00 CR 07104

CHARLES DANIELS,                       Honorable Judge Thomas
                                       Davy, Presiding.
       Defendant.

### DEFENDANT'S REPLY TO PEOPLE'S RESPONSE
### TO DEFENDANT'S AMENDED POST-CONVICTION PETITION

NOW COMES your Defendant, CHARLES DANIELS, by and through

his attorney, DAVID H. NORRIS, and hereby respectfully submits

this Reply to the People's Response to Defendant's Amended

Petition for Post-Conviction Relief.  Defendant requests that

this Honorable Court deny the State's motion to dismiss and,

instead, that the Court set this matter for an evidentiary

hearing on the merits of Defendant's claims.  In support thereof,

Defendant states the following:

1.    The State's Response was filed on January 17, 2006.
      Defendant was scheduled to file a Reply, if any, by
      February 24, 2006.

2.    Counsel apologizes for the tardiness of this Reply, but
      Defendant's case has merit and the untimeliness of this
      pleading should not preclude the Court from considering

-1-

22

the substance of Defendant's Reply.

### **ARGUMENT**

The State's Response to Defendant's Amended Post-Conviction Petition is disingenuous, at best. The State relies, almost entirely, on a police report to support its argument that defense counsel was acting within the purview of "trial strategy." (State's Response, at 1-2) The State knows, as does the Court, that police reports are inadmissible as a matter of law. See generally, People v. Morris, 65 Ill. App. 3d 155, 382 N.E.2d 383 (1st Dist. 1978); People v. Gagliani, 210 Ill. App. 3d 617, 629, 569 N.E.2d 534 (1st Dist. 1991). The report the State references in its Response did not come into evidence at Defendant's trial, nor would it come into evidence at any subsequent trial should the Court see fit to grant Defendant a new trial. For the State to rely on such a document illustrates the overall weakness of its position.

The State claims that trial counsel "was aware that the petitioner Charles Daniels had given an incriminating statement to police detective James Carlassare on the evening of February 12, 2000." (State's Response, at 1) The State attempts to use the police report in question to prove that Defendant made that incriminating statement. Of course, this is completely improper.

Carlassare testified at trial. The proper way to advance the argument the State attempts to make is to cite Carlassare's

-2-

trial testimony.  Or to obtain an affidavit from Carlassare
stating that Defendant made some sort of incriminating statement
and to include the details of that alleged statement.  The
State's only purpose in presenting this inadmissible and
inflammatory police report to the Court is to prejudice Defendant
and his post-conviction petition in the eyes of the Court.

     For that reason, Defendant moves that this Honorable Court
strike the police report attached to the State's motion as an
exhibit and, additionally, strike any reference to that report
contained in the State's Response.

     However, in the event the Court does not strike the police
report from the State's Response, Defendant submits to the Court
that the report offered by the State actually **supports**
Defendant's argument that his trial counsel was ineffective.
Contained in that report are several material inconsistencies
with the testimony adduced at trial.  The report states that Ms.
Elston **saw** Defendant in the hallway of the building and that she
**saw** him walk to the rear of the building.  (State's Response, at
Exhibit 1)  The report also states that Ms. Elson **saw** Defendant
check the door knob of the apartment across the hall and that,
when he could not gain entry, she **saw** Defendant walk back to the
front of the building. (State's Response, at Exhibit 1)  Yet the
trial testimony of Ms. Elston and Detective Carlassare is
curiously devoid of any such events.

Ms. Elston testified that she was in her apartment the entire time.   She saw Defendant come up the walkway and then ring the doorbell to the vacant apartment. (R118-119)   However she saw that as she looked out her front window.   Later she heard rattling from the mailbox in the foyer. (R118-119)   But again, that was heard while she was in her apartment.   Elston called the police when she thought the man was at the front door of her building for about three minutes. (R128)   Elston never testified that she opened her apartment door and saw Defendant or that she ever actually saw Defendant in the building past the mailbox area.   In fact, Elston did not believe that Defendant was ever in the hallway past the security door.   Elston testified that Defendant crawled in through an open window directly into the apartment to gain entry, she said a window must have been open for Defendant to get in ("one of them had to be open for him to come in"). (R136)   So, the statements in Carlassare's police report contradicted Elston's trial testimony, yet she was never questioned about those inconsistencies.

Carlassare testified that he interviewed Defendant at the police station after his arrest and that Defendant stated he knew he was in trouble and that he shouldn't have gone into the apartment. (R151-154)   At no time did Carlassare mention that he interviewed the victim, Ms. Elston.   Notably, Carlassare did not submit his report for about 150 days after Defendant's arrest.

-4-

(R154-155) Significantly, Carlassare was not even questioned about this report.

Both Ms. Elston and Detective Carlassare should have been questioned about the contents of the report. The report was detailed and had significant impeachment value. Yet it was never used by defense counsel. This supports Defendant's contention that defense counsel was ineffective in representing Defendant at trial.

Just as counsel finds it interesting that the State responds by attaching an inadmissible police report to its pleading, counsel finds it equally interesting what the State has chosen not to respond to. The State does not rebut in any meaningful way Defendant's argument that trial counsel elicited testimony harmful to the defense. The State makes no mention of the fact that trial counsel, on cross examination, elicited testimony that helped the State prove a material element of its case. See Defendant's Amended Petition, at 10-15

As such, the State has waived its opportunity to respond to these issues.

### CONCLUSION

For the above reasons, Defendant's post-conviction petition successfully illustrates a deprivation of Defendant's constitutional right to effective assistance of counsel. Defendant prays that this Honorable Court deny the State's motion

21

to dismiss and permit this matter to proceed to an evidentiary
hearing.

                              Respectfully submitted,


                              _____
                              DAVID H. NORRIS
                              ATTORNEY FOR CHARLES DANIELS
                              407 S. Dearborn Street
                              Suite 1675
                              Chicago, Illinois 60605
                              312-697-0022

32

Sep-26-06    09:19am    From-                                          T-102    P.016/029    F-782

02-2905
06-2468
06-2583

06-2769

IN THE CIRCUIT COURT FOR THE _____ FIRST _____ JUDICIAL CIRCUIT

COUNTY DEPARTMENT COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS, )
          Plaintiff-Respondents, )
                             )

**FILED**
CR-526-4
SEP 05 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

                             )
VS.                                  ) Case No. _OO - CR_____
                             )
_Charles Daniels_ , ) Honorable _Thomas_ **FILED**
      Defendant-Petitioner, ) Judge Presiding **APPELLATE COURT 1st DIST.**
                             )

OCT 0 2 2006

### NOTICE OF APPEAL

STEVEN M. RAVID
CLERK

An appeal is taken from the order or judgment described below:

(1) Court to which appeal is taken: _APPELLATE COURT_
_FIRST DISTRICT, 160 N. LASALLE ST, CHICAGO, ILLINOIS_

(2) Name of appellant and address to which notices shall be sent:
Name: _Charles L. Daniels- N63102_
Address: _P.O. Box 900, Taylorville, Illinois 62568_

(3) Name and address of appellant's attorney on appeal :
Name: _PRO SE_
Address: _____

If appellant is indigent and has not attorney, does he want one appointed?
_NO, I WILL PRESENT "PRO SE" BRIEF!!_

(4) Date of judgment or order: _AUGUST 14 2006_

(5) Offense of which convicted: _BURGLARY_

(6) Sentence: _8 YEARS_

(7) If appeal is not from a conviction, nature of order appealed from:
_POST CONVICTION PETITION_

_Charles L. Daniels_
SIGNATURE

32

ORDER

## IN THE APPELLATE COURT, STATE OF ILLINOIS
### FIRST DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,               )
    Plaintiff-Appellee,                         )
                                      )
                                    )
         V.                                     )   NO.  06-2583
                                     )          06-2769
CHARLES DANIELS,                               )       Not Consolidated
    Defendant-Appellant.                        )

**ORDER**

On the Court's own motion, it appearing that appeal 06-2769 duplicates appeal 06-2583;

**IT IS ORDERED** that appeals 06-2583 and 06-2769 are consolidated, and the State Appellate Defender is appointed to represent the defendant in the consolidated appeals. The record for the consolidated appeals shall be filed on or before November 7, 2006.

**IT IS FURTHER ORDERED** that if, after the State Appellate Defender has filed the record and appellant's brief, the defendant would like to file a pro se Motion for Leave to File a Supplemental Brief, he shall forward the Motion, along with his proposed Supplemental Briefs, to the State Appellate Defender for its consideration. The defendant must send his pro se motion and proposed supplemental briefs to the State Appellate Defender within 21 days of the State Appellate Defender having filed the appellant's brief.

Consistent with First District Local Rule 31, defendant shall not send copies of the Motion and proposed supplemental brief to the Appellate Court. Also consistent with Local Rule 31, the State Appellate Defender shall either respond to defendant or file the Motion in the Appellate Court with the proposed supplemental briefs attached. If the State Appellate Defender declines to file the Motion with the Appellate Court, the State Appellate Defender shall forward the Motion and proposed supplemental briefs to the Appellate Court Clerk's office for handling.

**ORDER ENTERED**

OCT 1 6 2006

APPELLATE COURT, FIRST DISTRICT

_____
Justice

_____
Justice

_____
Justice

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT

RECEIVED

OCT 2 5 2006

DOCKETING DEPARTMENT
State Appellate Defender
1ST DISTRICT

RECEIVED

NOV 0 3 2006

DOCKETING DEPARTMENT
State Appellate Defender
1ST DISTRICT

34

ORDER

## IN THE APPELLATE COURT, STATE OF ILLINOIS
### FIRST DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,   )
    Plaintiff-Appellee,   )
                )
         V.   )    NO.  06-2583
                )          06-2769
CHARLES DANIELS,   )          Consolidated
    Defendant-Appellant.   )

### ORDER

    This cause coming to be heard on Defendant-Appellant's pro se "Motion for Reconsideration of Order Appointing State Appellate Defender on the Precise Issue that Appellant Wanted Presented on Direct Appeal But was Rejected and Has Subsequently Been Declared Unconstitutional and a Meritorious Claim;"

    **IT IS ORDERED** that Defendant-Appellant's pro se "Motion for Reconsideration of Order Appointing State Appellate Defender on the Precise Issue that Appellant Wanted Presented on Direct Appeal But was Rejected and Has Subsequently Been Declared Unconstitutional and a Meritorious Claim" is

    ____ **GRANTED**, the Court's 10/16/06 order is vacated, except that appeals 06-2583 and 06-2769 remain consolidated. The State Appellate Defender is withdrawn as counsel, with the exception that the State Appellate Defender remains responsible for filing the record. In accordance with the Supreme Court rules, the pro se Appellant shall file his brief within 35 days of the filing of the record; briefs may not be filed until the record has been filed.

    ✗ **DENIED**, and the Court's order of 10/16/06 stands.

**Name**  Charles Daniels
         N63102
**Attorney for**
**Address**  P.O. Box 900
           Taylorville, IL 62568

ORDER ENTERED
NOV 0 9 2006
APPELLATE COURT, FIRST DISTRICT

Justice _____

Justice _____

Justice _____

RECEIVED
NOV 1 3 2006
DOCKETING DEPARTMENT
State Appellate Defender
1ST DISTRICT

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT

Rev. 2/18/93) CCCR-56

STATE OF ILLINOIS
COUNTY OF COOK } ss

I, DOROTHY BROWN Clerk of the Circuit Court of
Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the
above and foregoing to be a true, perfect and complete copy of . . . A (ONE) VOLUME SUPPLEMENTAL RECORD
CONSISTING OF CERTAIN DOCUMENTS, ONLY. NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE
NOTICE OF APPEAL FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO. **06-2769**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

In a certain cause . . . . . . . . . . LATELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . pending in said Court, between
The People of the State of Illinois . . . . . . . . . . . . . . . . WERE . . . . . . . . . . . . . . . . . . . . . ., Plaintiffs and
. . . . . . . . . . . . . . . . **DANIELS,CHARLES** . . . . . . . . . . . . . . . . WAS . . . . . . . . . . . . . . ., Defendant . . .

Witness: DOROTHY BROWN
. . Clerk of the court, and the Seal thereof, at Chicago
In said County, . . . **MARCH 15,** . . . . . . . . ,2007

Dorothy Brown (P.R.
Clerk

DOROTHY BROWN , CLERK OF THE CIRCUIT COURT OF COOK COUNTY

316

# Transcript of Record

## Appeal

## to



APPELLATE _____ Court of Illinois

FIRST _____ District

Circuit Court No. _____ 00 CR 7104 _____

Trial Judge _____ THOMAS DAVY _____

Reviewing Court No. _____ 06-2583 _____

THE PEOPLE OF THE STATE OF ILLINOIS

### vs.

DANIELS, CHARLES

## from

## CIRCUIT COURT

## of

## COOK COUNTY, ILLINOIS

### COUNTY DEPARTMENT, CRIMINAL DIVISION

ORDER ENTERED
MAY 16 2007
APPELLATE COURT, FIRST DISTRICT

ONE VOLUME
SUPPLEMENTAL RECORD    (CERTAIN DOCUMENTS)

DOROTHY BROWN,
Clerk of the Circuit Court

Per _____ DB/PR _____
Deputy

(Rev. 1/17/01)  CCCR 03

EXHIBIT R

(Rev. 4/8 /92) CCCR 0051

# UNITED STATES OF AMERICA

State of Illinois  )
                   )  ss.
Cook County    )

Pleas, before a branch of the Circuit Court of Cook County, in said County and

State, begun and held at the Circuit Court, in said County,  COOK

TWO—THOUSAND
~~ONE THOUSAND NINE HUNDRED~~ and _____ .SEVEN_____ .  'AND OF THE INDEPENDENCE
OF THE UNITED STATES OF AMERICA, THE TWO HUNDRED AND :THIRTIETH_____ YEAR.

Present: Honorable            PAUL P. BIEBEL, JR.

                              Judge of the Circuit Court of Cook County

                      RICHARD A. DEVINE......... State's Attorney

                  MICHAEL F. SHEAHAN......... Sheriff of Cook County

                  DOROTHY BROWN...........................:Clerk

Attest:

And afterwards, to-wit: on    FEB.  21,

                        , ~~INX~~ 2007 ,   there was   ISSUED FROM

in the Office of the Clerk of the Clerk of the Circuit Court of Cook County, Illinois.  COUNTY DEPARTMENT –
CRIMINAL DIVISION.  A (ONE) VOLUME SUPPLEMENTAL RECORD CONSISTING OF  CERTAIN DOCUMENTS
AN INFORMATION GENERAL NUMBER            FOLLOWING TO WIT:
                        00 CR 7104

```
STATE OF ILLINOIS  )
                   )  SS
COUNTY OF C O O K   )
```

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

```
PEOPLE OF THE STATE OF ILLINOIS,  )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   No. 00 CR 07104
                                  )
CHARLES DANIELS,                  )   Honorable Judge Thomas
                                  )   Davy, Presiding.
            Defendant.            )
```

## **DEFENDANT'S REPLY TO PEOPLE'S RESPONSE TO DEFENDANT'S AMENDED POST-CONVICTION PETITION**

NOW COMES your Defendant, CHARLES DANIELS, by and through his attorney, DAVID H. NORRIS, and hereby respectfully submits this Reply to the People's Response to Defendant's Amended Petition for Post-Conviction Relief.  Defendant requests that this Honorable Court deny the State's motion to dismiss and, instead, that the Court set this matter for an evidentiary hearing on the merits of Defendant's claims.  In support thereof, Defendant states the following:

1.    The State's Response was filed on January 17, 2006. Defendant was scheduled to file a Reply, if any, by February 24, 2006.

2.    Counsel apologizes for the tardiness of this Reply, but Defendant's case has merit and the untimeliness of this pleading should not preclude the Court from considering

-1-

the substance of Defendant's Reply.

## ARGUMENT

The State's Response to Defendant's Amended Post-Conviction Petition is disingenuous, at best. The State relies, almost entirely, on a police report to support its argument that defense counsel was acting within the purview of "trial strategy." (State's Response, at 1-2)  The State knows, as does the Court, that police reports are inadmissible as a matter of law.  See generally, <u>People v. Morris</u>, 65 Ill. App. 3d 155, 382 N.E.2d 383 (1st Dist. 1978); <u>People v. Gagliani</u>, 210 Ill. App. 3d 617, 629, 569 N.E.2d 534 (1st Dist. 1991).  The report the State references in its Response did not come into evidence at Defendant's trial, nor would it come into evidence at any subsequent trial should the Court see fit to grant Defendant a new trial.  For the State to rely on such a document illustrates the overall weakness of its position.

The State claims that trial counsel "was aware that the petitioner Charles Daniels had given an incriminating statement to police detective James Carlassare on the evening of February 12, 2000." (State's Response, at 1)  The State attempts to use the police report in question to prove that Defendant made that incriminating statement.  Of course, this is completely improper.

Carlassare testified at trial.  The proper way to advance the argument the State attempts to make is to cite Carlassare's

-2-

trial testimony.  Or to obtain an affidavit from Carlassare
stating that Defendant made some sort of incriminating statement
and to include the details of that alleged statement.  The
State's only purpose in presenting this inadmissible and
inflammatory police report to the Court is to prejudice Defendant
and his post-conviction petition in the eyes of the Court.

For that reason, Defendant moves that this Honorable Court
strike the police report attached to the State's motion as an
exhibit and, additionally, strike any reference to that report
contained in the State's Response.

However, in the event the Court does not strike the police
report from the State's Response, Defendant submits to the Court
that the report offered by the State actually **supports**
Defendant's argument that his trial counsel was ineffective.
Contained in that report are several material inconsistencies
with the testimony adduced at trial.  The report states that Ms.
Elston **saw** Defendant in the hallway of the building and that she
**saw** him walk to the rear of the building. (State's Response, at
Exhibit 1)  The report also states that Ms. Elson **saw** Defendant
check the door knob of the apartment across the hall and that,
when he could not gain entry, she **saw** Defendant walk back to the
front of the building. (State's Response, at Exhibit 1)  Yet the
trial testimony of Ms. Elston and Detective Carlassare is
curiously devoid of any such events.

-3-

Ms. Elston testified that she was in her apartment the entire time.  She saw Defendant come up the walkway and then ring the doorbell to the vacant apartment. (R118-119)  However she saw that as she looked out her front window.  Later she heard rattling from the mailbox in the foyer. (R118-119)  But again, that was heard while she was in her apartment.  Elston called the police when she thought the man was at the front door of her building for about three minutes. (R128)  Elston never testified that she opened her apartment door and saw Defendant or that she ever actually saw Defendant in the building past the mailbox area.  In fact, Elston did not believe that Defendant was ever in the hallway past the security door.  Elston testified that Defendant crawled in through an open window directly into the apartment to gain entry, she said a window must have been open for Defendant to get in ("one of them had to be open for him to come in"). (R136)  So, the statements in Carlassare's police report contradicted Elston's trial testimony, yet she was never questioned about those inconsistencies.

Carlassare testified that he interviewed Defendant at the police station after his arrest and that Defendant stated he knew he was in trouble and that he shouldn't have gone into the apartment. (R151-154)  At no time did Carlassare mention that he interviewed the victim, Ms. Elston.  Notably, Carlassare did not submit his report for about 150 days after Defendant's arrest.

-4-

(R154-155)  Significantly, Carlassare was not even questioned about this report.

Both Ms. Elston and Detective Carlassare should have been questioned about the contents of the report.  The report was detailed and had significant impeachment value.  Yet it was never used by defense counsel.  This supports Defendant's contention that defense counsel was ineffective in representing Defendant at trial.

Just as counsel finds it interesting that the State responds by attaching an inadmissible police report to its pleading, counsel finds it equally interesting what the State has chosen not to respond to.  The State does not rebut in any meaningful way Defendant's argument that trial counsel elicited testimony harmful to the defense.  The State makes no mention of the fact that trial counsel, on cross examination, elicited testimony that helped the State prove a material element of its case.  See Defendant's Amended Petition, at 10-15)

As such, the State has waived its opportunity to respond to these issues.

## CONCLUSION

For the above reasons, Defendant's post-conviction petition successfully illustrates a deprivation of Defendant's constitutional right to effective assistance of counsel. Defendant prays that this Honorable Court deny the State's motion

to dismiss and permit this matter to proceed to an evidentiary
hearing.

Respectfully submitted,

_____
DAVID H. NORRIS
ATTORNEY FOR CHARLES DANIELS
407 S. Dearborn Street
Suite 1675
Chicago, Illinois 60605
312-697-0022

(Rev. 2/18/93) CCCR-56

STATE OF ILLINOIS }
COUNTY OF COOK } ss

I, DOROTHY BROWN Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of A (ONE) VOLUME SUPPLEMENTAL RECORD CONSISTING OF CERTAIN DOCUMENTS, ONLY. NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE NOTICE OF APPEAL FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO. 06-2769

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

a certain cause . . . . . . . . . . . . LATELY . . . . . . . . . . . . . . . . . . . . . . . . pending in said Court, between the People of the State of Illinois . . . . . . . . . . . . . WERE . . . . . . . . . . . . . . . . ., Plaintiffs and . . . . . . . . . . . DANIELS, CHARLES . . . . . . . . . . . . . . . . HAS . . . . . ., Defendant . . . .

Witness: DOROTHY BROWN Clerk of the court, and the Seal thereof, at Chicago in said County, FEB. 21, 2007

Dorothy Brown / P.R.
Clerk

DOROTHY BROWN , CLERK OF THE CIRCUIT COURT OF COOK COUNTY

# Transcript of Record

## Appeal

**06-2573**

*FILED*
*APPELLATE COURT 1st DIST.*
*APR 2 7 2007*
*STEVEN M. RAVID*
*CLERK*

_____ Court of Illinois
APPELLATE

_____ District
FIRST

**Circuit Court No.** _____ 00 CR 7104

**Trial Judge** _____ THOMAS M. DAVY

**Reviewing Court No.** _____ 02-2905

_____ THE PEOPLE OF THE STATE OF ILLINOIS _____

**02**          **vs.**          **2905**

_____ CHARLES DANIELS _____

## from

## CIRCUIT COURT

## of

## COOK COUNTY, ILLINOIS

### COUNTY DEPARTMENT, CRIMINAL DIVISION

ONE VOLUME

SUPPLEMENTAL RECORD

**DOROTHY BROWN,**
**Clerk of the Circuit Court**

DB/SG

**Deputy**

EXHIBIT S

(Rev. 1/17/01) CCCR

(Rev. 4/8 /92) CCCR 0051

## UNITED STATES OF AMERICA

State of Illinois )
Cook County     )  ss.

Pleas, before a branch of the Circuit Court of Cook County, in said County and State, begun and held at the Circuit Court, in said County,    COOK

TWO THOUSAND THREE AND OF THE INDEPENDENCE OF THE UNITED STATES OF AMERICA, TWO HUNDRED AND TWENTY—SEVENTH YEAR.

Present: Honorable

PAUL P. BIEBEL, JR....... Judge of the Circuit Court of Cook County

RICHARD A. DEVINE.............................. State's Attorney

MICHAEL F. SHEAHAN...................... Sheriff of Cook County

DOROTHY BROWN........................................... Clerk

Attest:

And afterwards, to-wit: on

JANUARY 29          , 2003     ,    there was RECEIVED and FILED

in the Office of the Clerk of the Clerk of the Circuit Court of Cook County, Illinois.   COUNTY DEPARTMENT, CRIMINAL DIVISION. AN INFORMATION GENERAL NUMBER         00 CR 7104      FOLLOWING TO WIT:

STATE OF ILLINOIS    )
                        )   SS:
COUNTY OF C O O K    )

      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE      )
STATE OF ILLINOIS,      )
                        )
      Plaintiff,     )
                        )
vs.                   )   No.  00 CR 7104
                        )
CHARLES DANIELS,       )
                        )
      Defendant.   )

          REPORT OF PROCEEDINGS  of the hearing

had before the Honorable THOMAS M. DAVY, on the 16th day of

May, 2001.

    APPEARANCES:

        HON. RICHARD A. DEVINE,
           State's Attorney of Cook County, by:
        MR. PATRICK SHEEHAN,
           Assistant State's Attorney,

              appeared for the Plaintiff;


    No appearance on behalf of the Defendant.


Judy A. Lucas, CSR-084-001463
Official Shorthand Reporter
10220 South 76th Avenue
Bridgeview, Illinois 60455

## I N D E X

**Pages:**  A-1 through A-4

Continuance

THE CLERK:  Charles Daniels.

    Agreed upon date of 6/20.


            (Which were all the proceedings had

            in the above-entitled cause on this

            date.)

STATE OF ILLINOIS  )
                   )  SS.
COUNTY OF C O O K  )


                  I, Judy A. Lucas, Official
Shorthand Reporter of the Circuit Court of Cook County,
County Department-Criminal Division, do hereby certify that I
reported in shorthand the proceedings had in the above-
entitled cause, that I thereafter caused to be transcribed
into typewriting the above Report of Proceedings, which I
hereby certify is a true and correct transcript of the
proceedings before the Judge of said Court.


                        _____
          Official Shorthand Reporter
          Circuit Court of Cook County

```
 1        STATE OF ILLINOIS )
                           )  SS:
 2        COUNTY OF C O O K )

 3   .        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                          CRIMINAL DIVISION
 4

 5        THE PEOPLE OF THE STATE OF    )
          ILLINOIS,                     )
 6                                      )
                        Plaintiff,      )
 7                                      )
             -vs-                       )    No.00CR-7104
 8                                      )
          CHARLES DANIELS,              )
 9                                      )
                        Defendant.      )
10

11                 REPORT OF PROCEEDINGS

12

13           BE IT REMEMBERED that the above-entitled

14     cause came on for hearing before the Honorable

15     Thomas Davy, Judge of said court, on the 24th day

16     of July, A.D., 2001.

17                  PRESENT:
                        HON. RICHARD A. DEVINE,
18                      State's Attorney of Cook County, by
                        MS. DEBORAH LAWLER,
19                      Assistant State's Attorney,

20                         on behalf of the People;

21                      MR. DENNIS SHERMAN,

22                         on behalf of the Defendant.
          Gary R. Tallon
23        Official Court Reporter #084-001357
          Circuit Court of Cook County
24
```

```
1                           I N D E X

2      People versus CHARLES DANIELS
       DATE: 7-4-01
3      PAGES: 5
       WITNESSES              DX   CX   RDX   RCX   FRDX   FRCX
4      _____
       For the State:
5      (Case continued to 9-17-01.)

6


7


8      For the Defense:

9


10


11

       State Rebuttal: None.
12
       Exhibits           For Identification    In Evidence
13     --------------------------------------------------
       States's
14     None.

15


16
       Defense
17     None.

18

19

20

21

22

23

24
```

1          THE CLERK:  Charles Daniels, in custody.

2          MR. SHERMAN:  For the record, my name is

3     Dennis Sherman, I represent Defendant.  I am in

4     receipt of the Forensic Clinical Services report.

5          THE COURT:  Apparently they need some

6     medical records, social history and transcripts

7     of any and all pretrial court proceedings.

8          MR. SHERMAN:  Okay.

9          THE COURT:  I don't know what they need

10    pretrial court proceedings for.

11         MR. SHERMAN:  I have no idea, Judge, since

12    they have already done a finding originally, and

13    then we got a separate finding evaluation.

14         THE COURT:  Miss Lawler, maybe your office

15    would contact them and let them see if they can

16    find them in the stack of old.

17         MR. SHERMAN:  So, shall we take a thirty day

18    or longer?

19         THE COURT: Whatever is good.

20         MR. SHERMAN:  Well, you tell me, Judge, you

21    are the judge here now.  It is the Psychiatric

22    Institute?  I assume we should take a long date.

23    How about September 13th, how about September

24    17th?

B-3

```
1           THE COURT:  September 17th, by agreement.

2                       (Whereupon, the above-entitled

3                        cause was continued to 9-17-01

4                        for further disposition and/or

5                        order of the court, the

6                        Honorable Thomas Davy

7                        presiding.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

```
 1     STATE OF ILLINOIS )
                         )  SS:
 2     COUNTY OF C O O K )

 3

 4

 5

 6          I, GARY R. TALLON, Official Court Reporter

 7     of the Circuit Court of Cook County, do hereby

 8     certify that I reported in shorthand the

 9     proceedings had in the above-entitled cause; that

10     I thereafter caused to be transcribed into

11     typewriting the foregoing transcript, which I

12     hereby certify is a true and correct Report of

13     Proceedings of the findings of fact, conclusions

14     of law and order of the Court.

15

16

17     _____

18     OFFICIAL COURT REPORTER of
       the Circuit Court of Cook
19     County.

20

21

22

23

24
```

1

2      STATE OF ILLINOIS)
                        )    SS.
3      COUNTY OF COOK   )

4          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                COUNTY DEPARTMENT-CRIMINAL DIVISION
5
       THE PEOPLE OF THE   )
6      STATE OF ILLINOIS,   )
                            )
7              Plaintiff,)
                            )
8         vs.              )      No. 00-CR-7104
                            )
9      CHARLES DANIELS,     )
                            )
10             Defendant.)

11

               REPORT OF PROCEEDINGS had
12
       before the Honorable THOMAS M. DAVY,
13
       heard on the 17th DAY of SEPTEMBER, 2001.
14

15             APPEARANCES:

16             HON. RICHARD A. DEVINE,
               State's Attorney of Cook County, by:
17             MR. EDWARD RONKOWSKI,
               Assistant State's Attorney,
18
                    appeared for the People;
19
               MR. DENNIS SHERMAN,
20
                    appeared for the Defendant.
21

22

23     Jean McCarthy, C.S.R. 084-001937
       Official Court Reporter
24     10220 S. 76th Avenue
       Bridgeview, IL  60455

1      THE CLERK:  Charles Daniels; Sheet 1.

2      MR. SHERMAN:  For the record, Dennis Sherman.

3  I represent Mr. Daniels present before the Court.

4      THE COURT:  Morning, Mr. Sherman.

5      MR. SHERMAN:  You should have a report from the

6  Psychiatric Institute.

7      THE COURT:  We do.  I would tender a copy of

8  that report to both sides.

9      MR. SHERMAN:  Acknowledge receipt.

10      MR. RONKOWSKI:  I would just put counsel on

11  notice when I talked to Mr. Shakiery (phonetic

12  spelling) he said that he is going to have a

13  psychiatric summary that is going to greatly

14  elaborate the last paragraph.  I will need to order

15  that up.

16      MR. SHERMAN:  How long did you say?

17      MR. RONKOWSKI:  I can get that in a couple of

18  days.

19      MR. SHERMAN:  Let's continue it so I can take a

20  look at it also.  How is October 1st?

21      THE COURT:  October 1st.

22      MR. RONKOWSKI:  Will that be by-agreement?

23

24

1           MR. SHERMAN:   Certainly.

2                      (Which were all the proceedings had

3                       at this time and date.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1    STATE OF ILLINOIS    )

2                         )  SS.

3    COUNTY OF COOK       )

4

5        I, JEAN MC CARTHY, an Official Court Reporter

6    of the Circuit Court of Cook County, Illinois,

7    hereby certify that I reported in stenographic notes

8    the proceedings had in the above-entitled matter;

9    that I thereafter caused the foregoing to be

10   transcribed into typewriting, and further certify

11   that the foregoing is a true and accurate

12   transcript of the proceedings had on this date.

13

14                    _Jean McCarthy_

15                    OFFICIAL COURT REPORTER
                      CERTIFIED SHORTHAND REPORTER
16                    NO. 084-001937

17

18   Dated this 29th Day of
19   NOVEMBER, 2002.

20

21

22

23

24

1     STATE OF ILLINOIS )
                      ) SS
2     COUNTY OF C O O K )

3      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
            COUNTY DEPARTMENT - CRIMINAL DIVISION
4

     THE PEOPLE OF THE     )
5     STATE OF ILLINOIS,     )
                         )
6            Plaintiff,    )
                         )
7           -vs-          )  No. 00 CR 7104
                         )
8     CHARLES DANIELS,     )
                         )
9           Defendant.    )

10

11          REPORT OF PROCEEDINGS of the hearing had

12    before the HONORABLE THOMAS DAVY, on the 1st day of

13    October, 2001, in Bridgeview, Illinois.

14       APPEARANCES:

15         HON. RICHARD A. DEVINE,
16            State's Attorney of Cook County, By:
         MR. EDWARD RONKOWSKI,
17            Assistant State's Attorney,
            Appeared for the Plaintiff;
18
         MR. DENNIS SHERMAN,
19            Attorney at Law,
            Appeared for the Defendant.

20

21

22    Isabelle Dlugopolski
     CSR License #084-001088
23    Official Court Reporter
     10220 South 76th Avenue
24    Bridgeview, Illinois  60455

```
 1                            INDEX
 2
 3      Date of Hering:  October 1, 2001
 4      Pages:           D-1 through D-5
 5
 6      Proceedings:     Continuance
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

1               THE CLERK:  Charles Daniels.  Sheet 1 and 2.

2               A VOICE:  Your Honor, for the record, Dennis

3         Sherman, and I represent Mr. Daniels, present

4         before the Court.

5               MR. RONKOWSKI:  The case is up today to

6         distribute the psychiatric summary, and I talked to

7         Elena at the Psychiatric Institute as late as

8         Friday and hadn't been dictated.

9               Dr. Shakiri called me up this morning

10         and indicated that he would be dictating that today

11         and would fax that out to me and that he would

12         prefer if I sent him a court order allowing

13         distribution directly to the State.  And if Counsel

14         has a fax number, I can get him a direct copy,

15         also.

16               MR. SHERMAN:  That's fine.

17               MR. RONKOWSKI:  So we anticipate that being

18         distributed tomorrow.

19               THE COURT:  All right.

20               MR. SHERMAN:  I will be back in the building

21         on October 9th.

22               THE COURT:  All right.  Continued then to that

23         date.

24               MR. SHERMAN:  All right.  Thank you.

17

1          THE COURT:  By agreement, 10-9.

2                          (Which were all the

3                          proceedings had.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1     STATE OF ILLINOIS )
                   ) SS
2     COUNTY OF C O O K )

3

4           I, ISABELLE M. DLUGOPOLSKI, an Official

5     Court Reporter of the Circuit Court of Cook County,

6     Illinois, hereby certify that I reported in

7     stenographic notes the proceedings had in the

8     above-entitled matter; that I thereafter caused the

9     foregoing to be transcribed into typewriting; and

10    further certify that the foregoing is a true and

11    accurate transcript of the proceedings had on the

12    above-entitled date.

13

14

15

16                         Official Court Reporter
                             Circuit Court of Cook County

17

18    Date:   12-4-02

19

20

21

22

23

24

STATE OF ILLINOIS                    )
                                     )
                                     )        SS
                                     )
COUNTY OF COOK                       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## MUNICIPAL DEPARTMENT -- FIFTH MUNICIPAL DISTRICT

THE PEOPLE OF THE            )
STATE OF ILLINOIS            )
                             )
        Plaintiff,           )
                             )
        vs.                  )        NO.  *00 CR 7104*
*Charles Daniels,*           )
        Defendant            )

*SUPPLEMENTAL*
REPORT OF COMPLIANCE

I, Lynn Mangan, Supervisor, Official Shorthand Reporter of the Circuit Court of Cook

County, do hereby certify that on the ___23rd___ day of ___January___, 2003 the

original and a carbon of the Report of Proceedings in the above entitled cause was filed

with the Clerk of this Court.

Lynn Mangan, Supervisor
District Five

A- *Lucas*         *5-16-01*      4 *pgs.*
B- *Tallon*        *7-24-01*      5 *pgs.*
C- *McCarthy*      *9-17-01*      4 *pgs.*
D- *Dlugopolski*   *10-1-01*      5 *pgs.*

(Rev. 12/6/00)  CCCR 0056

**STATE OF ILLINOIS** } ss:
**COUNTY OF COOK**

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of **A ONE VOLUME SUPPLEMENTAL RECORD CONSISTING OF THE REPORT OF PROCEEDINGS;ONLY. NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE NOTICE OF APPEAL FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO.**

**02-2905**

in a certain cause _____**LATELY**_____ pending in said Court, between
The People of the State of Illinois _____**WERE**_____ , Plaintiffs and
_____**CHARLES DANIELS**_____ **WAS** _____ , Defendant.

Witness:  DOROTHY BROWN,
Clerk of the court, and the Seal thereof, at Chicago
in said County, _____**JANUARY 29**_____ , **2003**

_Dorothy Brown_
Clerk

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

21

# Transcript of Record
## Appeal



to

APPELLATE Court of Illinois

FIRST District

Circuit Court No. _____ 00 CR 7104 _____

Trial Judge _____ THOMAS A. DAVY _____

Reviewing Court No. _____ 06-2583 _____

_____ THE PEOPLE OF THE STATE OF ILLINOIS _____

### vs.

_____ CHARLES DANIELS _____

ORDER ENTERED
MAY 16 2007
APPELLATE COURT, FIRST DISTRICT

## from
# CIRCUIT COURT
## of
# COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CRIMINAL DIVISION

SUPPLEMENTAL RECORD

**DOROTHY BROWN,**
**Clerk of the Circuit Court**

Per _____
DB/KP
**Deputy**

(Rev. 1/17/01)  CCCI

EXHIBIT T

# UNITED STATES OF AMERICA

State of Illinois  )
Cook County      )  ss.

Pleas, before a branch of the Circuit Court of Cook County, in said County and

State, begun and held at the Circuit Court, in said County,   COOK

~~CLERK~~ TWO-THOUSAND ~~CLERK~~ and _____ SIX _____ . AND OF THE INDEPENDENCE
OF THE UNITED STATES OF AMERICA, THE TWO HUNDRED AND ___ THIRTIETH ___ YEAR.

Present: Honorable   PAUL P. BIEBEL, JR.

Judge of the Circuit Court of Cook County

RICHARD A. DEVINE........   State's Attorney

JACK M. O'MALLEY........ Sheriff of Cook County

DOROTHY BROWN........................Clerk

Attest:

And afterwards, to-wit: on   FEBRUARY 5

, IN  2007 ,  there was ▸ISSUED FROM

In the Office of the Clerk of the Clerk of the Circuit Court of Cook County, Illinois. COUNTY DEPARTMENT –
CRIMINAL DIVISION.  A (ONE) VOLUME SUPPLEMENTAL RECORD CONSISTING OF  CERTAIN DOCUMENTS
AN INFORMATION GENERAL NUMBER  00 CR 7104      FOLLOWING TO WIT:

Clerk's Office
Appellate Court First District
State of Illinois
160 N. LaSalle
Suite 1400
Chicago, IL  60601

**FILED**

JUL 1 6 2004

ORIGINAL
FILE COPY
DO NOT REMOVE

06/29/04

Honorable Dorothy Brown
Richard J. Daley Center
Room 1001
Chicago, IL  60602

Re: People v. Daniels, Charles
    Appellate Court No. 1-02-2905
    Trial Court No. 00CR7104

Dear Honorable Brown:

    Attached is the Mandate of the Appellate Court in the above
entitled cause.

    We are sending the attorneys of record a copy of this letter to
inform them that the mandate of the Appellate Court has been filed
with you.

                        Steven M. Ravid
                        Clerk of the Appellate Court
                        First District, Illinois

Attachment

FILED-20
04 JUN 29 PM 3: 17
CIVIL APPEALS DIVISION
DOROTHY BROWN
CLERK

cc: All attorneys of record

## THE APPELLATE COURT OF ILLINOIS

### FIRST DISTRICT

Joseph Gordon, Justice

Denise M. O'Malley, Justice

Honorable Margaret S. McBride, Justice

Steven M. Ravid                                        Michael F. Sheahan, Sheriff

---

On the Twenty-second day of December, 2003, the Appellate Court, First
District, issued the following judgment:

No.  1-02-2905
PEOPLE OF THE STATE OF ILLINOIS,              Appeal from Cook County
    Plaintiff-Appellee,                       Circuit Court No. 00CR7104
       v.
CHARLES DANIELS,
    Defendant-Appellant.


As Clerk of the Appellate Court, in and for the First District of the State
of Illinois, and the keeper of the Records, Files and Seal thereof, I
certify that the foregoing is a true copy of the final order of said
Appellate Court in the above entitled cause of record in my office.



IN TESTIMONY WHEREOF, I have set my hand
and affixed the seal of said Appellate
Court, at , this Twenty-ninth day of
June, 2004.

Clerk of the Appellate Court
First District, Illinois

FILED-20
04 JUN 29 PM 3:18
CIVIL APPEALS DIVISION
—————CLERK

-3

NOTICE
The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

FIRST DIVISION
DECEMBER 22, 2003

No. 1-02-2905

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 00 CR 7104 |
| | ) | |
| CHARLES DANIELS, | ) | Honorable |
| | ) | Thomas M. Davy, |
| Defendant-Appellant. | ) | Judge Presiding. |

## O R D E R

Following a bench trial, defendant Charles Daniels was convicted of burglary and sentenced as a Class X offender to eight years' imprisonment. Defendant contends on appeal that he was not proven guilty of burglary beyond a reasonable doubt because there was insufficient evidence that he entered the common area of an apartment building. He argues that his unauthorized entry was to a dwelling place and was thus residential burglary rather than burglary, at a time when burglary and residential burglary were considered mutually exclusive offenses. Defendant also contends that mandatory Class X sentencing under section 5-5-3(c)(8) of the Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 2002)) violated his right to due process and trial by jury because the State is not required to give notice of its intent to sentence defendant as a Class X

1-02-2905

they were still locked. Elston had not given defendant
permission to be in the vacant unit or remove property from it.

Police detective James Carlassare testified that he
interviewed defendant on the evening of February 12, 2000.
Defendant told Detective Carlassare that he "was in a lot of
trouble" and "shouldn't have gone into that apartment."

Officer William Meister testified that he responded to
Elston's call. Elston met Officer Meister in front of her
building and accompanied him and his partner to search for
defendant. After a few minutes, Elston saw defendant. Officer
Meister arrested defendant, who showed him two large plastic bags
about 10 yards away. Officer Meister brought the bags back to
Elston, who identified the property in the bags as hers.

The trial court found defendant guilty of burglary. Based
on prior burglary and residential burglary convictions, defendant
was sentenced, as a mandatory Class X offender under section 5-5-
3(c)(8), to eight years' imprisonment.

Defendant contends that he was not proven guilty of burglary
beyond a reasonable doubt because there was insufficient evidence
that he entered the common area of an apartment building. He
also argues that his unauthorized entry was to a dwelling place
and was thus residential burglary rather than burglary. He notes
that, at the time of the offense, burglary and residential
burglary were considered mutually exclusive offenses. See People

5

1-02-2905

dwelling place of another, or any part thereof, with the intent
to commit therein a felony or theft."  720 ILCS 5/19-3 (West
2002).

Until June 1, 2001, section 19-1 provided that burglary
"shall not include *** the offense of residential burglary, as
defined in Section 19-3 hereof."  720 ILCS 5/19-1 (West 2000).

> "As the defendant observes, the two offenses
> are mutually exclusive.  Residential burglary
> can be committed only in dwelling places,
> while simple burglary cannot occur in a
> dwelling place."  People v. Childress, 158
> Ill. 2d 275, 302 (1994).

However, in People v. Maskell, 304 Ill. App. 3d 77 (1999), where
defendant entered an apartment from the stairway and corridor of
an apartment building and removed property from the apartment,
the evidence was deemed sufficient to show that he committed both
burglary and residential burglary, and thus his burglary
conviction was affirmed.  Maskell, 304 Ill. App. 3d at 84.
"Unlike Childress, *** the evidence in this case would allow a
rational trier of fact to find that defendant made two
unauthorized entries *** (1) into the building and (2) into the
apartment."  Maskell, 304 Ill. App. 3d at 84.

For purposes of section 19-3, a "dwelling" is an "apartment
*** or other living quarters in which at the time of the alleged

- 5 -

1-02-2905

defendant's conviction for burglary.  There was sufficient
evidence to convict defendant of burglary beyond a reasonable
doubt.

　　Defendant also contends that the mandatory Class X
sentencing provision of section 5-5-3(c)(8) violates the rights
of due process and trial by jury because the State was not
required to give defendant notice of its intent to sentence him
as a Class X offender or required to prove his convictions, the
timing or sequence of the convictions, or his age beyond a
reasonable doubt to a jury.  However, this court has considered
and rejected precisely this contention.  <u>People v. Smith</u>, 338
Ill. App. 3d 555, 564 (2003), citing <u>Apprendi v. New Jersey</u>, 530
U.S. 466, 494-96, 147 L. Ed. 2d 435, 457-58, 120 S. Ct. 2348,
2365-66 (2000); <u>People v. Pittman</u>, 326 Ill. App. 3d 297, 300-01
(2001); and <u>People v. Lathon</u>, 317 Ill. App. 3d 573, 587 (2000).

　　Accordingly, the judgment of the circuit court is affirmed.
Affirmed.

　　GORDON,J., with O'MALLEY,P.J. and McBRIDE,J., concurring.

- 7 -

STATE OF ILLINOIS  )
COUNTY OF CHRISTIAN)

### A F F I D A V I T

I, **CHARLES DANIELS, N-63102,** hereby declare under penalty of perjury that the
following information is true and correct based on my personal knowledge and that
I am competent to testify thereto if called on as a witness. Further affainth states:

That I am the petitioner- defendant in the collateral attack-- cause# 00 CR-07104,
a post-conviction petition filed under the provisions of the Post-Conviction Hearing
Act, 725 **ILCS** 5/122-1, at the Bridgeview courthouse, before the Honorable Judge
**Thomas Davy,** having been previously represented by Attorney DAVID H. Norris
407 So. Dearborn St., Chicago, Illinois, due herein state and declare that due to
the **UNTIMELY DEATH** of Attorney DAVID H. NORRIS, that I be allowed to proceed.
Since, there is no Constitutional right to counsel other than that which is
provided by the Post Conviction Hearing Act, or at the discretion of this trial
court Judge, the petitioner Charles Daniels, fully cognizant of the ramifications
and potential legal pitfalls attenauted thereto, moves that his reply brief and
responses attached and filed herein, to the State's filing's to dismiss his post
conviction petition be **ENTERED** in the record, reviewed and that afterwards this
Honorable Court decided whether the defendant-petitioner has made the necessary
" showing " of Constitutional depravations sufficient to warrant further proceedings
into those issues.

Petitioner-Affiant Daniels, also states that the **Illinois Supreme Court** has
long allowed criminal defendant's their right to proceed **PRO SE** in post appeals in
filing petitions.  See, **People v. Southwood,** 49 Ill.2d228, 274 NE 2d 41;
**People v. Harrison,** 46 Ill.2d 159,263 NE 2d 87 (1970);also see, **People v. Korcycki**
45 Ill.2d 87, 256 NE 2d 798.
Additionally, both the **Illinois Supreme Court Rule 607(a) and Section 121-13(a)
Code of Criminal** procedures contemplates pro se filing's of brief & motions.
Finally, affianth prays that this Honorable Court after review of his attached
replies to the State's contentions and argument, will make a favorable ruling that
he has shown violations **of DUE PROCESS** and ineffective assistance of counsel and
allow this case to proceed according to the provisions of the Post-conviction ACT.

SIGNED BEFORE ME THIS ~~29TH~~ 19th DAY OF
APRIL, 2006

_____                     **CHARLES DANIELS**
NOTARY PUBLIC                               **N-63102**
                                            **TAYLORVILLE CORR.CENTER**
"OFFICIAL SEAL"                             **P.O. BOX 900**
Lana Wildman                                **TAYLORVILLE, ILLINOIS**
Notary Public, State of Illinois                              **62568**
My Commission Exp. 04/27/2008               **217-824-4004**

STATE OF ILLINOIS )
COUNTY OF KNOX )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT   - CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )

      Plaintiff-Respondent )

      vs. )

CHARLES DANIELS, )

      Defendant-Petitioner )

Case # 00 CR 7104

HONORABLE THOMAS DAVY

Judge Presiding.

---

## DEFENDANT'S REPLY   TO RESPONDENT'S MOTION TO DISMISS PETITION FOR POST-CONVICTION RELIEF

**NOW COMES, CHARLES DANIELS,** pro se, Defendant-Petitioner and moves this Honorable Court to **DENY** the respondent's motion to dismiss his petition for post-conviction relief, for the following reasons:

1. Petitioner admits this allegation as true.

2. Petitioner can neither admit or deny as there is no #2

3. Petitioner denies this allegation as set forth, it is speculative, conclusory and unsupported by the trial record that " most of the allegations are barred by the doctrines of <u>res judicat</u>a, and waiver." As shall be fully explicated, petitioner maintains that his issues raised have not been **adjudicated on Direct appeal** and any contention that his Issues are " **like**" or " **similar** " is not the **same**, unless the issue has been **actually decided** by the reviewing Court, as held by the **Supreme Court of Illinois** decision **People v. Harris,** 276 Ill.Dec.419,794 N.E.2d 314, **with** regard to <u>res judicat</u>a matters under consideration.

<u>People v. Towns</u>, 182 Ill.2d at 502,231 Ill.Dec.557,696 N.E.2d 1128

Additionally, when new facts come to life or when counsel failed to raise those argument at a previous stage, such claims are not barred by **res judicata**.

**Statler v. Catalano**, 293 Ill.App.3d 483,487,691 N.E.3d 384, citing

**City of Des Plaines v. The Metropolitan Sanitary Dist. Chicago,** 16 Ill.App.3d 23,24-25,305 N.E.2d 639 (1st Dist.1973)

However, the doctine of waiver is relaxed where the alleged waiver stems from the incompetence of appellate counsel.

**People v. Mahaffey**, 194 Ill.2d 154,171,252 Ill.Dec 1,742 NE 2 1304
**People v. Whitehead**, 169 Ill 2d 355,371,215 Ill.Dec.164,662 NE 1304

### CONTENTION

Petitioner Daniels, maintains that prior to **May 12 2003**,and the Filing deadline for his direct appeal petition, Appellate counsel had obtained an extension of time because of **"conflict " attempting** to reconcile the perfunctory draft copy that had been submitted. Petitioner asserted that appellate counsel was incompetent in his failure to raise during appellate review, trial counsel's conceding his client's guilt through" supplying an otherwise missing material element of the criminal offense" which subsequently ushered the conviction, albeit . assisting the State prove its case. Furthermore, petitioner challenged why appellate counsel was not raising a basic **DUE PROCESS** argument regarding the absence of "proof" towards satisfying the criminal offense charged, specifically the part of the statute " permission or authority. "

Attached are exhibits of counsel's misapprehension of the Appellate Court ORDER and also his reasoning for having excluded on direct appeal or during a petition for Re-heaing the claims that are now included within the petitioner's instant petition for post-conviction relief.

On Direct appeal counsel argued that the State had not met
its burden in proving Defendant guilty beyond a reasonable doubt.
Such an argument, strictly speaking, is an attack on whether the
State proved all of the essential elements of the offense.
**However**, appellate counsel never made the argument with respect to
the **"without authority "** element of the offense of burglary.
Appellate counsel was unreasonable in failing to realize the **Obvious**
issue, that the State had not proven the essential elements of the
offense of burglary · of the " common area" of the building, but
rather residential burglary, which was never charged.(R.176-179)
Defendant was charged with burglary of the common area of the building.
Burglary has several essential elements, for purposes of this
argument herein, the relevant element is that the entry into the ·
building **must be " without authority."** See , 720 ILCS 5/19-1(West 200 )
**People v. Meeker**, 86 Ill.App.3d 162,407 N.E.2d 1058
( conviction  reversed because the evidence failed to prove **entry
was unauthorized.** There was no testimony limiting the defendant's
authority to enter.)
**People v. Baker**, 59 Ill.App.3d 100,375 N.E.2d 176
( holding the fact of any **unauthorized entry** must be proven
**separately** from the fact of any entry with wrongful intent.)
**BUNKLEY v.FLORIDA**, 538 U.S.835,123 S.Ct.2020,15 5 L.Ed 1046(2003)
( where **Supreme Court of United States**, held that a state court
erred in failing to have decided in a burglary conviction,
whether <u>all</u> the elements of the offense had been met, in denial
of a post-conviction relief petition.)  [**emphasis supplied**]

### ARGUMENT

The petitioner maintains in support of denial of the State's
request to dismiss, that the State Attorney **never asked** Mrs. Elston
if anybody had authority to be in the " common areas" of her building.
The State never asked if anybody had authority to enter those
premises or to remain there. Rather the State asked the question
about **"permission or authority "**  to enter during direct examination

with respect to the vacant apartment.( R.124)  This as a matter of Illinois statutory law of Burglary offense at the time of this offense, was insufficient to prove defendant guilty of burglary of another area of the building. **Childress**, 633 NE 2d 635,158 IL 2d 275

The trial court was clear in its finding of fact. The Court found that Defendant made two separate unauthorized entries, **one** into the apartment building and the other into the vacant apartment. ( R.177-79)  The residential burglary to the apartment was never charged. ( R.176-179), so it stands that the testimony regarding **"without authority or permission "** as to the vacant apartment is irrelevant to the offense of Simple burglary to the "common areas".

The Court saw fit to divide the building into different sections in its finding of fact. If the State decided to only charge Defendant with entry into one of those areas(the "common areas"),then the State was required as a matter of **DUE PROCESS** of State & Federal law under **14th U.S.C.A. Amend**, to prove all the essential elements of the offense with respect to that charged area.
**Jackson v. Virginia**, 443 U.S.307,316,99 S.Ct.2781
**People v. Bowman**,293 Ill.Dec.181,827 N.E.2d 1062

Had the trier of fact been aware of the absence of Evidence in this matter, and that the State had failed to prove all essential elements of the offense of burglary to the "common-area", there is a reasonable probability that the outcome of the trial would have been different. Viewed in its entirety and context the trial record is devoid of legal sufficiency under due process,and any effort to afford the petitioner opportunity to demonstrate this **insufficiency** should be denied. For that reason, both trial & appellate counsel were ineffective in failing to argue this at trial and on direct appeal, respectively.

/7.

4. Petitioner asserts as follows regarding the **Strickland v. Washington**, standard evaluating ineffective assistance under the **U.S.SUPRME COURT** holding( 1984),466 U.S.668,686,80 L.ED.2d 674,104 S.Ct.2052,2064, that the analysis does involve a two step inquiry. Also that an accused has·a due process right to the effective assistance of counsel in a criminal prosecution.**People v. Albanes**e, 104 Ill.2d 504,473 N.E.2d 1246, 1255(1984) (adopting Strickland standard);**People v. Perez**, 148 Ill.2d 168,186, 592 N.E.2d 984 (1992)

The purpose of the post-conviction proceeding is to permit inquiry into constitutional issues involved in the conviction and sentence that were not, and in some cases could not have been, adjudicated previously on direct appeal. **People v. Haynes**, 192 Ill.2d 437, 464, 737 N.E.2d 169(2000). A claim that could have been presented on direct appeal, but was not, is waived. **Haynes**, 192 Ill.2d at 465. By **contrast** where the facts relating to the claim appear in the record but appellate counsel neglected to raise them, the application of the waiver doctrine has been relaxed. **People v. Mahaffey**, 194 Ill.2d 154, 170, 742 N.E.2d 251 (2000).

In this case, the claims raised in the post-conviction petition are based on facts which were of record at the time of the direct appeal. Because Defendant's appellate counsel failed to raise, or even consider, these arguments in the direct appeal( see appendix), appellate counsel was likewise constitutionally ineffective. **Ergo**, the claims raised in Defendant's petition are neither barred by waiver nor res judicata.

-5-

13

In order to demonstrate ineffectiveness of appellate counsel, a defendant must show that counsel's decision not to raise an issue was objectively unreasonable and that a reasonable probability exists that the defendant would have been granted relief had the issue been raised. **People v. Caballero,** 126 Ill.2d 248, 533 NE 2d 1089, 1096 (1989) (applying ineffectiveness test set forth in **Strickland** to appellate representation).

In the present case, Defendant's appellate counsel on direct appeal filed a brief which argued: 1) the burglary conviction must be reversed because there was insufficient evidence for the trial court to find beyond a reasonable doubt that defendant entered and burglarized the " common areas" of the apartment building; Additionally, counsel raised issue regarding the " **mutual exclusive** " **distinctions** of burglary & residential burglary at the time the offense in this case was committed, and a irrelevant Apprendi v. New Jersey, issue.

### ARGUMENT

The acts and omissions of appellate counsel prejudiced Defendant because but for trial counsel's errors Defendant was plausibly looking at a directed verdict on the sole count of the indictment burglary of Nora Elston's home. At least that was the case until trial counsel elicted harmful testimony which helped the State prove essential elements of its case. On direct appeal, appellate counsel would have had a better chance to obtain relief for Defendant. Now, because appellate counsel declined to raise this issue, Defendant must attempt to get relief through the post-conviction process. The issue Defendant now raised was clearly found in the Record.

[ R. 115-125]

During trial, the State failed to elicit any testimony regarding Defendant's alleged entry into the "common areas" of the apartment building. (R.115-125) Mrs. Elston's direct examination testimony is only approximately 10 pages in length. There is nothing contained in that brief examination which supports the notion that Defendant entered into the hallway or any other "common area " of the building. Mrs. Elston heard him ring the bell on the front porch and " fumble[ ] with the mailbox" but that is all(R.118) According to the direct examination, Mrs. Elston never heard or saw anybody in the hallway or "common areas " of the building past the mailboxes. (R.118-119) Mrs. Elston called the police but the individual was gone before the police arrived. (R.119)  On the way to get her mail after the police left, Mrs. Elston heard some plastic bags rattling in the apartment across from hers which she knew to be vacant.(R.119) Later, from her apartment window she saw the same individual as earlier walk down her front walk way and leave her property. ( R.120)  That is all that was contained in the relevant portions of Mrs. Elston's testimony on direct examination.

To be sure, defense counsel was able to clear up Mrs.Elston's somewhat muddled testimony on cross-examination. Through cross-exam, Mrs.Elston was actually looking out a window when she saw the man walk up the front walkway and onto the porch before she heard the noise at the mailboxes.(R.126) Mrs. Elston, was clear that she never heard him come up the stairs, and thereby, enter the hallway outside of her adjacent first-floor apartment door.( R.127-128)

-7-

15

**Then counsel elicited the following damaging testimony:**
                    **\*   \*   \*   \*   \***

Q: How long would you say he was in the **HALLWAY** of your
   building?

A: I'd say three minutes.

Q: Thirty minutes?

A: Three minutes.

**(R.128; emphasis supplied )**


        This testimony is prejudicial and irreparably damaging in

several ways. **First**, Mrs. Elston **never**   said that Defendant was in

the hallway of her building. The Record is devoid of any such

testimony **prior** to defense counsel's question cited above. This

arguably puts Defendant past the security door by the mailboxes

and in the " common areas" of the building. This line of questioning

incidentally, directly contradicts Mrs. Elston's testimony on direct

examination where she never stated that she saw or heard anybody

in the actual hallway of the apartment building.(R.118-119)

**Second**, it undercuts the other portions of the cross-examination

testimony of Mrs. Elston where she states, clearly and unequivocally

that the doors to the vacant apartment were locked and that Defendant

must have come in through an open window. (See e.g. " one of them

had to be open for him to get in" ) ( R.135-136)

        This issue of the lock on the doors of the vacant apartment

inures to the benefit of Defendant. The vacant apartment had a lock

on the front door. (R.135 )  When the police arrived the first time

they checked the front and back door to the vacant apartment and

both doors were locked.(R.137)  As for the window in the vacant

apartment, they were all shut but not all locked.( R.136)

-8-

*16*

How do we know this? Because Elston testified that " one
of them [the windows] had to be open for him to come in."(R.136)
And, incidentally, when police arrived the second time, the
vacant apartment doors were still locked.(R.136)  The testimony
of the complaining witness was clear: whoever burglarized her
vacant apartment must have come through the window. This would
mean, by necessity, that the burglar circumvented the "common-area"
of the building.

Based on this evidence it is unclear how this Honorable
Court could have convicted Defendant of burglary of the "common-area"
of the building where the State's complaining witness clearly
testified that she believed the Defendant came into the apartment
through an open window----thus never even stepping foot in the
" common areas."  That said, the **ONLY TESTIMONY** at all regarding
the " Common-areas"  was elicited by defense counsel **NOT** by the State.

> **The damaging testimony elicited by defense counsel in
> this case was relevant to the State's case and was
> non-cumulative to other testimony elicited on direct exam.**

Contrary to what the State argue's in this petition to dismiss,
this testimony elicited by defense counsel was not cumulative or
a trial tactic against the State's case. " Claiming evidence is
cumulative involves a determination that such evidence adds nothing
to what is already before the jury." **People v. Molstad**, 101 Ill.2d
128,135, 461 N.E.2d 398 (1984).  Defense counsel should have simply
highlighted the fact that the state could not have proven Defendant
guilty of a burglary of the "common areas " of the building based
only on the direct examination of the complaining witness.
A conviction for burglary to the "common areas" was simply not
possible based on Mrs. Elston's direct examination. Mrs Elston did

17

not see or hear the Defendant in the hallway or anywhere beyond the mailboxes.
Even when she heard the plastic bags rustling in thevacant apartment, Mrs. Elston
still could not see who it was that was inside. The inference that Defendant was
inside the apartment came from the fact that he had her belongings after she saw
defendant walk down the sidewalk.  It is **HOW** the defendant came to *be* in the vacant
apartment that is now at issue before this Honorable Court.  Since no evidence was
offered to that end in the direct examination of Mrs. Elston, the testimony elicited
by defense counsel Sherman on cross-examination, that damaged the defendant's
chance of a acquittal, could not have been **cumulative or tactical.**

In fact, the State asks this Honorable Court to contemplate that it was
trial strategy to ask the line of questions which elicited the **irreparable inculpatory**
testimony within its motion(St. brief @ pgs. 3-4, Motion to Dismiss petition)
This is a **specious argument.  Webster Dictionary** defines " strategy " as a
" careful plan or stratagem"; the art of devising or employing plans or stratagems
towards a goal." **Webster 9th Collegiate Dictionary** @ pg.1165.
The Hallmark of a trial strategy would be to obtain some sort of relief or goal for
a defendant.  And what was the goal in this case on the part of defense counsel
Dennis Sherman?  Was it assisting the State prosecutor to prove the missing and
essential elements of its case against his client?  In truth, there could have
been no viable strategy for defense counsel to have elicited the " common-area"
testimony, that placed his client in a area that previously had not been stated
his having been or established by the State. The same hold true equally for Appellate
counsel for failing to have raised this clearly viable issue on direct appeal,
when  it would have been easier to do.  In short, Appellate counsel did not argue
the fact that trial counsel assisted the State in proving its case against the
defendant, which was a objectively unreasonable oversight that prejudiced Defendant
Daniels.  Because this omission prejudiced Mr. Daniels, the **STRICKLAND test is
satisified.** See for Example the First District Appellate Court holding in:
**People v. Jackson,** 251 Ill.Dec.848,741 N.E.2d 1026 (2000), (where counsel held to
be ineffective through his supplying a missing and otherwise unnproven material and
essential element of the State's case through his cross-examination.)

-10-

/8 .

5. Petitioner admits as true.

6. Petitioner admits as true.

7. Petitioner admits as true.

8. Petitioner denies this allegation and assertion as explicated herein, and believes that appellate counsel's failure to raise an obvious issue regarding the absence of essential and material elements being proven by the State during the trial along with a trial attorney supplying an otherwise missing material element of the criminal offense his client is charged with having comitted that was not cumulative, are both issues sufficient to meet the Ineffective assistance prejudice prong of Strickland test enunciated.

**WHEREFORE**, the petitioner prays that the respondent's motion to dismiss the post-conviction petition seeking relief be denied, and that this matter proceed consistent with the Post-Conviction Hearing Act, that a Evidentiary hearing be set, and that writ Ad Testificandum be issued for the petitioner to attend.

Respectfully submitted,

*Charles Daniels*

Charles Daniels N-63102

Charles Daniels
N-63102
P.O. Box 1700
Galesburg, Illinois 61401

May 12,2003

Attorney Michael J. McDermott
Asst. Appellate Defender
203 N. Lasalle-24th floor,
chicago, Illinois

Dear Attorney:

Thank you for obtaining the extension of time before the
filing of my direct appeal, and also for your forwarding to me
a draft copy. Your analysis & case law along with the contentions
therein have merit, however I still wanted to raise the issue
of trial counsel's Ineffective assistance, where he supplied an
otherwise unproven element of the offense that I was charged with
having committed. I believe that that was a gross error and in
and of itself, demonstrated his ineffectiveness in my matter.

Additionally, I believe that the issue of the charging
instrument having failed to have specified which " entry"
was the basis of my indictment was another Error that should
have been included., Finally, that the Ex post facto and
Due process arguments and contentions that I have mailed to
you were not included is beyond me, especially, when I am the
person sitting here in prison. Respectfully, I await your
responsiveness as to a justification for not including these
Substantive Constitutional  issues that deprived me of a fair
and impartial trial.

Charles Daniels

20.

STATE OF ILLINOIS

COUNTY OF KNOX

AFFIDAVIT

I. __CHARLES DANIELS_____ ____, Inst. No. __N63102__
_____, hereby declare under penalty of perjury that the following is true and correct based upon my personal knowledge and that I am competent to testify thereto if called upon as a witness.

THAT DURING THE CRIMINAL MATTER 00 CR 07104, MY SUBSTANTIVE

FEDERAL AND STATE OF ILLINOIS CONSTITUTIONAL 5th, 6th and 14th

AMENDMENTS WERE VIOLATED DURING THE BENCH TRIAL, THAT HAVE NOT

BEEN ADJUDICATED. THERE IS A REASONABLE PROBABILITY THAT THE OUTCOME

WOULD HAVE BEEN DIFFERENT, BUT FOR, TRIAL COUNSEL"S ERRORS,

CONSEQUENTLY THE STATE WAS PROVIDED WITH OTHERWISE UNPROVEN

ELEMENTS OF THIS OFFENSE. ADDITIONALLY, APPELLATE COUNSEL WAS

UNREASONABLE IN NOT INCLUDING THE FOLLOWING ISSUES ON DIRECT

APPEAL WHERE THEY WERE MENTIONED IN A TIMELY FASHION PRIOR TO

THE DIRECT APPEAL BEING FILED : SUBSTANTIVE CHARGING INSTRUMENT

DEFECTS OF THE INDICTMENT· DUE PROCESS VIOLATIONS & EX POST FACTO

VIOLATIONS, WERE NOT INCLUDED. ALSO, SIXTH AMENDMENT FAILURE TO

HAVE BEEN PROVIDED NOTICE IN INDICTMENT OF ELIGIBILTY OF THE

EXTENDED TERM BEING IMPOSED, NOT AS A APPRENDI ISSUE, BUT 6th Amend.

_Charles Daniels_
AFFIANT

Signed before me on this __30__ day of
__June__, 20 __04__.

_Lenard E. Palmer_
**NOTARY PUBLIC**

"OFFICIAL SEAL"
Lenard E. Palmer
Notary Public, State of Illinois
My Commission Exp. 09/20/2007

21



# OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET**
**24TH FLOOR**
**CHICAGO, ILLINOIS 60601**
**TELEPHONE: 312/814-5472**
**FAX: 312/814-1447**

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

January 25, 2004

**MICHAEL JAMES**
**MCDERMOTT**
ASSISTANT APPELLATE DEFENDER

Mr. Charles Daniels
Register No. N-63102
Hill Correctional Center
P. O. Box 1700
Galesburg, IL 61401

Dear Mr. Daniels:

In your last letter you asked why I chose not to raise your "due process" argument. There are several reasons. The Appellate Court handed down a decision in your case on December 22, 2003. I takes me a day or so to get the opinion. Then on December 24, 2003, I sent you a copy of the opinion with a letter stating that I had not decided whether I would file a Petition for Rehearing in your case, but that I would decide in a week or so.

On December 29, 2003, I assume before you received my letter of December 24th, you sent me a letter requesting that I file a supplement to my opening brief to raise a "due process" claim. The "due process" issue centered around your argument that the State did not prove every necessary element of the offense you were charged with, specifically you argued that it was never proved that you entered the building "without permission or authority." A copy of your *pro se* brief was included with your letter. Your letter was received by my office on January 5, 2004. Given that I did not receive your *pro se* brief until after the Court's opinion came down, I could not have filed a supplemental brief even if I thought your argument had merit.

Then, I decided not to include your "due process" issue in a Petition for Rehearing or Petition for Leave to Appeal because I do not believe that you had a chance of prevailing on it, that is, I believe the issue was meritless. The complaining witness in your case testified that "no one" had permission to be in the vacant apartment where the burglary took place. (R120) It can be inferred from the facts and circumstances of her testimony that no one had permission to enter the building either. The Appellate Court found that either your entry into common areas of the building or your entry into the apartment would have sustained your conviction because there were two illegal entries made. (Opinion, at 6)

92.

While I chose not to raise your "due process" issue, I did send you a packet of information that instructed you how to file either a Petition for Rehearing or a Petition for Leave to Appeal to the Illinois Supreme Court yourself. The filing deadline for both petitions is past, but you could try to file a Petition for Leave to Appeal to the Illinois Supreme Court now with a motion to file instanter.

I hope this is of some help to you. If there are anymore questions or problems please do not hesitate to contact me. Thank you.

Sincerely,

MICHAEL JAMES MCDERMOTT
Assistant Appellate Defender

23

STATE OF ILLINOIS      )
                        ) ss.
COUNTY OF COOK     )

**FILED**
AUG 2 6 2005
DOROTHY BROWN
PER _____

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT    -    CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS   ) | |
| Plaintiff-Respondent   ) | |
| ) | CASE NO. 00CR-7104 |
| vs.   ) | |
| ) | HONORABLE THOMAS DAVY |
| ) | Judge Presiding |
| CHARLES DANIELS   ) | |
| Defendant-Petitioner   ) | |

## MOTION TO DISMISS
## PETITION FOR POST-CONVICTION RELIEF

Now comes the Respondent, People of the State of Illinois, by Richard A. Devine, State's

Attorney of Cook County, Illinois, through John Haskins, Assistant State's Attorney, and moves this

Honorable Court to strike the petitions for post-conviction relief and to dismiss the proceedings for

the following reasons:

1. Defendant was found guilty of burglary and sentenced as a Class X offender to eight years

imprisonment following a bench trial on July 16, 2002. Defendant's conviction was affirmed on

December 22, 2003. Defendant's petition for leave to appeal was denied on January 27, 2004.

Defendant's petition for re-hearing on the issued raised from direct appeal was denied on

June 23, 2004. Defendant filed a petition for post-conviction relief on November 5, 2004.

3. Petitioner's allegations come within the purview of the Act, most of the allegations are

barred by the doctrines of res judicata and waiver. According to the petition, petitioner's conviction

was affirmed by the Appellate Court on December 22, 2003. It is well established law in Illinois that

1

94.

the scope of post-conviction review is limited by the doctrines of waiver and res judicata. Where the petitioner has appealed his convictions, all issues actually adjudicated on direct appeal are now res judicata, and all issues which petitioner could have raised in his direct appeal but failed to raise are now deemed waived. People v. Stewart, 123 Ill.2d 368, 528 N.E.2d 631 (1988); People v. Gaines, 105 Ill.2d 79, 473 N.E.2d 868 (1984); People v. Derengowski, 44 Ill.2d 476, 256 N.E.2d 455 (1970).

4. According to the United States Supreme Court in Strickland v. Washington, a convicted defendant in order to prevail on a claim of ineffective assistance of counsel must show: "First, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." Strickland v. Washington, 104 S.Ct. 2052, 2055 (1984).

In judging an ineffective assistance of counsel claim, the benchmark is whether the attorney's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington (1984), 466 U.S. 668, 686, 80 L.Ed.2d 674, 692-93, 104 S.Ct. 2052, 2064). The Strickland analysis involves a two step inquiry. The defendant must show that his attorney's specific acts or omissions to act fell below the standard of reasonable professional judgment. (Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695, 104 S.Ct. at 2066; People v. Albanese (1984), 104 Ill.2d 504, 525, 473 N.E.2d 1246, 1255, cert. Denied sub nom., Albanese v. Illinois (1985), 471 U.S. 1044, 85 L.Ed.2d 335, 105 S.Ct. 1061.) The reasonableness of an attorney's action is determined in light of the facts of the particular case, viewed not in hindsight, but as of the time of the conduct. (Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695, 104 S.Ct. At 2066; People v. Spicer (1987), 163 Ill. App.3d 81, 93, 516 N.E.2d 491, 500, appeal denied (1988), 119 Ill.2d 571, 522 N.E.2d 1254.) There is a presumption that counsel has provided adequate assistance and has exercised reasonable professional judgment. Strickland, 466

U.S. at 690, 80 L.Ed.2d at 695, 104 S.Ct. At 2066; Spicer, 163 Ill. App.3d at 93; 516 N.E.2d at 499.

The inquiry into the competency of counsel will not generally extend to areas involving counsel's judgment, discretion, trial tactics or strategy. People v. Barfield, 187 Ill. App.3d 190, 543 N.E.2d 812 (1989); People v. Smith, 182 Ill. App.3d 1062, 538 N.E.2d 1268 (1989); People v. Puente, 125 Ill. App.3d 152, 465 N.E.2d 682 (1984); People v. Gallardo, 112 Ill. App.3d 764, 445 N.E.2d 1213 (1983).

> "The inquiry into the competency of counsel will not generally extend to the exercise of judgment, discretion, trial tactics or strategy even where appellate counsel or the reviewing court might have handled the matter differently. A defendant is entitled to competent, not perfect representation, and the fact that a tactic in retrospect proved unsuccessful does not demonstrate incompetence. People v. Barfield, 187 Ill.App.3d 190, 197, 543 N.E.2d 812, 816 (1989)

In People v. Shum, the Illinois Supreme Court in commenting upon the first part of the Strickland test stated as follows:

> As to the first element of the test, this court has held that alleged incompetency arising from a matter of trial tactics or strategy will not support a claim of ineffective representation.... even in a death penalty case.... People v. Shum, 117 Ill.2d 317, 370, 512 N.E.2d 1183, 1205 (1987).

In People v. Madej, the Illinois Supreme Court stated as follows:

> A claim of incompetency which arises from a matter of defense strategy will not, of course, support a claim of ineffective representation. People v. Madej, 106 Ill.2d 201, 214, 478 N.E.2d 392, 397 (1985).

As a general rule, decisions as to what matters to object to and when to object are matters of trial strategy. People v. Grant, 38 Ill. App.3d 62, 347 N.E.2d 244, 251 (1976). The extent to which

witnesses are cross-examined is a matter involving strategy. People v. Puente, 125 Ill. App.3d 152,

465 N.E.2d 682, 687 (1984).

The Illinois Supreme Court has stated, in People v. Bryant, (1989) 128 Ill.2d 448, 539 N.E.2d

1221, as follows, regarding the trial counsel's alleged failure to file a Motion:

> ....An attorney's decision to file or not to file a
> motion is regarded as a matter of trial strategy, which
> must be given great deference....When counsel is
> planning trial strategy, judgments must be made and
> any errors in judgment do not constitute ineffective
> assistance of counsel.... People v. Bryant, supra at p.
> 458-459.

The Strickland standard is also applicable to allegation of ineffective assistance of appellate

counsel. People v. Caballero, 126 Ill.2d 248, 533 N.E.2d 1089; People v. Ferro (1990) 195 Ill.

App.3d 282, 551 N.E.2d 1378; People v. Sanders, (1991) 209 Ill. App.3d 366, 568 N.E.2d 200

In Sanders, the Appellate Court specifically addressed the issue of alleged ineffective

assistance of appellate counsel as follows:

> "Counsel is not obligated to brief every
> conceivable issue on appeal. It is not incompetent for
> counsel to refrain from raising those issues which, in
> his judgment, are without merit, unless his appraisal
> of the merits is patently wrong... The two-part
> Strickland analysis is appropriate to test the adequacy
> of appellate counsel's representation as well as that of
> trial counsel, so a defendant must show that he was
> prejudiced by the defense...." People v. Sanders, 209
> Ill. App.3d 366, 568 N.E.2d 200, 107 (1991).

> .....Where the defendant maintains, for
> example, that his appellate attorney failed to argue a
> particular issue, he must show the failure to raise that
> issue was objectively unreasonable, as well as a
> reasonable probability that, but for this failure, his
> sentence or conviction would have been reversed.
> People v. Caballero, 126 Ill.2d 248, 270, 533 N.E.2d
> 1089, 1096 (1989).

27

The petitioner has not met his burden under any prong of the <u>Strickland</u> test.

5. The Appellate Court affirmed the conviction of the petitioner Charles Daniels in <u>People v. Daniels</u>, Appellate Number 1-02-2905. See attached People's (EXHIBIT I)

6. The Appellate Court also affirmed the mandatory Class X sentencing.

7. Since the petitioner was convicted after a bench trial he was not entitled to Supreme Court Rule 402 admonishments before being sentenced to mandatory supervised release. The 402 admonishments only apply to guilty pleas.

8. The petitioner's allegation that appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel is meritless because the alleged ineffectiveness involved matters of trial strategy which are not subject to judicial review in post-conviction cases. <u>People v. Barfield</u>, supra.

WHEREFORE, the respondent prays that an order be entered by this Honorable Court, striking the petitions for post-conviction relief of the petitioner Charles Daniels, and dismissing the proceedings.

Respectfully submitted,

RICHARD A. DEVINE

State's Attorney of
Cook County, Illinois

By: *John Haskins*

John Haskins
Assistant State's Attorney

5

1276/00)  CCCR 0056

**STATE OF ILLINOIS**
**COUNTY OF COOK** } ss:

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of  A (ONE) VOLUME SUPPLEMENTAL RECORD CONSISTING OF CERTAIN DOCUMENTS, ONLY NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE NOTICE OF APPEAL FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO. 06-2762

in a certain cause _____ LATELY _____ pending in said Court, between
The People of the State of Illinois _____ WERE _____, Plaintiffs and
CHARLES DANIELS _____ WAS _____, Defendant.

Witness:  DOROTHY BROWN,
Clerk of the court, and the Seal thereof, at Chicago
In said County, __FEBRUARY 5_____, 2007

_Dorothy Brown_
Clerk

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**