File Date:  May 15, 2008 

Case No:  07 cr 6475 

ATTACHMENT # _____

EXHIBIT ____7_____

TAB (DESCRIPTION) _____

```
XAV
M/AP91AP92
02.050 10.17.09
IL016023G  OPR/TF  PUR/C  REQ/KARPIAK,PSI
SID/IL18207540
```

(CONTINUED FROM PREVIOUS RESPONSE)

RECEIVED              09/05/1986    DOC CORRECTIONAL CENTER JOLIET

M~DATORY RELEASE  10/23/1989    DOC CORRECTIONAL CENTER JOLIET

-----------------------------------------------------------------------

ARREST

DCN: D05000827   DATE OF ARREST: 04/13/1986

NAME: DANIELS, CHARLES LANARD    DATE OF BIRTH: 02/06/1950

RESIDENCE:

ARRESTING AGENCY: COOK COUNTY SHERIFF'S POLICE   NCIC: IL0160000

AGENCY CASE #:    OFFICER BADGE #:    PHOTO AVAILABLE: NO

ARREST CHARGES

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1 | 38-32-10 | VIOLATION BAIL BOND O | | Z |

ARREST TYPE:    DATE OF OFFENSE: 12/09/1982

COURT CASE #: 82I605217

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 2 | 38-19-1 | BURGLARY | O | 2 |

ARREST TYPE:    DATE OF OFFENSE: 12/09/1982

COURT CASE #: 83C5927

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 3 | 38-19-1 | BURGLARY | O | 2 |

ARREST TYPE:    DATE OF OFFENSE: 12/09/1982

BOND INFORMATION

D~ ~ BONDED:   BOND RECEIPT#:   BOND AMOUNT:   BOND DEPOSIT:

STATES ATTORNEY SECTION

FILING DECISION: FILED   DECISION DATE: 04/13/1986

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1 | 38-32-10 | VIOLATION BAIL BOND O | | Z |

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY   NCIC: IL016013A

C  71

COUNT    STATUTE CITATION    LITERAL DESCRIPTION    CSAOD    CLASS

2        38-19-3-A           RESIDENTIAL BURGLARY    O       Z

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY    NCIC: IL016013A

COURT CASE #: 83C5927

END OF PAGE 012 -- MORE DATA WILL FOLLOW
END OF LEADS RESPONSE

C    72

02.050 10.17.09
IL016023G  OPR/TF  PUR/C  REQ/KARPIAK,PSI
SID/IL18207540

(CONTINUED FROM PREVIOUS RESPONSE)


COURT CHARGES/DISPOSITION

COUNT  STATUTE CITATION  LITERAL DESCRIPTION  CSAOD  CLASS

1      38-32-10           VIOLATION BAIL BOND O      Z

DISP: GUILTY   DISP DATE: 07/21/1986

CASE NO: 82I605217

AGENCY NAME: COOK COUNTY CIRCUIT COURT   NCIC: IL016025J

STATUS    SENTENCE    FINE AMOUNT    DATE

SENTENCED TO 3 YEARS  IMPRISONMENT-DOC   07/21/1986

COUNT  STATUTE CITATION  LITERAL DESCRIPTION  CSAOD  CLASS

2      38-19-3-A          RESIDENTIAL BURGLARY O     Z

DISP: GUILTY   DISP DATE: 07/21/1986

CASE NO: 83C5927

AGENCY NAME: COOK COUNTY CIRCUIT COURT   NCIC: IL016025J

STATUS    SENTENCE    FINE AMOUNT    DATE

SENTENCED TO 4 YEARS  IMPRISONMENT-DOC   07/21/1986

COUNT  STATUTE CITATION  LITERAL DESCRIPTION  CSAOD  CLASS

3      38-19-3-A          RESIDENTIAL BURGLARY O     Z

DISP: GUILTY   DISP DATE: 07/21/1986

CASE NO: 82I605217

AGENCY NAME: COOK COUNTY CIRCUIT COURT   NCIC: IL016025J

COUNT  STATUTE CITATION  LITERAL DESCRIPTION  CSAOD  CLASS

4      38-32-10           VIOLATION BAIL BOND O      Z

DISP: GUILTY   DISP DATE: 07/21/1986

CASE NO: 82I605217

AGENCY NAME: COOK COUNTY CIRCUIT COURT   NCIC: IL016025J

-----------------------------------------------------------------------

ARREST

DCN: CB7513205   DATE OF ARREST: 01/24/1986                    C    7 3

RESIDENCE:

ARRESTING AGENCY: CHICAGO POLICE DEPARTMENT    NCIC: ILCPD0000

AGENCY CASE #:    OFFICER BADGE #:    PHOTO AVAILABLE: NO

ARREST CHARGES

COUNT    STATUTE CITATION    LITERAL DESCRIPTION    CSAOD    CLASS

1      38-19-3-A              RESIDENTIAL BURGLARY    O       Z

END OF PAGE 013 -- MORE DATA WILL FOLLOW
END OF LEADS RESPONSE

*[handwritten:]*
96 CR 26001
R. Burg.
Theft    8-4-86
4/yr I.D.O.C.
Jd. Heyda
consec to
82665217
83-5527
83-938

(CONTINUED FROM PREVIOUS RESPONSE)

ARREST TYPE:     DATE OF OFFENSE: 01/24/1986

COURT CASE #: 86CR2060

BOND INFORMATION

DATE BONDED:     BOND RECEIPT#:     BOND AMOUNT:     BOND DEPOSIT:

STATES ATTORNEY SECTION

FILING DECISION: FILED     DECISION DATE: 01/24/1986

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1 | 38-19-3-A | RESIDENTIAL BURGLARY | O | Z |

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY     NCIC: IL016013A

COURT CASE #: 86CR2060

COURT CHARGES/DISPOSITION

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1 | 38-19-3-A | RESIDENTIAL BURGLARY | O | Z |

DISP: GUILTY   DISP DATE: 08/04/1986

CASE NO: 86CR2060

AGENCY NAME: COOK COUNTY CIRCUIT COURT     NCIC: IL016025J

| STATUS | SENTENCE | FINE AMOUNT | DATE |
|--------|----------|-------------|------|
| SENTENCED TO | 4 YEARS IMPRISONMENT-DOC | | 08/04/1986 |

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 2 | 38-19-3 | RESIDENTIAL BURGLARY | O | Z |

DISP: GUILTY   DISP DATE: 08/04/1986

CASE NO: 86CR2060

AGENCY NAME: COOK COUNTY CIRCUIT COURT     NCIC: IL016025J

| STATUS | SENTENCE | FINE AMOUNT | DATE |
|--------|----------|-------------|------|
| CONSECUTIVE | 4 YEARS IMPRISONMENT-DOC | | 08/04/1986 |

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 3 | 38-19-3 | RESIDENTIAL BURGLARY | O | 1 |

DISP: GUILTY   DISP DATE: 08/04/1986

STATUS    SENTENCE    FINE AMOUNT    DATE

SENTENCED TO   4 YEARS   IMPRISONMENT-DOC   $6.00   08/04/1986

COUNT    STATUTE CITATION    LITERAL DESCRIPTION    CSAOD    CLASS

4      38-16-1          THEFT              O      Z

DISP: NOLLE PROSEQUI    DISP DATE: 08/04/1986

END OF PAGE 014 -- MORE DATA WILL FOLLOW
END OF LEADS RESPONSE

02.050 10.17.09
IL016023G  OPR/TF  PUR/C  REQ/KARPIAK,PSI
SID/IL18207540

(CONTINUED FROM PREVIOUS RESPONSE)


CASE NO: 86CF000020600011

AGENCY NAME: COOK COUNTY CIRCUIT COURT    NCIC: IL016025J

------------------------------------------------------------------------

ARREST

DCN: CB6496270   DATE OF ARREST: 06/14/1982

NAME: DANIELS, WILLIAM C    DATE OF BIRTH: 02/06/1950

RESIDENCE:

ARRESTING AGENCY: CHICAGO POLICE DEPARTMENT   NCIC: ILCPD0000

AGENCY CASE #:    OFFICER BADGE #:    PHOTO AVAILABLE: NO

ARREST CHARGES

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1     | 38-19-1-A        | BURGLARY            | O     | Z     |

ARREST TYPE:    DATE OF OFFENSE: 06/14/1982

COURT CASE #: 82-6087

BOND INFORMATION

DATE BONDED:    BOND RECEIPT#:    BOND AMOUNT:    BOND DEPOSIT:

STATES ATTORNEY SECTION

FILING DECISION: FILED   DECISION DATE: 06/14/1982

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1     | 38-19-3-A        | RESIDENTIAL BURGLARY | O    | Z     |

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY   NCIC: IL016013A

COURT CASE #: 82-6087

FILING DECISION: FILED   DECISION DATE: 06/14/1982

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 2     | 38-32-10         | VIOLATION BAIL BOND | O     | Z     |

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY   NCIC: IL016013A

COURT CASE #: 83-938

COURT CHARGES/DISPOSITION

C   77

DISP: GUILTY    DISP DATE: 07/04/1986

CASE NO: 82-6087

AGENCY NAME: COOK COUNTY CIRCUIT COURT    NCIC: IL016025J

STATUS    SENTENCE    FINE AMOUNT    DATE

CONCURRENT  4 YEARS   IMPRISONMENT-DOC    07/03/1986

END OF PAGE 015 -- MORE DATA WILL FOLLOW
END OF LEADS RESPONSE

C    78

02.050 1C.17.09
IL016023G   OPR/TF   PUR/C   REQ/KARPIAK,PSI
SID/IL18207540

(CONTINUED FROM PREVIOUS RESPONSE)


SENTENCED TO  4 YEARS   IMPRISONMENT-DOC   07/04/1986

COUNT   STATUTE CITATION   LITERAL DESCRIPTION   CSAOD   CLASS

2      38-32-10          VIOLATION BAIL BOND O      Z

DISP: GUILTY   DISP DATE: 07/04/1986

CASE NO: 83-938

AGENCY NAME: COOK COUNTY CIRCUIT COURT   NCIC: IL016025J

STATUS    SENTENCE   FINE AMOUNT   DATE

CONCURRENT  4 YEARS   IMPRISONMENT-DOC   07/03/1986

SENTENCED TO  4 YEARS   IMPRISONMENT-DOC   07/04/1986

COUNT   STATUTE CITATION   LITERAL DESCRIPTION   CSAOD   CLASS

3      38-32-10          VIOLATION BAIL BOND O      Z

DISP: GUILTY   DISP DATE: 07/03/1986

CASE NO: 83938

AGENCY NAME: COOK COUNTY CIRCUIT COURT   NCIC: IL016025J

COUNT   STATUTE CITATION   LITERAL DESCRIPTION   CSAOD   CLASS

4      38-19-3-A          RESIDENTIAL BURGLARY  O      Z

DISP: GUILTY   DISP DATE: 07/03/1986

CASE NO: 826087

AGENCY NAME: COOK COUNTY CIRCUIT COURT   NCIC: IL016025J

------------------------------------------------------------------------

ARREST

DCN: D03681176   DATE OF ARREST: 04/30/1982

NAME: DANIELS, CHARLES L   DATE OF BIRTH: 02/06/1950

RESIDENCE:

ARRESTING AGENCY: CALUMET CITY POLICE DEPARTMENT   NCIC: IL0161700

AGENCY CASE #: 13354   OFFICER BADGE #:   PHOTO AVAILABLE: NO

ARREST CHARGES

COUNT   STATUTE CITATION   LITERAL DESCRIPTION   CSAOD   CLASS

C   79

ARREST TYPE: DATE OF OFFENSE: 04/30/1982

BOND INFORMATION

DATE BONDED:    BOND RECEIPT#:    BOND AMOUNT:    BOND DEPOSIT:

STATES ATTORNEY SECTION

FILING DECISION: DIRECT FILED WITH COURT    DECISION DATE:

END OF PAGE 016 -- MORE DATA WILL FOLLOW
END OF LEADS RESPONSE

02.050 10.17.09
IL016023G  OPR/TF  PUR/C  REQ/KARPIAK,PSI
SID/IL18207540

(CONTINUED FROM PREVIOUS RESPONSE)


| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1     | 38-19-1-A        | BURGLARY            | O     | Z     |

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY    NCIC: IL016013A

--------------------------------------------------------------------

ARREST

DCN: D02720394   DATE OF ARREST: 08/21/1981

NAME: DANIELS, CHARLES LANARD    DATE OF BIRTH: 02/06/1950

RESIDENCE:

ARRESTING AGENCY: EVANSTON POLICE DEPARTMENT    NCIC: IL0163200

AGENCY CASE #: 18907   OFFICER BADGE #:    PHOTO AVAILABLE: NO

ARREST CHARGES

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1     | 38-19-1-A        | BURGLARY            | O     | 2     |

ARREST TYPE:   DATE OF OFFENSE: 08/21/1981

BOND INFORMATION

DATE BONDED:   BOND RECEIPT#:   BOND AMOUNT:   BOND DEPOSIT:

STATES ATTORNEY SECTION

FILING DECISION: FILED   DECISION DATE: 08/21/1981

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1     | 38-19-1-A        | BURGLARY            | O     | Z     |

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY    NCIC: IL016013A

COURT CHARGES/DISPOSITION

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1     | 38-19-1-A        | BURGLARY            | O     | Z     |

DISP: GUILTY   DISP DATE: 02/16/1982

CASE NO:

AGENCY NAME: COOK COUNTY CIRCUIT COURT    NCIC: IL016025J

STATUS    SENTENCE    FINE AMOUNT    DATE

C    81

**ARREST**

**DCN: CB6184417    DATE OF ARREST: 07/25/1981**

**NAME: DANIELS, CHARLES      DATE OF BIRTH: 02/06/1950**

**RESIDENCE:**

**END OF PAGE 017 -- MORE DATA WILL FOLLOW**
**END OF LEADS RESPONSE**

02.050 10.17.09
IL016023G  OPR/TF  PUR/C  REQ/KARPIAK,PSI
SID/IL18207540

(CONTINUED FROM PREVIOUS RESPONSE)


ARRESTING AGENCY: CHICAGO POLICE DEPARTMENT   NCIC: ILCPD0000

AGENCY CASE #:    OFFICER BADGE #:    PHOTO AVAILABLE: NO

ARREST CHARGES

COUNT   STATUTE CITATION   LITERAL DESCRIPTION   CSAOD   CLASS

1       38-19-1            BURGLARY              O       Z

ARREST TYPE:    DATE OF OFFENSE: 07/25/1981

COURT CASE #: 81-17796

BOND INFORMATION

DATE BONDED:    BOND RECEIPT#:    BOND AMOUNT:    BOND DEPOSIT:

STATES ATTORNEY SECTION

FILING DECISION: FILED   DECISION DATE: 07/25/1981

COUNT   STATUTE CITATION   LITERAL DESCRIPTION   CSAOD   CLASS

1       38-19-1            BURGLARY              O       Z

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY    NCIC: IL016013A

COURT CASE #: 81-17796

COURT CHARGES/DISPOSITION

COUNT   STATUTE CITATION   LITERAL DESCRIPTION   CSAOD   CLASS

1       38-19-1            ATTEMPT BURGLARY      A       Z

DISP: GUILTY   DISP DATE: 08/13/1981

CASE NO: 81-17796

AGENCY NAME: COOK COUNTY CIRCUIT COURT   NCIC: IL016025J

STATUS    SENTENCE    FINE AMOUNT    DATE

SENTENCED TO   30 MONTHS   PROBATION   08/13/1981

----------------------------------------------------------------------

ARREST

DCN: CB6040296   DATE OF ARREST: 02/12/1981

NAME: DANIELS, CHARLES L    DATE OF BIRTH: 02/06/1950

RESIDENCE:

C   83

**ARREST CHARGES**

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1 | 38-21-2 | CRIMINAL TRESPASS VEHICLE | O | Z |

ARREST TYPE:      DATE OF OFFENSE: 02/12/1981

COURT CASE #: 81113707101

**BOND INFORMATION**

END OF PAGE 018 -- MORE DATA WILL FOLLOW
END OF LEADS RESPONSE

C    8 4

IL016023G  OPR/TF  PUR/C  REQ/KARPIAK,PSI
SID/IL18207540

(CONTINUED FROM PREVIOUS RESPONSE)

DATE BONDED:    BOND RECEIPT#:    BOND AMOUNT:    BOND DEPOSIT:

STATES ATTORNEY SECTION

FILING DECISION: FILED    DECISION DATE: 02/12/1981

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1     | 38-21-2          | CRIMINAL TRESPASS VEHICLE | O | Z |

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY    NCIC: IL016013A

COURT CASE #: 81113707101

COURT CHARGES/DISPOSITION

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1     | 38-21-2          | CRIMINAL TRESPASS VEHICLE | O | A |

DISP: STRICKEN ON LEAVE    DISP DATE: 04/20/1981

CASE NO: 81113707101

AGENCY NAME: COOK COUNTY CIRCUIT COURT    NCIC: IL016025J

-----------------------------------------------------------------------

ARREST

DCN: CB4880993    DATE OF ARREST: 01/04/1977

NAME: DANIELS, CHARLES L    DATE OF BIRTH: 02/06/1950

RESIDENCE:

ARRESTING AGENCY: CHICAGO POLICE DEPARTMENT    NCIC: ILCPD0000

AGENCY CASE #:    OFFICER BADGE #:    PHOTO AVAILABLE: NO

ARREST CHARGES

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1     | 56.5-704         | POSSESSION OF CANNABIS | O | Z |

ARREST TYPE:    DATE OF OFFENSE: 01/04/1977

BOND INFORMATION

DATE BONDED:    BOND RECEIPT#:    BOND AMOUNT:    BOND DEPOSIT:

STATES ATTORNEY SECTION

FILING DECISION: FILED    DECISION DATE: 01/04/1977

C    85

AGENCY NAME: COOK COUNTY STATE'S ATTORNEY    NCIC: IL016013A

COURT CHARGES/DISPOSITION

| COUNT | STATUTE CITATION | LITERAL DESCRIPTION | CSAOD | CLASS |
|-------|------------------|---------------------|-------|-------|
| 1 | 56.5-704 | POSSESSION OF CANNABIS | O | Z |

END OF PAGE 019 -- MORE DATA WILL FOLLOW
END OF LEADS RESPONSE

```
XAV
M/AP91AP92
02.050 10.17.09
IL016023G  OPR/TF  PUR/C  REQ/KARPIAK,PSI
SID/IL18207540
```

(CONTINUED FROM PREVIOUS RESPONSE)

 DISP: STRICKEN ON LEAVE    DISP DATE: 01/28/1977

 CASE NO:

 AGENCY NAME: COOK COUNTY CIRCUIT COURT    NCIC: IL016025J

 =====END OF RAPSHEET=====

 STATE  USE  ONLY

 TITLE 42 USC 3787G PERTAINING TO CRIMINAL HISTORY INFORMATION.
-----------------------------------------------------------------------

END OF PAGE 020 -- END OF RECORD
 END OF LEADS RESPONSE

```
XAV
M/AP91AP92
FL01XAVMMAP91AP92
IL016023G
THIS INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
RECORD REQUEST FOR FBI/754807AA7. INDIVIDUAL'S RECORD WILL BE
COMPLETE WHEN ALL RESPONSES ARE RECEIVED FROM THE FOLLOWING SOURCES:
 FBI           - FBI/754807AA7
 OHIO          - STATE ID/OHB086115
 PENNSYLVANIA  - STATE ID/PA16039268
END
    END OF LEADS RESPONSE
```

```
AP91
XAV
M/AP91AP92
4L01XAVMMAP91AP92
IL016023G
```

ATN/ADULT PROBATION DEPARTMENT
THIS RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST-754807AA7.
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                    - FBI IDENTIFICATION RECORD -


WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                                      FBI NO.          DATE REQUESTED
BIAS,OTIS                                 754807AA7        2002/02/19

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    B     1959/11/21  602     195     BRO   BRO   LOUISIANA

FINGERPRINT CLASS    PATTERN CLASS
PO PI 13 16 13       WU WU RS RS RS WU LS LS LS LS
PM 10 16 14 12             WU WU       WU WU

1-ARRESTED OR RECEIVED 1981/02/12
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
      END OF LEADS RESPONSE

    AGENCY CASE-600298 NAME USED-DANIELS,CHARLES L
    CHARGE 1-CRIMINAL TRESPASS TO VEHICLE

  COURT-
    CHARGE-CRIMINAL TRESPASS TO VEHICLE
    SENTENCE-
    4/20/81 CHARGE DISMISSED

2-ARRESTED OR RECEIVED 1981/07/25
   AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
    AGENCY CASE-486907 NAME USED-DANIELS,CHARLES L
    CHARGE 1-BURGLARY

  COURT-
    1981/08/12 DISPOSITION-CONVICTED-
    CHARGE-BURGLARY CHNGD TO ATT BURG
    SENTENCE-3Y PROBATION
    GUILTY PLEA-FG F PROBATION

3-ARRESTED OR RECEIVED 1981/08/21
   AGENCY-POLICE DEPARTMENT EVANSTON (IL0163200)
    AGENCY CASE-18907 NAME USED-DANIELS,CHARLES LANARD
    CHARGE 1-BURGLARY

4-ARRESTED OR RECEIVED 1982/04/30
   AGENCY-POLICE DEPARTMENT CALUMET CITY (IL0161700)
    AGENCY CASE-13354 NAME USED-DANIELS,CHARLES
    CHARGE 1-BURGLARY

5-ARRESTED OR RECEIVED 1982/06/14
   AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
    END OF LEADS RESPONSE

      AGENCY CASE-486907 NAME USED-DANIELS,WILLIAM L
      CHARGE 1-BURG

    COURT-
      DISPOSITION-CHARGE DISMISSED-
      CHARGE-BURG
      SENTENCE-
      SOL-WRT,02-10-83,ON CHARGE OF JUMP BAIL

5-ARRESTED OR RECEIVED 1983/02/25
    AGENCY-DOC-IDENT DIV LOUISVILLE (KY056023C)
      AGENCY CASE-262383J NAME USED-BIAS,OTTIS C-JR
      CHARGE 1-COMPLICITY TO FORGERY II

7-ARRESTED OR RECEIVED 1983/04/13
    AGENCY-CO SHER-PD COMM CTR MAYWOOD (IL0160000)
      AGENCY CASE-354081 NAME USED-DANIELS,CHARLES LANARD
      CHARGE 1-BURGLARY 2 CTS
      CHARGE 2-VIOL BAIL BOND

8-ARRESTED OR RECEIVED 1984/01/18
    AGENCY-CO GOVT-DIV OF POL LEXINGTON (KY0340200)
      AGENCY CASE-36142
      CHARGE 1-RECEIVING STOLEN PROPERTY-F-3 CTS 2803
              DISPOSITION-TOT ANOTHER AGENCY-
      CHARGE 2-COMPLICITY
              DISPOSITION-TOT ANOTHER AGENCY-
      CHARGE 3-BURGLARY 3RD
              DISPOSITION-TOT ANOTHER AGENCY-
    END OF LEADS RESPONSE

        CHARGE 4-THEFT BY UNLAWFUL TAKING-F-2300
                  DISPOSITION-TOT ANOTHER AGENCY-
        CHARGE 5-ASSAULT 3RD 1300
                  DISPOSITION-TOT ANOTHER AGENCY-
        CHARGE 6-POSSESSION OF HANDGUN BY FELON 5299
                  DISPOSITION-TOT ANOTHER AGENCY-
        CHARGE 7-RESISTING ARREST
                  DISPOSITION-TOT ANOTHER AGENCY-
        CHARGE 8-CARRYING CONCEALED DEADLY WEAPON 5202
                  DISPOSITION-TOT ANOTHER AGENCY-
     ADDITIONAL ARREST DISPOSITION-TOT THE GRAND JURY

9-ARRESTED OR RECEIVED 1986/02/10W (PRT REC)
   AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
      AGENCY CASE-486907 NAME USED-REID,ALPHONSO
      CHARGE 1-BURGLARY

10-ARRESTED OR RECEIVED 1986/09/05
    AGENCY-RECPT/CLASS CORR CTR JOLIET (IL099015C)
      AGENCY CASE-N63102 NAME USED-REID,ALPHONSO
      CHARGE 1-RESIDENTIAL BURGLARY-2
      CHARGE 2-VIOL OF BAIL BOND

   COURT-
      DISPOSITION-
      CHARGE-RESIDENTIAL BURGLARY-2
      SENTENCE-
     END OF LEADS RESPONSE

XAV
NCIC.
```
    4Y-1CS
    DISPOSITION-
    CHARGE-VIOL OF BAIL BOND
    SENTENCE-4Y CONFINEMENT
    2CC
```

11-ARRESTED OR RECEIVED 1992/04/06
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       AGENCY CASE-486907 NAME USED-DANIELS,CHARLES
       CHARGE 1-CTTV

12-ARRESTED OR RECEIVED 1992/08/06
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       AGENCY CASE-0486907 NAME USED-DANIELS,CHARLES
       CHARGE 1-BURGLARY

13-ARRESTED OR RECEIVED 1993/05/28
    AGENCY-RECPT/CLASS CORR CTR JOLIET (IL099015C)
       AGENCY CASE-N63102 NAME USED-DANIELS,CHARLES
       CHARGE 1-RESIDENTAIL BURGLARY

    COURT-
       CHARGE-RESIDENTAIL BURGLARY
       SENTENCE-
       10 YS

14-ARRESTED OR RECEIVED 1996/03/13
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       NAME USED-CHARLES,DANIELS
       CHARGE 1-PAROLE VIOLATION

15-ARRESTED OR RECEIVED 1997/08/29
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       NAME USED-DANIELS,CHARLES
       END OF LEADS RESPONSE

NCIC.
         CHARGE 1-CRIMINAL TRESPASS

16-ARRESTED OR RECEIVED 1997/09/22
    AGENCY-POLICE DEPARTMENT ORLAND PARK (IL0168300)
       AGENCY CASE-01CR976565 NAME USED-DANIELS,CHARLES LANARD
       CHARGE 1-FORGERY

17-ARRESTED OR RECEIVED 1998/11/19
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       NAME USED-DANIELS,CHARLES L
       CHARGE 1-POSS CS-COCAINE
       CHARGE 2-IND SOL OF ADUL

18-ARRESTED OR RECEIVED 1999/02/15
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       NAME USED-DANIELS,CHARLES L
       CHARGE 1-CRIM TRESP TO VEH

19-ARRESTED OR RECEIVED 1999/04/15
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       NAME USED-DANIELS,CHARLES
       CHARGE 1-RESIDENTIAL BURGLARY

20-ARRESTED OR RECEIVED 1999/07/23
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       AGENCY CASE-T-443953 NAME USED-DANIELS,CHARLES
       CHARGE 1-POSS. DRUG PARAPHERNALIA

21-ARRESTED OR RECEIVED 2000/01/28
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
      END OF LEADS RESPONSE

C   84

NCIC.
       AGENCY CASE-T-443953 NAME USED-DANIELS,CHARLES
       CHARGE 1-THEFT LABOR/SERVICES

22-ARRESTED OR RECEIVED 2000/02/12
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       AGENCY CASE-T-443953 NAME USED-DANIELS,CHARLES
       CHARGE 1-BURGLARY

2? ARRESTED OR RECEIVED 2000/05/07
    AGENCY-POLICE DEPARTMENT CHICAGO (ILCPD0000)
       AGENCY CASE-T-443953 NAME USED-BRADY,WILLIAM
       CHARGE 1-CRIMINAL TRESPASS TO LAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
*          WANTED                                                    *
*                                                                    *
*  CONFIRM THAT WARRANT IS STILL OUTSTANDING                         *
*                                                                    *
*  AGENCY-SHERIFF'S OFFICE CINCINNATI (OH0310006)                    *
*  WANTED-NCIC
W998972165                                         *
    END OF LEADS RESPONSE

NCIC.
* BIAS,OTIS                                                          *
* PUBLIC ORDER CRIMES                                                *
* CASE
016941                                                          *
* DATE OF WARRANT 10/11/1984                                         *
* NOTIFY OH0310006 SHERIFF'S OFFICE CINCINNATI OH                    *
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADDITIONAL CRIMINAL HISTORY RECORD INFORMATION IS MAINTAINED BY THE
FOLLOWING STATES(S):
OHIO -STATE ID/OHB086115
PENNSYLVANIA -STATE ID/PA16039268

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

END OF RECORD
    END OF LEADS RESPONSE

XAV  10.?1.59 02/19/02 OH:  0000
IL016023G

HDR/2L01XAVMMAP91AP92  .
ATN/ADULT PROBATION DEPARTMENT.
PART 1
THE FOLLOWING RECORD PERTAINS TO SID/OHB086115
------------------------------------------------------------------------
         STATE OF OHIO, OFFICE OF THE ATTORNEY GENERAL    BETTY MONTGOMERY
          BUREAU OF CRIMINAL IDENTIFICATION & INVESTIGATION (OHBCI0000)
                  P.O. BOX 365, LONDON, OHIO 43140
         VALIDATED CRIMINAL HISTORY RECORD:  DRE/1983APR04  DLU/2001MAR14
MKE/CHR  PUR/C  ORI/IL016023G  REQ/ADULT PROBATION DATE/2002FEB19 TIME/11:18:56
------------------------------------------------------------------------
BCI/B086115    NAM/BIAS, OTIS                       POB/LA    AGE/42
DOB/1959NOV21  SEX/M  RAC/B  HGT/602   WGT/195  EYE/BRO  HAI/BRO  SMT/SC R WRIST
FBI/754807AA7  SOC/                    HFP/12O  21 W IOO 12   FPC/PO PI 12 15 12
MNU/AN-136190                          M  17 U OOO 12         PM 11 15 15 12
LKA/
HCC/001    MULTISTATE-OFFENDER      LOADED-AT-III
CVF/       EVF/       HVF/       RSO/       FCF/        HGF/


CYCLE/01      DOA/1983MAR25  SEQ/01 ------------ DRE/1983APR04  DLU/1983APR04

   ARREST   AGENCY/OH0310010 OH HAMCO - CINCINNATI PD IDENT       ARREST
/136190
      01/RECEIVING STOLEN PROPERTY 2CHGS      EAG/OHBCI0000
         2913.51
      ADD/PENDING

*** NOTE:  THIS IS A MULTISTATE OFFENDER
WHERE DISPOSITIONS ARE NOT SHOWN -OR- FURTHER EXPLANATION OF A DISPOSITION
OR CHARGE IS DESIRED, PLEASE CONTACT THE ARRESTING AGENCY.
THIS DATA, BASED ON FINGERPRINT IDENTIFICATION BY BCI, IS ONLY TO BE USED FOR
CRIMINAL JUSTICE PURPOSES AS DEFINED BY THE NCIC ADVISORY POLICY BOARD.
USE \OHSIRHELP TO OBTAIN A COPY OF THE OHIO HELP FILE IF YOU HAVE ANY
QUESTIONS ABOUT SOME OF THE FIELDS CONTAINED ON OHIO RAP SHEETS *END*

END OF PART 1 - END OF RECORD  END OF LEADS RESPONSE

```
HDR/2L01XAVMMAP91AP92
ATN/ADULT PROBATION DEPARTMENT
THE FOLLOWING RECORD PERTAINS TO SID/PA16039268

SP4-137B
          PENNSYLVANIA STATE POLICE CENTRAL REPOSITORY
    1800 ELMERTON AVENUE HARRISBURG, PENNSYLVANIA  17110  717-787-9092

ATTN: ADULT PROBATION DEPARTMENT  ORI: IL016023G

---------------------------------------------------------------------

 USE OF THE FOLLOWING CRIMINAL HISTORY RECORD FOR  *** SID/160-39-26-8 ***
 REGULATED BY ACT 47, AS AMENDED.  *** III - MULTIPLE STATE OFFENDER ***
---------------------------------------------------------------------
DOB: 02/06/1952   SEX: M   RAC: B   SOC:            FBI: 754807AA7
---------------------------------------------------------------------
NAME: DANIEL,DONALD J                 OTN: B355960-3
ARRESTED: 08/27/1984  PAPPD0000 PITTSBURGH PD              OCA: 163916

          CC4106   ACCESS DEVICE FRAUD        DISPOSITION UNREPORTED
          CC3925   RECEIVING STOLEN PROPERTY
          CC4101   FORGERY 002 CTS
          CC3922   THEFT BY DECEPTION
          CC0903   CRIMINAL CONSPIRACY/
                   FORGERY (CC4101   )
PAROLE INFORMATION: BOARD OF PROBATION AND PAROLE       OCA: 6253S
                         EFFECTIVE: 10/04/1985  MAXIMUM: 12/18/1985
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: GEORGE,TERRY                    OTN: B358537-4
ARRESTED: 10/27/1984  PAPPD0000 PITTSBURGH PD              OCA: 163916
DISPOSITION DATE: 12/06/1984  DISTRICT JUSTICE: 05001

10/27/1984  CC3925   RECEIVING STOLEN PROPERTY     NOLLE PROSSED/WITHDRAWN
10/27/1984  CS13A16  VIO CS/DRUG/DEV & COSMETIC ACT  NOLLE PROSSED/WITHDRAWN
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: GEORGE,CHARLES                  OTN: B359087-1
ARRESTED: 11/13/1984  PAPPD0000 PITTSBURGH PD              OCA: 163916
DISPOSITION DATE: 03/15/1985  COMMON PLEAS DOCKET: 8412335A

11/13/1984  CC3304   CRIMINAL MISCHIEF - M2        PLEAD GUILTY
                                                   REGIONAL CORRECTION
                                                   11 MOS 15 DYS - 23 MOS
11/13/1984  CC3502   BURGLARY - F1                 PLEAD GUILTY
                                                   REGIONAL CORRECTION
                                                   11 MOS 15 DYS - 23 MOS
PAROLE INFORMATION: BOARD OF PROBATION AND PAROLE       OCA: 6253S
                         EFFECTIVE: 10/04/1985  MAXIMUM: 12/18/1985
++ +++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: BIAS,OTTIS                      OTN: B359302-6
ARRESTED: 11/21/1984  PAPPD0000 PITTSBURGH PD              OCA: 163916
DISPOSITION DATE: 03/15/1985  C  END OF LEADS RESPONSE
```

HONORABLE JUDGE THOMAS DAVY
BRIDGEVIEW CRIMINAL COURT

APRIL 16, 2002

CHARLES L. DANIELS
RE: MITIGATION PRIOR TO SENTENCING DECISION

HONORABLE JUDGE DAVY:

I thank you for this Golden opportunity during allocution to share some cognitive factors in my Spiritual battles with Demonic spirits, manifesting themselves through my Criminal aberrance, causing me to have squandered in listening to those voices of seeming necessity, the pursuit of GOD & his blessings. The road that my ignorance has led me is/has been Hell, which is also both the state of condition and mind, as these voices have sought to destoy me since my matriculation from **Rice University, Houston Texas**, and the Entrepreneurial opportunities that have been open to me because of my knowledge and education.

Since **1979,** upon returning to Chicago from the Middle East and the Holy Lands of Jerusalem's Church of Nativity, the " **CALLING** "   which I received while upstairs within the " **UPPER ROOM** "  has been something that I until now thought I had a choice to obey or comply with when I was prepared.  Even after repeated Arrests and imprisonments, I thought it was simply Bad Luck.  How wrong I had/have been in retrospect at the downward deterioration of my rebellion to the " **Calling** "  . Like <u>**Moses**</u> **&** <u>**Jonah**</u> of the **HOLY BIBLE GOD'S PURPOSES & CALLINGS ARE IRREVOCABLE.**

### DIVINE VISITATION

On **June 3, 2000,** I was awakened by a Sharp overwhelming pain in my chest, that I thought was a Heart attack, as my chest became constricted and my breathing was shallow.  I was left unable to move while lying inside of the cell feeling all my waste & body fluids flowing outside of me.  Throughout that night, immobolized and unable to speak, or call for help My Life passed in front of me. Angels of Death

were prepared to usher me across the River of Life into Death.  I felt myself

helpless, floating away, and I cried out in my spirit what I could of the

Fifty-first chapter of Psalms 51.

In exchange for my life and ability to still be alive today, I pledge to

the Creator God to eagerly, joyfully and fearfully actuate his will and purpose(s)

for having pre-destined me for the contemporary times in which I presently live

to teach, and spread the Gospel of Jesus Christ and his coming kingdom on Earth.

Beyond that which I had been proselytized through the dozen family ministers,

God has revealed to me in Secret as reflected in AMOS 3:7 - the Seven Mysteries

withheld from the wise and prudent;( I haven't space sufficient to elaborate

but would if you desired posit them for your knowledge later, if requested.)

Towards doing the Will of GOD as has been destined, these past two years

here at County, have trully allowed me to in penitence and prayer find God.

My soul's paradox of Love, has now been justified as my Spirit has been quickened

into a Newness and regeneration where my whole being senses its kinship to him

and leaps up in joyous recognition.  Fortunately, this is not an end but an

inception, for the glorious pursuit and exploration of the Infinite riches of the

GODHEAD calling have no limitation.  This New work of Love by and through his

Prevenient Grace has for two years lifted me from the Misty Lowlands where I had

so very very long wondered.

### CONCLUSION

Today, my appearance before you is humbling as I have sincerely prayed in

Fear and trembling that PROVERBS 21:1- IS A TRUSISM:

" THE KINGS HEART IS IN THE HANDS OF THE LORD GOD, AS THE RIVERS
       OF WATER, HE TURNETH IT WHITHERSOEVER HE WILL. "     Proverbs 21:1

My Directives are Clear & Thorough; My Calling is Irrevocable- His DIVINE SPIRIT

guards, guides and protects me with the certainty that Death is assured for any

deviation or further rebellion to that which over Eight-hundred days of opportunity to contemplate in Spiritual solitude and reflect on these events and **profundities**.

My prayer of Relief are **Squarely** your Sagicity to concede my understanding that your **Mercy** if Abused will reap the cup of Holy Wrath reserved through the **Angel of Death** previous visitation.  **Time shall surely evidence whether I stray or cover the multitude of my Sins & Errors.  I Thank you in Advance for opportunity to Live and fulfill my purpose and potential, cognizant that it is a TERRIBLE THING to fall into the Hands of the LIVING GOD.**

          " He who conceals his Sin does not prosper, but whoever confesses
                and renounces them finds mercy."    Proverbs 28:13



                                        Sincerely I remain,

                                        *Charles L. Daniels*

                                        **CHARLES L. DANIELS**

# 𝕳𝖔𝖑𝖞 𝕷𝖆𝖓𝖉 𝕿𝖔𝖚𝖗
## 1979

C. Daniels
(ME)



# 𝕿𝖍𝖊 𝕭𝖗𝖆𝖉𝖞 𝕱𝖆𝖒𝖎𝖑𝖞

C. Daniels



Sons, Malachi Brady; Rev. H. Brady, Jr. Grandson, Charles Daniels; Son, Floyd Brady, Rev. H.B. Brady, Sr.; Grandsons, Alvin Daniels and William Daniels; Brother, Moses Wills; Sis. K. Brady, seated.

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )
                    Plaintiff,     )
                                   )
        -vs-                       )    No.  00 CR 7104
                                   )
CHARLES DANIELS,                   )
                    Defendant.     )

### ANSWER TO DISCOVERY

Now comes the Defendant, CHARLES DANIELS, by and through his attorney, DENNIS HUGH SHERMAN, and answers the State's motion for pre-trial discovery as follows:

1. The Defendant will rely upon the inability of the State to prove him guilty beyond a reasonable doubt.  The defendant will rely on any defenses consistent with a plea of not guilty.

2.   The defendant may or may not testify.  The defendant may call any witnesses whose names appear in the police reports, any grand jury proceedings, or preliminary hearings, or which appear on the State's Answer to Discovery.

3.   None.

4.   None.

5.   Will comply.

Respectfully submitted,

DENNIS HUGH SHERMAN

DENNIS HUGH SHERMAN
150 N. Wacker Drive, Suite 2460
Chicago, IL 60606
312/372-3757

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**THE PEOPLE OF THE STATE OF ILLINOIS**

(or Municipality of: _____ )

                                                    **Plaintiff,**

                    **vs.**

_Charles Daniels_ _____

_____

_____

                                            **Defendant.**

Charge for _BURGLARY_____

_____

No. _00 CR 7104_____

   I, the undersigned, do hereby waive jury trial and submit the above entitled cause to the Court for hearing.

Dated: _____ _6 - 5_____, _2002_

Signed: _Charles Daniel_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

C   104

2152
PLACITA — APPEAL

CCG—76A—5M—10—2—90 (01218)

## UNITED STATES OF AMERICA

STATE OF ILLINOIS    |    SS.
COUNTY OF COOK       |

PLEAS, before the Honorable ...**THOMAS M. DAVY**.....................................................

one of the Judges of the Circuit Court of Cook County, in the State of Illinois, holding a

branch of said Court, at the Court House in said County, and State, on ..**JULY 16,**...............

in the year of our Lord,  Two Thousand **AND TWO.**XXXXXXXXXXXXXXXXXXXXXXXXand of the Independence

of the United States of America, the Two Hundredth and ....**TWENTY-SIXTH YEAR.**.................

PRESENT:—The Honorable..**PAUL P. BIEBEL, JR**..............
Judge of the Circuit Court of Cook County.

RICHARD A. DEVINE..............State's Attorney

MICHAEL F. SHEAHAN.............Sheriff

Clerk.........DOROTHY BROWN

Attest:

C    105

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS          )
                                         )
                    Plaintiff,           )
                                         )
        -vs-                             )        No.   00 CR 7104
                                         )
CHARLES DANIELS,                         )
                                         )
                    Defendant.           )

### MOTION FOR NEW TRIAL

Now comes, CHARLES DANIELS, by and through his attorney, DENNIS HUGH SHERMAN, after a finding of guilty and before sentencing and respectfully moves this court to set aside the finding of guilty in the above entitled cause and grant him a new trial or enter a finding of not guilty, it being expressly understood that defense counsel has not yet been furnished with an official transcript of the trial and makes this motion on behalf of his client, without prejudice to or waiving the later discovery of error in the trial record.

In support whereof, defendant states:

1.    The State failed to prove the defendant guilty beyond a reasonable doubt.

2.    That the State failed to prove every material allegation of the indictment beyond a reasonable doubt.

3.    That the finding was against the weight of the evidence.

4.    The Defendant was denied due process and equal protection of law, and did not receive a fair and impartial trial as guaranteed them under Article Two Section 2 and 10 of the

Constitution of the State of Illinois and the Fourteenth Amendment to the United States Constitution.

5.   That the court erred in denying Defendant's motion for finding of not guilty at the close of the State's case.

6.   That the evidence showed that the building and the empty apartment were residences and therefore the Defendant could not be convicted of burglary.

**WHEREFORE**, the defendant prays this Court to set aside the finding of guilty, make a finding of the defendant's innocence or set the matter down for a new trial.

Respectfully submitted,

DENNIS HUGH SHERMAN

DENNIS HUGH SHERMAN
150 N. Wacker Drive
Suite 2460
Chicago, IL 60606
312/372-3757
Attorney No.:   21037

# NOTIFICATION OF MOTION

Date Received ___8-21-02___    Date To be Heard ___8-26-03___

Deft's Name ___Charles Daniel___

Case No. ___00 CR 7104 - 01___    Charge ___BURG___

Before Judge ___DAVY___    Nature of Motion ___MTN TO RED___

___Sentence___

DOROTHY GORMAN
FILED
AUG 2 1 2002
DOROTHY BROWN
CLERK OF CIRCUIT COURT

Attorney's Name ___Dennis Hugh Sherman___

Attorney's Code # ___21037___

Phone Number ___312 - 372 - 3757___

Completed _____

363* (5/14/93)

TO PRO SE DEFENDANTS:

   PLEASE NOTE THAT YOU ARE REQUIRED TO BE PRESENT IN COURT ON THE DATE THE
MOTION IS SCHEDULED FOR A HEARING.

9-6

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CRIMINAL DIVISION

FILED

AUG 2 1 2002

DOROTHY BROWN
CLERK OF CIRCUIT COURT

PEOPLE OF THE STATE OF ILLINOIS )
                                 )
                 Plaintiff, )
                                 )
         -vs-                 )    No.   00 CR 7104
                                   )
CHARLES DANIELS,               )
                                   )
                Defendant. )

### MOTION TO RECONSIDER AND/OR REDUCE SENTENCE, OR, ALTERNATIVELY, OBJECTION TO SENTENCE

Now comes the Defendant, CHARLES DANIELS, by and through his attorney, DENNIS HUGH SHERMAN, and pursuant to 730 ILCS 5/5-8-1, respectfully requests this Honorable Court to reconsider and/or reduce the sentence of 8 years imposed in this case on July 30, 2002.

Alternatively, the defendant, CHARLES DANIELS, objects to the sentence of 8 years in the Illinois Department of Corrections which was imposed in this case on July 30, 2002 and to the court's failure to reconsider and/or reduce that sentence.

Respectfully submitted,

DENNIS HUGH SHERMAN

DENNIS HUGH SHERMAN
150 N. Wacker Drive
Suite 2460
Chicago, IL 60606
312/372-3757

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CRIMINAL DIVISION

| | | |
|---|---|---|
| **PEOPLE OF STATE OF ILLINOIS** | ) | **Appeal from 5th District** |
| | | **Circuit Courtroom of:** |
| **VS** | ) | **Hon. Thomas M. Davy** |
| | | |
| **CHARLES DANIELS** | ) | **Complaint Case #:** |
| | | <u>**00-CR-07104**</u> |
| **APPELLANT, PRO SE** | ) | |
| | ) | |

<u>**NOTICE OF APPEAL AND REQUEST FOR EXTENSION OF TIME
TO FILE MANDAMUS IN SUPREME COURT OF ILLINOIS**</u>

**Now comes appellant, prose, CHARLES L. DANIELS,** submitting this

NOTICE OF APPEAL and requesting for extension of time to obtain court

records and other pertinent material(s) that will fully present the "ISSUE OF

LAW":

In support Appellant states as follows:

   1) He is same pro se petitioner in complaint #00-CR-07104 regarding

      this matter.

2) Appellant was subsequently found guilty of burglary on July 16, 2002 and again on <u>July 30, 2002</u> (Motion to vacate judgment was denied).

3) Appellant is submitting both this <u>NOTICE OF APPEAL</u> and request for <u>Extension of time</u> to obtain pertinent court records to support the petition for Mandamus and fully present the issue of law supported by trial testimony, rulings and the court findings of fact and law.

4) Appellant submits this petition to the Clerk of Court at 5th Municipal Center, Bridgeview, Illinois 10220 S. 76th Street, within THIRTY-DAYS (30) since the MOTION TO VACATE/NEW TRIAL was denied. Hand-delivered at the courthouse through family members.

5) Appellant asserts that due to "MEDICAL CONDITIONS" requiring Total Hip Replacement Surgery, that he was transferred on August 11, 2002 to Cook County Hospital. Moreover, in addition to the extended time of the surgery, he was given a blood transfusion, due to the reaction symptoms such as bronchospasm, vomiting, fever, and chills occurred leading to Pneumonia. These complications have left him totally unable to acquire the documents necessary to present Issue of Law in this legal appeal.

6) Appellant is recovering presently within the CERMAK Hospital 2800 S. California, 3 West, Chicago, IL 60608. Since major surgery at

Cook County Hospital on August 12, 2002, and with reasonable circumstances requests for extension of time since July 30, 2002 to fully acquire pertinent court records.

**WHEREFORE,** Appellant prayer of relief for extension of time, to obtain additional material(s) and/or leave to file to Illinois Supreme Court; NOTICE having been filed with trial court, where the "Issue Of Law" of paramount importance's are that the two offenses of "Burglary" and "Residential Burglary" are mutually exclusive, in that residential burglary CAN BE committed only in a dwelling place, whereas "burglary" CANNOT BE committed in a dwelling.

**PEOPLE  v. CHILDRESS, 633N.E. 2d 635**

**PEOPLE  v. BORGEN, 668N.E. 2d 234**

**PEOPLE  v. WILLARD, 707 N.E. 2d 1249**

Respectfully submitted.

**CHARLES L. DANIELS,**
**APPELLANT – PRO SE**

Sept 12, 2002

Dear Clerk

Please proceed with having these documents presented before Hon. Judge Thomas Davy, as this matter is dated and requires your compliance pursuant to Supreme Court Rules 608 324 in matter of Appeal # 00CR-07104 with Notice of Request / transmitted to Supreme Court.

Respectfully

C. Daniels

**FILED**

SEP 16 2002

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

September 3, 2002

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 NO. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-1333

Mr. Charles L. Daniels
Reg. No. 2000-0011918
P.O. Box 089002
Chicago, IL 60608

Re: M10854 -   Charles L. Daniels, petitioner, v. Hon. Thomas M. Davy et
al., respondents. Mandamus.

Dear Mr. Daniels:

This office has today filed your motion for leave to file a petition for an original
writ of mandamus, styled as set forth above. You are being permitted to proceed as
a poor person.

Your motion will be referred to the Court, and you will be advised as to the
action taken.

Very truly yours,

*Juleann Hornyak*
JULEANN HORNYAK, Clerk

JH/jak
cc:   AG CrRyan
      SA Crim

**FILED**

SEP 1 6 2002

DOROTHY BROWN
CLERK OF CIRCUIT COURT

In the Circuit Court of Cook County, Illinois
County Department - Criminal Division

Charles Daniels
    Plaintiff,
      vs.

Thomas M. Davy
Hon. Presiding Judge
    et. al
      Respondents

)
)
)
)
)
)
)

APPEAL FROM THE CIRCUIT
COURT OF COOK COUNTY,
BRIDGEVIEW, ILLINOIS
HONORABLE  Thomas M. Davy
PRESIDING JUDGE  #1590

CASE #    00 CR-07104

IL. SUPREME COURT #   M10854

PETITION FOR REPORT OF PROCEEDINGS

Now comes plaintiff, Charles Daniels, pro se, respectfully petitioning pursuant to Supreme Court Rules 607(B) and 608(A)(B) for certified copy of report of proceedings (Rule 324) at this TRIAL.

These reco

the ori

Su

with which to obtain the Certified report of proceeding required under Rules 607(B) and 608.

Plaintiff will be back before this Court on September 26, 2002, and would like to have present the Certified copy of aforementioned proceedings 00-CR-07104 for transmission to the Supreme Court of Illinois thereafter, for their ju

the Is

W

C   116

**STATE OF ILLINOIS**          )

**COUNTY OF COOK**          )


## AFFIDAVIT


Under penalties as provided by law pursuant to Section 1 – 109 of the Code

of Civil Procedure the undersigned certifies that the statements set forth in

these instruments are true and correct, and as plaintiff had read the complaint

and knows it contents as to the matters stated and verily certifies the same to

be true and correct.

_Charles L. Daniels_
Charles L. Daniels
Plaintiff

I HAVE NO -O- ASSETS, PROPERTY, STOCK OR BONDS. I HAVE NO MONEY OR ACCOUNTS PAYABLE AND HAVE BEEN A WARD OF STATE SINCE MY CONTINUOS CONFINEMENT OF MAY 2000. UNDER PENALTY OF PERJURY I DECLARE MYSELF INDIGENT AND WITHOUT ANY FINANCIAL MEANS TO AFFORD DEFENDING MYSELF OR PAYMENT OF FEES. SEPTEMBER 12, 2007

※ LEGAL MAIL ※

2002 SE 18 9:10
CD
CLERK US DISTRICT COURT
DISTRICT S

Clerk of Bridgeview Court
10220 South 76 ST
Bridgeview, Illinois

60455+2027



r 118

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

Charles Daniels
                  Plaintiff,

        vs.

Thomas M. Davy, et. al
Honorable Presiding Judge
                  Respondents.

APPEAL FROM CIRCUIT COURT
COOK COUNTY, BRIDGEVIEW, IL.
Hon. Thomas M. Davy
Presiding Judge #1590

Case #    00-CR-07104
IL. Supreme Ct. #   M 10854

## PETITION FOR CERTIFIED REPORT OF PROCEEDINGS

Now Comes, plaintiff Charles Daniels, pro se.,
respectfully petitioning pursuant to Supreme
Court Rules 324, 607(B) and 608(A)(B) for a
Certified copy of report of proceedings of this
trial # 00-CR-07104.

These records are pertinent for supplementing
a ORIGINAL WRIT OF MANDAMUS that lies
directly to the Supreme Court as a matter of
right. Plaintiff is/has been permitted to
proceed as a poor person through the
Supreme Court and includes Affidavit
of Indigency as he is without any means
with which to otherwise obtain Certified
report of proceedings to supplement as APPENDIX
to fully present ISSUE OF LAW in this MANDAMUS.

Plaintiff will be back before this Honorable Court on September 26, 2002, and would respectfully value having the certified copy of proceedings at that time for his inspection and transmission to the Supreme Court of Illinois for judicial interpretation.

WHEREFORE, plaintiff prays for a Certified Copy of proceeding as enunciated under Supreme Court Rule 324, 607(B) and 608(A)(B) and if possible be prepared and copy available on/before September 26, 2002.

Respectfully,

Charles Daniels



## SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

September 3, 2002

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 NO. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-1333

Mr. Charles L. Daniels
Reg. No. 2000-0011918
P.O. Box 089002
Chicago, IL 60608

Re:  M10854 -    Charles L. Daniels, petitioner, v. Hon. Thomas M. Davy et
al., respondents.  Mandamus.

Dear Mr. Daniels:

This office has today filed your motion for leave to file a petition for an original writ of mandamus, styled as set forth above.  You are being permitted to proceed as a poor person.

Your motion will be referred to the Court, and you will be advised as to the action taken.

Very truly yours,

*Juleann Hornyak*
JULEANN HORNYAK, Clerk

JH/jak
cc:    AG CrRyan
SA Crim

C   121

CHARLES DANIEL,
        PLAINTIFF,

        VS.
THOMAS M. DAVY, ET. al.
        RESPONDENTS

NO. 00-CC-7104

ORDER SC#

☐ Application granted
☐ Application denied
        SEP

M 10 854
        2002

2002 SEP 24

Judge

## APPLICATION TO SUE OR DEFEND AS A POOR PERSON

I, CHARLES DANIELS

☒ on my own behalf

ole
ent: ☐ as ....................... PLAINTIFF, PRO SE
                (parent)            (guardian)            (other)            on behalf of

......... N/A ....................................... N/A
                name:                        (minor)              (incompetent)

"applicant," on oath state:

1. Applicant's occupation or means of subsistance   NONE

   a. Applicant is employed as

   by   NONE                                        (job)
                                                    (employers)

   a. Applicant's other sources of income or support are:

2. Applicant's income for the preceding year was $  — O —

3. The sources and amount of income expected by applicant hereafter are:   NONE IN FUTURE

ions dependent on applicant for support are:

   No PERSON dependent ON Applicant

4. Applicant owns (a) no real estate except:   State address or location, nature of improvements and value.

   No REAL ESTATE
personal property which in the aggregate does not exceed $   NONE        in value and consists of:
g a .................................................... motor vehicle, 19..... valued at $   N/A
                (make)                                          (year)
5. No applications were filed by or on behalf of applicant for leave to sue or defend as a poor person during the preceding
edi:                                                        NONE
6. Applicant is unable to pay the costs of this case.

7. Applicant has a meritorious   ISSUE OF LAW —        MANDAMUS
                                        (claim)              (defense)

                                        Charles Daniels
                                        (Signature)

to   orn to before me   this 12th day ............................................ 2002

 for applicant

OFFICIAL SEAL
TERESA J. RHODES
Notary Public, State of Illinois
My Commission Expires 1/21/04

........... Notary public

ne

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

                        C   122

(Rev. 10/30/01)  CCCR 0603

TO THE _Appellate_ COURT OF ILLINOIS
IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL BUREAU

PEOPLE OF THE STATE OF ILLINOIS

_Charles Daniels_

Case No. _00 CR 7104_
Trial Judge _DAVY_
Court Reporter _____
Attorney _Dennis High Silverman_
Appeal Check Date _____
Appeal Bond _____

### NOTICE OF APPEAL

An appeal is taken from the order or judgment described below:

Appellant's Name: _Charles Daniels_
Appellant's Address: _111 D.O.C._
Appellant's Attorney: _____
Address: _____
Offense: _BURGLARY_
Judgment: Guilty of _BURGLARY_ on a _bench trial_
_____
Date: _7-16-02_
Sentence: _8 YRS 111 D O.C_
Date Notice Filed: _9-9-2002_

_Charles Daniels by his trial Att'y_
Appellant
_Dennis High Silverman_

### VERIFIED PETITION FOR REPORT OF PROCEEDINGS AND COMMON LAW RECORD

Under Supreme Court Rules 605-608 Appellant ask the Court to order; (1) the Official Court Reporter to transcribe an original and the copy of the proceedings, file the original with the Clerk and deliver a copy to the Appellant, or upon Appellant's written request to the Appellant's attorney of record, and (2) the Clerk to prepare the Record on Appeal.

The Appellant, being duly sworn, says that at the time of his/her conviction he/she was and he/she now is unable to pay for the Record or an appeal lawyer.

_____ Appellant

SUBSCRIBED and SWORN TO before me this _____ day of _____, _____
_____ Notary public

### ORDER

IT IS ORDERED; 1. _____
appointed as counsel on appeal, and 2. the record and Report of Proceedings be furnished appellant free.

_6-5-0_ , _2002_   _9-5_ , _2002_   _____ , _____
_7-16_ , _2002_   _____ , _____   _____ , _____
_7-30_ , _2002_   _____ , _____   _____ , _____

DATE: _____, _____   ENTER: _____
                                              Judge                    Judge' No.

I acknowledge receipt: _____ Court Reporter

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## NOTICE OF
## NOTICE OF APPEAL

To: Honorable James Ryan
    Attorney General of Illinois
    Springfield, Illinois 62706

Honorable Richard A. Devine
State's Attorney of Cook County
Daley Center Room 573
Chicago, Illinois 60602

Steve Ravid
Clerk of the Appellate Court
160 N. LaSalle 14th Floor
Chicago, Illinois 60601

In re:

People of the State of Illinois
vs.

Daniels, Charles

Case Number: 00CR7104

YOU ARE HEREWITH NOTIFIED that pursuant to Rule 606E of the Illinois Supreme Court, effective January 1, 1967, a Notice of Appeal was filed with the Clerk of the Circuit Court of Cook County, County Department, Criminal Division on: 9-9-02 A copy of which is hereto attached.

Submitted by: _____ Dorothy Brown _____
                Clerk of the Circuit Court of Cook County

State of Illinois    )
              )  ss
Cook County      )

I, Dorothy Brown, Clerk of the Circuit Court of Cook County, County Department, Criminal Division, certify that the foregoing Notice and Copy of the Notice of Appeal attached thereto was served upon each of the above named persons by personal service and/or by depositing same in the United States Mail Depository in a sealed envelope, first class postage prepaid, addressed to the named persons on _____ 9-30-02 _____

_____ Dorothy Brown _____
## CLERK OF THE CIRCUIT COURT OF COOK COUNTY

C   124

(Rev. 10/30/01)  CCCR 0603

TO THE _Appellate_ COURT OF ILLINOIS
IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL BUREAU

PEOPLE OF THE STATE OF ILLINOIS

_Charles Daniels_

Case No. _00 CR 7104_
Trial Judge _DAVY_
Court Reporter _____
Attorney _DENNIS HIGH SILLERMAN_
Appeal Check Date _____
Appeal Bond _____

NOTICE OF APPEAL

An appeal is taken from the order or judgment described below:

Appellant's Name: _Charles Daniels_
Appellant's Address: _III D.O.C._
Appellant's Attorney: _____
Address: _____
Offense: _BURGLARY_
Judgment: Guilty of _BURGLARY_ on a _bench trial_
Date: _7-16-02_
Sentence: _8 YRS III D.O.C._
Date Notice Filed: _9-9-2002_

_Charles Daniels by his trial Attorney_ Appellant

VERIFIED PETITION FOR REPORT OF PROCEEDINGS AND COMMON LAW RECORD

Under Supreme Court Rules 605-608 Appellant ask the Court to order; (1) the Official Court Reporter to transcribe an original and the copy of the proceedings, file the original with the Clerk and deliver a copy to the Appellant, or upon Appellant's written request to the Appellant's attorney of record, and (2) the Clerk to prepare the Record on Appeal.

The Appellant, being duly sworn, says that at the time of his/her conviction he/she was and he/she now is unable to pay for the Record or an appeal lawyer.

_____ Appellant

SUBSCRIBED and SWORN TO before me this _____ day of _____, _____

_____ Notary public

ORDER

IT IS ORDERED; 1. _____
appointed as counsel on appeal, and 2. the record and Report of Proceedings be furnished appellant free.

_6-5-0_ , _2002_   _9-5_ , _2002_   _____ , _____
_7-16_ , _2002_   _____ , _____   _____ , _____
_7-30_ , _2002_   _____ , _____   _____ , _____

DATE: _____, _____   ENTER: _____
                                              Judge                          Judge' No.

I acknowledge receipt: _____   Court Reporter

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(Rev. 12/6/00)  CCCR 0056

**STATE OF ILLINOIS** } ss:
**COUNTY OF COOK**

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of A ONE VOLUME RECORD CONSISTING OF THE COMMON LAW RECORD. NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE NOTICE OF APPEAL FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO. 02-2905.

in a certain cause _____ LATELY _____ pending in said Court, between

The People of the State of Illinois _____ WERE _____, Plaintiffs and

_____ CHARLES DANIELS _____ WAS _____, Defendant.

Witness: **DOROTHY BROWN,**

Clerk of the court, and the Seal thereof, at Chicago

In said County, _____ OCTOBER 29 _____, 2002

Dorothy Brown

Clerk/NJD

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

C 126

# Transcript of Record
## Appeal
## to

**APPELLATE** **Court of Illinois**

**FIRST** **District**

**Circuit Court No.** _____ 00 CR 7104

**Trial Judge** _____ THOMAS M. DAVY

**Reviewing Court No.** _____ 06-2769 AND 06-2583

THE PEOPLE OF THE STATE OF ILLINOIS



vs

FILED
APPELLATE COURT 1st DIST.
APR 16 2007
STEVEN M. RAVID
CLERK

CHARLES DANIELS

### from
# CIRCUIT COURT
### of
# COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CRIMINAL DIVISION

ONE VOLUME
COMMON LAW RECORD

**DOROTHY BROWN,**
**Clerk of the Circuit Court**

DB/SG

**Per** _____

**Deputy**

(Rev. 1/17/01)  CCCI                    EXHIBIT X

2152
PLACITA   (This form replaces CCM1-150A8)

(Rev. 12/7/00)  CCG 0076

## UNITED STATES OF AMERICA

STATE OF ILLINOIS
COUNTY OF COOK } ss:

PLEAS, before the Honorable ___THOMAS M. DAVY___

one of the Judges of the Circuit Court of Cook County, in the State of Illinois, holding a branch Court of

said Circuit Court, at the Court House in said County and State, on ___8-11___ , ___2006___ .

PRESENT: The Honorable ___PAUL P. BIEBEL___
Judge of the Circuit Court of Cook County

Attest: DOROTHY BROWN......; Clerk.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

C   1

THE PEOPLE OF THE STATE ILINOIS VS. 00CR071O4

CHARLES DANIELS

| DATE | |
|------|---|
| MAR 1 0 2000 | |

**INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE**

PRES. JUDGE ASSIGNMENT DATE: MAR 2 4 2000

BAIL PREVIOUSLY SET $

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| MAR 2 4 2000 | THOMAS R. FITZGERALD | NO ARRAIGNMENT — ASSIGNED TO JUDGE *Davy 3/37* — *ATTY FD app M-D 4-3-00* |
| 4-3-00 | *Davy* | (C) LTF app *Dennis Sherman* DEFENDANT ARRAIGNED, WAIVES READING OF INDICTMENT, ENTERS PLEA OF NOT GUILTY. STATE FILES MOTION *composite $250,000(D)* P.T. DISC. AND ANSWER. *Deft advised Time* TENDERS APPROPRIATE ATTACHMENTS. *BA 4-13-00* *No object for Deft to go to law library.* |
| 4-13-00 | *Davy* | Em BA 5·22·00 x |
| 5.11.00 | Mannion | (C) BA 5.22.00 x |
| 5-22-0 | *Day* | (C) *atty on trial at 26th St* MD 5·24·00 x for atty *A allowed to go to law library* |

| DATE | JUDGE | ORDERS ENTERED |
|---|---|---|
| 5·24·00 | Davy | (C) New case up 5·30 BR42 Comgerde bond $1,000,000 BA 6.800 x ← Status on new case. |
| 6·2·00 | Davy | (c) Δ brought to court by CCDOC, Δ new case bef J. Fitzgerald 6·22·00 rent to 6·8·00, VOBB filed in Br. Ct.      no bail |
| 6·8·00 | Davy | (c) BA 7·5·00 x, status re: new case bef P.J |
| 7·5·00 | Mannion | (c) B/A 8/15/00 |
| 8·15·00 | Davy | (c) Forensic Clinical Services evaluation ordered for fitness & sanity at time of all offences Ct writs 1C MD 10/2/00 x for BCx |
| 10·2·00 | Davy | (c) atty did not submit forms to Forensic Clinical Services MD 11·14·00 + for eval |
| THOMAS M. DAVY   NOV 14 2000 | | (c) – Per Forensic Clinical Services dft FK & SANE MD 11·29·00 + for mot for independent psych eval. |
| THOMAS DAVY   NOV 29 2000 | | (c) Order for Δ to be examined by Dr Lowe MD 1/17/01 x for eval |
| THOMAS DAVY   JAN 17 2001 | | (C) ord signed for Dr. Lowe to examine Δ at jail MD 2·14·01 x for report. |

THE PEOPLE OF THE STATE OF ILLINOIS VS.      CASE NO.   00 CR 07104-01

*Daniels, Charles*

| DATE | PAPERS FILED |
|------|--------------|
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 2-14-01 | Davy | (C) Exam will not be done by Dr. Lowe. MD 3-21-01 x for evaluation by another doctor. (atty will come in with order for exam.) |
| THOMAS M. DAVY 1590 MAR 21 2001 | | (C) △'s Dr. did not have opinion as to fitness + sanity MD 5-16-01 x ◇ surrender in exoneration of bond. |
| Mannion THOMAS M. DAVY 1590 MAY 16 2001 | | (C) BA 6/20/01 x |
| 6/20/01 | Davy | (C) D request for County payment for psych eval allowed St request to Forensic Clinical Services to evaluate, report allowed BA 7/24/01 |
| THOMAS M. DAVY 1590 JUL 24 2001 | | (C) Forensic Clinical Services not complete BA 9/17/01 x |

CCG-64 (3-81)                                                     (OVER)

C      4

| DATE | JUDGE | ORDERS ENTERED |
|---|---|---|

THOMAS, DAVY    SEP 1 7 2001    (c) report received from forensic clinical services B/A 10-1-01x to get summary of Dr. Shikari's report

THOMAS, DAVY    OCT 0 1 2001    (c) Psych summary to be dictated today B/A 10-9-01x to set for trial on elected case

THOMAS DAVY    OCT 0 9 2001    (c) St. tenders report from forensic clinica M.O 10-23-01 x to set for trial

THOMAS M. DAVY-1590    OCT 2 3 2001    (c) MID 11-5-01x

THOMAS, DAVY    NOV 0 5 2001    (c) M/O 11/29/01 status

THOMAS M. DAVY-1590    NOV 2 9 2001    (c) M.D 12-17-01x

12-17-01    Davy    (c) atty unable to interview psyc eat M.D-1-17-02 + 1-17-02

JUDGE THOMAS M. DAVY    JAN 1 7 2002    (c) o/c for PSI    M.D 3-5-02x for PSI

THOMAS M. DAVY-1590    MAR 0 5 2002    (c) PTI distributed M.D 3-26-02 x plea on set for trial

3-26-12    Davy    (c) M/O 4-10-02x final conf n set for trial

THOMAS M. DAVY-1590    APR 1 0 2002    (c) M.D 4-16-02x final plea or set for trial

JUDGE THOMAS M. DAVY    APR 1 6 2002                    C    5

THE PEOPLE OF THE STATE OF ILLINOIS VS.   CASE NO. 00CR07104 01

| DATE | PAPERS FILED |
|---|---|
| | INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE |
| | PRES. JUDGE ASSIGNMENT DATE: _____ |
| | BAIL PREVIOUSLY SET $ |
| | |
| | |
| | |

| DATE | JUDGE | ORDERS ENTERED |
|---|---|---|
| | | ~~NO ARRAIGNMENT~~ |
| | | ~~ASSIGNED TO JUDGE~~ _____ |
| 4.16.02 | Davy | (C) No officer defenses & no wit per oral answer. MD 6.5.02 WSFT Bench Indicated △ to file ans w/ 15 days. |
| 2-5-02 | Davy | (C) Jury waiver accepted PNG/JW/BT Testimony heard BA TCC 6-19-02 WSFT |
| THOMAS DAVY JUN 19 2002 | | (C) St tenders addit'l supp Det 1C, 1AO 1C, other on furlo, no evidence heard, m/s 7-16-02 WSFT |
| THOMAS M. DAVY 1590 JUL 16 2002 | | (C) St tendered addit'l PR to △ on 7-9-02, PNG/JW/BT c/c, testimony heard, Mot for △ at close of St's case - denied, △ rests, Finding of Guilty, bond revoked, O/C 7-30-02 & C (OVER) |

(Rev. 7/7/95) CCCR 0605

6

| DATE | JUDGE | ORDERS ENTERED |
|---|---|---|
| THOMAS M. DAVY-1590 JUL 30 2002 | | (c) Δ files mot. for new trial, Motion Denied, Hearing in Aggie Mett, Δ sent to 8 yrs. IDOC, convic. to 99CR 9919, Δ adv of app. its. SOM 9-26-02 |
| 8-26-02 | Hariewski | (c) BA 9-5-02 x |
| 8-29-02 | Clerk | Δ files Notice of Appeal & Request for Extension of time to file Mandamus etc |
| 9-5-02 | Davy | (c) Δ mot. to reconsider on reduce sentence - denied SOM 9-26-02  Δ advised leave to file mandamn should be brought before the Ill supreme court, rather than trial ct |

(Rev. 7/7/95) CCCR 0605

C     7

THE PEOPLE OF THE STATE OF ILLINOIS VS.    CASE
NO. *DOCR 07104*

DANIELS-CHARLES

| DATE | PAPERS FILED |
|------|--------------|
| | **INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE** |
| | **PRES. JUDGE ASSIGNMENT DATE:** _____ |
| | **BAIL PREVIOUSLY SET $** |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| | | ~~NO ARRAIGNMENT~~ |
| | | ~~ASSIGNED TO JUDGE~~ |
| 12-12-02 | Davy | (C) mitt to issue |
| 7/16/04 | | APPELLATE COURT MANDATE FILED IN CLERKS OFFICE TRANSFER TO PRESIDING JUDGE FOR 7-27-04 ☐ DISMISSED ☐ AFFIRMED ☐ RECALLED ☐ |
| 7/27/04 | Biebel | Circuit Court affirmed |
| 12-27-04 | Davy | (CC) IDOC Case docketed 9/c status 3-18-05 (see written order) |
| JUDGE THOMAS M. DAVY MAR 18 2005 | | (C) IDOC LTF App David Norris BA 6-24-05 |
| 6/24/05 | Davy | Nm IDOC ASA Hoskins IC Atty Norris IC BA 8/26/05 to |

(Rev. 7/7/95) CCCR 0605                                    C    (OVER)

Daniels, Charles

CCCR0704-01

| DATE | JUDGE | ORDERS ENT. ED |
|------|-------|----------------|
| JUDGE THOMAS M. DAVY JUN 26 2005 | | file amended PC |
| JUDGE THOMAS M. DAVY AUG 26 2005 | | △ in IDOC st files mot to dismiss ba 10-28-05 x for △ response |
| JUDGE THOMAS M. DAVY OCT 28 2005 | | (C) IDOC-NIC ASA Haskins + atty David Norris 1C △ files amended PC petition ba 1-27-06 x for st. response |
| JUDGE THOMAS M. DAVY JAN 27 2006 | | (C) (IDOC) NIC, St files response to amended PC petition BA 2-24-06 x for △ reply |
| JUDGE THOMAS M. DAVY FEB 24 2006 | | (C) B/A 4-28-06 for argu |
| 4-28-06 DAVY | | (C) (IDOC) atty Michael Mc Dunnett, ... John Norris, 1C, ASA Nowell 1C, BA 5-26-06 x status re: prior atty |
| JUDGE THOMAS M. DAVY MAY 26 2006 | | △ in IDOC LT Fapp Kevin Peters B/A 7-28-06 for arg on mot to Dismiss |
| JUDGE THOMAS M. DAVY JUL 28 2006 | | (C) (IDOC) ASA Haskins ... d/c 8-11-06 x for all △'s request to be present for argument denied. |

THE PEOPLE OF THE STATE ~ LINOIS VS.

*Charles Daniels*

CASE NO. OOR07104

| DATE | PAPERS FILED |
|------|--------------|
|      | INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE |
|      | PRES. JUDGE ASSIGNMENT DATE: _____ |
|      | BAIL PREVIOUSLY SET $ |
|      | |
|      | |
|      | |
|      | |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
|      |       | NO ARRAIGNMENT |
|      |       | ASSIGNED TO JUDGE _____ |
| 8.11.06 | DAVY | D in (IDOC) arg. on amended post. conviction petition – st. mot. to dismiss granted P.C. petition denied |
|      |       | |

(Rev. 4/2/01)  CCCR 0605 A                                                C   10   (OVER)

THE PEOPLE OF THE STATE ~~ ILINOIS VS.

Daniels Charles

CASE NO. DOCR 7104

| DATE | PAPERS FILED |
|------|-------------|
| | INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE |
| | PRES. JUDGE ASSIGNMENT DATE: _____ |
| | BAIL PREVIOUSLY SET $ |
| | |
| | |
| | |
| | |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| | | NO ARRAIGNMENT |
| | | ASSIGNED TO JUDGE _____ |
| | | |
| S | CLERK'S OFFICE | NOTICE OF APPEAL FILED 8·21·06 |
| | | |
| | | NOTICE OF APPEAL MAILED 8·22·06 |
| | | APPELLATE HEARING DATE ASSIGNED BEFORE |
| | | PRESIDING JUDGE 8·25·06 |
| 8·25·06 | PAUL P. BIEBEL, JR. | [X] I STATE APPELLATE DEFENDER |
| | | [ ] PUBLIC DEFENDER |
| | | [ ] OTHER |
| | | APPOINTED TO REPRESENT THE DEFENDANT ON THE APPEAL |
| | | [X] FREE REPORT OF PROCEEDINGS, ALLOWED |
| | | |
| | | |
| | | |
| | | |
| | | |

(Rev. 4/2/01) CCCR 0605 A

C  11  (OVER)

THE PEOPLE OF THE STATE OF ILLINOIS VS.

Daniels, Charles

CASE NO. 00 CR 7104

| DATE | PAPERS FILED |
|------|--------------|
| | INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE |
| | PRES. JUDGE ASSIGNMENT DATE: |
| | BAIL PREVIOUSLY SET $ |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| | | NO ARRAIGNMENT |
| | | ASSIGNED TO JUDGE |
| | CLERKS OFFICE | NOTICE OF APPEAL FILED  9-5-06 |
| | | NOTICE OF APPEAL MAILED  9-19-06 |
| | | APPELATE HEARING DATE ASSIGNED BEFORE |
| | | PRESIDING JUDGE  9-22-06 |
| 9-22-06 | PAUL P. BIEBEL JR | ☐  STATE APPELLATE DEFENDER |
| | | ☐  PUBLIC DEFENDER |
| | | ☒  OTHER  PRO-SE |
| | | APPOINTED TO REPRESENT THE DEFENDENT ON THE APPEAL |
| | | ☐  FREE REPORT OF PROCEEDINGS, ALLOWED |

(Rev. 7/7/95) CCCR 0605

C  12  (OVE

2-24

STATE OF ILLINOIS          )
                           )  §
COUNTY OF COOK             )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )
                    Respondent     )
                                   )
            vs                     )        P.C. NO. 00CR 07104
                                   )        HONORABLE THOMAS DAVY
CHARLES DANIELS                    )        Judge Presiding
                    Defendant .    )

## PEOPLES RESPONSE TO
## AMENDED POST-CONVICTION PETITION



Now comes the People of the State of Illinois, by and through their attorney, Richard A. Devine, State's Attorney of Cook County, through his assistant, John Haskins, and respectfully moves this Honorable Court to dismiss the petition for post-conviction relief for the following reasons:

1. The respondent incorporates the original motion to dismiss into this response.

2. In the Amended Post-Conviction Petition, the petitioner argues ineffective assistance of trial and appellate counsel's. This allegation is based on hindsight rather than counsel's perspective at the time of counsel's conduct. Petitioner's argument is based on the erroneous assumption that based on the victim Nora Elston's direct examination, the State would be unable to prove the crime of burglary.

3. The petitioner's trial attorney Dennis Sherman was aware that the petitioner Charles Daniels had given an incriminating statement to police detective James Carlassare on the evening of February 12, 2000. At the time that Mr. Sherman cross-

1

C  13

examined Ms. Elston he was aware that his client had made that incriminating statement to the police concerning the crime. This was definitely a matter of trial strategy not subject to judicial review in post-conviction cases.

4. The factual scenario in the appellate opinion, (Respondent's Exhibit 1, in the original Motion To Dismiss), is more accurate and less biased than the Petitioner's statement of facts which is self-serving.

5. In the Amended Petition the petitioner alleged that his appellate counsel was ineffective where he filed a brief in which he argued that the burglary conviction must be reversed because there was insufficient evidence for the trial court to find beyond reasonable doubt that defendant entered and burglarized the "common areas" of the apartment building.

The petitioner further alleges the acts and omissions of appellate counsel prejudiced defendant because, but for trial consul's errors, defendant was plausibly looking at a directed verdict on the sole count of the indictment, burglary of Nora Elston's home.

In presenting this argument petitioner ignores the fact that he himself had made an incriminating statement to the detective after receiving the Miranda warnings on the evening the crime was committed.

Dennis Sherman was cross-examining the victim Ms. Elston because he felt it necessary to attack her credibility.

2

C   14

On pg. 5 of the Appellate Court opinion <u>People v. Daniels</u>, No. 1-02-2905, the

Appellate Court held:

> "Here, Elston testified that she saw defendant enter
> and, after three minutes in the hallway, leave her
> building. Combined with the facts that he later
> entered the vacant unit and removed Elston's
> property and the Elston did not grant him
> permission to be in the building, a reasonable
> person could conclude that defendant entered  a
> non-dwelling portion of the building without
> authority and with the intent to commit theft."
> As in <u>Maskell</u> the evidence is clear that defendant
> made two unauthorized entries with intent to steal:
> into Elston's building and into the vacant unit.
> <u>Maskell</u> 304 Ill. App. 3rd at 84.

This issue is res judicata.

Since the petitioner's trial attorney was not ineffective but exercising trial tactics

he was not ineffective pursuant to <u>Barfield</u> 187 Ill. App. 3d 190, 543 N.E. 2 812 (1989).

Appellate counsel was not ineffective for not raising ineffective assistance of trial

counsel, since the trial counsel was not ineffective.

6.    In the case supplemental report, Detective James Carlasse star No. 21210

stated that on February 12, 2000 he interviewed the petitioner.    After reading the

petitioner his constitutional rights, the petitioner related he wanted to proceed with the

interview.    When the petitioner was asked how he gained entrance to the building,

Charles Daniels told the detective that the front door was unlocked.

This entrance would have placed petitioner in the common area of the building

where the burglary occurred.

Peoples Exhibit One – Case Supplemental Report July 9, 2002

C    15

WHEREFORE, the respondent prays that an order be entered by this Honorable

Court, in dismissing the Post-Conviction Petition.

Respectfully submitted

RICHARD A. DEVINE
State's Attorney of Cook, County, IL

By:    _____

John Haskins
Assistant State's Attorney

4

C    16

**PLAINTIFF'S**

**EXHIBIT ONE**

**Case Supplemental Report  July 9, 2002**
**Charles Daniels**

# CASE SUPPLEMENTARY REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police - Bureau of Investigative Services Personal Only)

Case Id : 723781
Sup ID : 263180 CASR301

| CLEARED CLOSED (ARREST AND PROSECUTION) | | DETECTIVE SUP. APPROVAL COMPLETE | |
|---|---|---|---|
| Last Offense Classification/Re-Classification | IUCR Code | Original Offense Classification | IUCR Code |
| BURGLARY / Unlawful Entry | 0620 | BURGLARY / Unlawful Entry | 0620 |

| Address of Occurrence | Beat of Occur | No of Victims | No of Offenders | No of Arrested |
|---|---|---|---|---|
| 8232 S EBERHART AV | 631 | 1 | | 1 |

| Location Type | Location Code | Secondary Location | |
|---|---|---|---|
| Residence | 290 | | |

| Date of Occurrence | Unit Assigned | Date RO Arrived | Fire Related? | Gang Related? | Domestic Related? |
|---|---|---|---|---|---|
| 12-FEB-2000 15:40 | 0668 | 12-FEB-2000 15:45 | NO | NO | NO |

| Reporting Officer | Star No | Approving Supervisor | Star No | Primary Detective Assigned | Star No |
|---|---|---|---|---|---|
| CARLASSARE, James | 21210 | ROWLAND, Cisco | 908 | CARLASSARE, James | 21210 |
| Date Submitted | | Date Approved | | Assignment Type | |
| 10-JUL-2000 23:23 | | 12-JUL-2000 19:52 | | FIELD | |

## THIS IS A FIELD INVESTIGATION CLEARED CLOSED (ARREST AND PROSECUTION) REPORT

**VICTIM(S) :**   **ELSTON, Nora**
Female / Black / 73
RES:   8232 S Eberhart Av
Chicago IL
773-994-4933

**OFFENDER(S):**   **DANIELS, Charles**   -- In Custody --
Male / Black / 45 Years
RES:   7624 S May St
Chicago IL
DESCRIPTION:   6'01,180,Black Hair, Brown Eyes, Medium Complexion,

**OTHER PROPERTY :**   Clothing And Play Station Ster

**LOCATION OF INCIDENT :**   8232 S Eberhart Av
Chicago IL
290 - Residence

**DATE & TIME OF INCIDENT :**   12-FEB-2000 15:40

F086890

---

Printed On: 09-JUL-2002 09:47          1 of 4          Printed By: CARLASSARE, James ( PC0G980 )

C   18

DETEC SUP. APPROVAL COMPLETE

**PERSONNEL ASSIGNED:**

Detective/Youth Investigator
CARLASSARE, James M         # 21210

*312 - 747 - 8271*

Reporting Officer
MEISTER, William J          # 15752        **BEAT: 0668**

**OTHER INDIVIDUALS INVOLVED:**

**ELSTON, Nora**         ( Person Reporting Offense )

Female / Black
**RES:**   8232 S Eberhart Av
      Chicago IL
      773-994-4933

**CRIME CODES SUMMARY:**     0620 - Burglary - Unlawful Entry

**IUCR ASSOCIATIONS:**

0620 - Burglary - Unlawful Entry

ELSTON, Nora          ( Victim )
DANIELS, Charles        ( Suspect )

**REPORT DISTRIBUTIONS:**     No Distribution

**INVESTIGATIONS:**

DATE ASSIGNED:   12-Feb-00 @ 1730 hours

DATE VICTIM INTERVIEWED:   12-Feb-00 @ 1815 hours

VICTIM:   Elston,Nora F-1-73
   Dob 25-Mar-26
   SSN 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
   8232 S.Eberhart
   773/994-4933

IN CUSTODY:   Daniels,Charles M-1-45
   DOB  06-Sep-54
   SSN  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
   IR   486907

C   19

CB   014405399
7624 S.May
773/224-4050

ARRESTING OFFICERS:   Meister,W. #15752 006
    Black,P.  #10026 006
    Kaczynski,P. #15098 006
    Hill,D.  #17676 006

DATE,TIME & LOCATION OF ARREST: 12-Feb-00 @ 1545 hours
    8245 S.Vernon

CHARGES:    720ILCS5/19-3 Burglary

COURT DATE & BRANCH:   18-Feb-00  Branch 38/2

LOCATION:    12-Feb-00 @ 1540 hours
    8234 S.Eberhart

EVIDENCE:    Inv#2304303/04 returned to owner

INVESTIGATION:    R/det was assigned this job by Area Two supervisor staff. Upon R/det's arrival
in 006 dist R/det conducted an investigation which revealed the following facts.

R/det interviewed Victim who related that on date and time of listed incident victim heard
someone enter the hallway to the apartment building in which the victim resides. Victim could hear
the doorbell of the apartment across the hall from victim being rung. Victim knew that apartment
across the hall was unoccupied due to victim being the land lord. Victim was in the process of
renovating said apartment and had several of her personal belongings in said apartment. As
subject exited hallway victim observed subject walk to the rear of building. Victim from her rear door
observed same subject checking the door knob of rear door of apartment across the hall. When
subject could not gain entry subject walked back towards the front of the building. At this time victim
summonsed the police. Upon police arrival units toured the area with negative results. After
responding units left victim could hear movement coming from within the apartment across the hall.
At this time victim summonsed the police again. Prior to police arrival victim heard the front door of
said apartment closing. At this time victim looked out her front window and observed same subject
carrying several gray plastic trash bags and a black gym bag. Upon arrival of police arresting
officers along with victim toured area and located offender at 8245 S.Vernon. Offender was
positively identified at scene.

At this time subject was placed into custody. Offender was in possession of a black duffle bag.
Said bag contained several items which victim identified as belonging to her. Police also located
two gray plastic bags containing misc. clothing at 510 E.83rd st. Victim also identified misc. clothing
as belonging to her. At this time subject was Mirandized and transported to 006 dist for processing.

R/det interviewed offender at 1830 hours. Offender was read his constitutional rights from a
pre-printed card. Offender related that he understood these rights and wanted to proceed with the

C    20


interview. Subject stated in essence and not verbatim, I'm in a lot of trouble. I have a problem, I need help. I see a psychiatrist, I pay 150.00 an hour. I knew I shouldn't have gone into that apartment. I have a good job. Subject also related when asked how he gained entry that the front door was unlocked.

ASA McNamara approved felony charges at 1910 hours. This case is clear closed by arrest by prosecution.

C    21

# MICHAEL JAMES MCDERMOTT
ATTORNEY AT LAW
SUITE 1675
407 S. DEARBORN STREET
CHICAGO, ILLINOIS 60605
TELEPHONE (312) 697-0022
FAX (312) 697-0812

April 5, 2006

ASA John Haskins
Cook County State's Attorneys Office
2650 S. California Street
Chicago, Illinois 60608

**Re:** **People v. Charles Daniels, Post-Conviction Number 00 CR 7104**

**VIA FACSIMILE:  773-869-2898**

Dear Mr. Haskins,

I regrettably must inform you that David H. Norris, counsel of record on the above-referenced case, died last night. I have not had an opportunity to contact the client yet. As you indicated in our phone call this afternoon, you will notify Judge Davy when you have the chance.

Thank you for your assistance in this matter. If you learn of any other cases where Mr. Norris has an appearance on file, please feel free to contact me.

Sincerely,

Michael James McDermott

C   22

STATE OF ILLINOIS)
COUNTY OF KNOX    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT    - CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )

       Plaintiff-Respondent    )

       vs.    )

CHARLES DANIELS,    )

       Defendant-Petitioner    )

Case # 00 CR 7104

HONORABLE THOMAS DAVY

Judge Presiding.

## DEFENDANT'S REPLY    TO RESPONDENT'S MOTION TO DISMISS PETITION FOR POST-CONVICTION RELIEF

NOW COMES, CHARLES DANIELS, pro se, Defendant-Petitioner and moves this Honorable Court to DENY the respondent's motion to dismiss his petition for post-conviction relief, for the following reasons:

1. Petitioner admits this allegation as true.

2. Petitioner can neither admit or deny as there is no #2

3. Petitioner denies this allegation as set forth, it is speculative, conclusory and unsupported by the trial record that " most of the allegations are barred by the doctrines of res judicata, and waiver." As shall be fully explicated, petitioner maintains that his issues raised have not been adjudicated on Direct appeal and any contention that his Issues are " like" or " similar " is not the same, unless the issue has been actually decided by the reviewing Court, as held by the Supreme Court of Illinois decision People v. Harris, 276 Ill.Dec.419,794 N.E.2d 314, with regard to res judicata matters under consideration.

People v. Towns, 182 Ill.2d at 502,231 Ill.Dec.557,696 N.E.2d 1128


FILED
APR 2 6 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

C    23

STATE OF ILLINOIS)

COUNTY OF COOK   )

### IN THE CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS)

      Respondent       )    P.C. NO. 00 CR 07104

vs.                 )

                            HONORABLE THOMAS DAVY

CHARLES DANIELS       )    Judge Presiding.

      DEFENDANT

### DEFENDANT'S REBUTTAL TO THE PEOPLE'S RESPONSE
### TOWARDS AMENDED POST-CONVICTION PETITION

NOW COMES CHARLES DANIELS, pro se, and respectfully moves this Honorable Court to grant him the relief of a Evidentiary Hearing on the merits of the Amended petition instanter, and to deny the State response to dismiss for the reasons contained within the Defendant's reply to Respondent's motion to dismiss and herein, for the following additional reasons:

1. Defendant admits and accepts as true this allegation.

2. Defendant denies this allegation based upon the failure of the State to elicit a(any) testimony from the victim Nora Elston during her direct testimony regarding whether or not she did or did not give authority or permission to the defendam t to have entered or remained within the building, especially in light and contrast to the State having asked and had answered affirmatively the requisite questions towards the material and essential elements of the crime so as to satisfy DUE PROCESS with regard to residential burglary.(R.124;177-179)

3. Petitioner denies this allegation based on the fact that on JULY 16th 2002, trial counsel Dennis Sherman stated his recent receipt on that July 9th 2002, of a report, allegedly authored on date of arrest, after a interview/interrogation. Trial counsel Sherman stated receiving the July 9th report during Court proceedings of July 16th 2002 as " the FIRST NOTICE that I had been given." Through counsel's statement the State's contention is misplaced that the purpose of said questioning

Of Mrs. Elston was a trial strategy, where trial counsel's Direct examination
of this witness had already been completed when he first came to have knowledge
about a report prepared from the Detective Caralisse.  Ergo, the State's contention
that trial counsel was " attacking the credibility " of Ms. Elston through the
questions that elicited the inculpatory testimony against his client is a
**Specious argument.**

In fact a careful review of the annexed transcripts of these proceedings
shows that trial counsel contemporaneously seems to have objected to the report's
admission and his concerns as to whether this document had been " **SECRETED** "
where trial counsel to no avail for over two years (2) leading up to trial and
the officer's testimony had been unable to receive the complete discovery.
It remains that the State simply admitted to its culpability in having witheld this
**Material and Admitting** its failure to have avoided surprising defense counsel
by their late presentment in the middle of Trial. Now,to attempt to utilize
material that was questionable in its presentment to the defense without sanctions
calls into question, whether of not this document is authentic and reliable.
Defendant Daniels, asserts that the State's delayed disclosure constitutes
" Cause " **for Suppression** under **Brady v. Maryland** 373 US 83, 83 S.Ct.1194(1963);
where the defend·ant is prejudiced by the late disclosure in it being submitted
**AFTER** he had already wiaved his right not to testify. Moreover the added portion of
the statement had no particularized guarantee of its trustworthiness or sufficient
reliability for it being admitted or deemed credible, where it was not corroborated.
Also, the Statement was " non-verbatim "; Neither was the aspect of the statement
" when the defendant was asked how he gained entrance to the building, Charles Daniels
told the detective that the front door was unlocked" ever subjected to cross-examination.
Hence, the portion of the statement not testified to, must be excluded.

4. Defendant denies this allegation.

5. Defendant incorporates paragraph #3 above herein, and states that Ms. Elston

had already testified on June 5, 2002, when trial counsel Dennis Sherman

first learned about this purported report that had been authored on the date

of the arrest, but had inadvertently become lossed until the middle of trial.


6.  Defendant denies this allegation as repetitious of earlier contentions

raised in paragraph's # 3 and 4.


Respectfully replied to by

*Charles Daniels*

Charles Daniels, pro se

C    26

STATE OF ILLINOIS )
) §
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                Respondent )
)
          vs )     P.C. NO. 00CR 07104
)     HONORABLE THOMAS DAVY
CHARLES DANIELS )     Judge Presiding
          Defendant )

CR • 526 • 8

JAN 1 7 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## PEOPLES RESPONSE TO
## AMENDED POST-CONVICTION PETITION

Now comes the People of the State of Illinois, by and through their attorney, Richard A. Devine, State's Attorney of Cook County, through his assistant, John Haskins, and respectfully moves this Honorable Court to dismiss the petition for post-conviction relief for the following reasons:

1. The respondent incorporates the original motion to dismiss into this response.

2. In the Amended Post-Conviction Petition, the petitioner argues ineffective assistance of trial and appellate counsel's. This allegation is based on hindsight rather than counsel's perspective at the time of counsel's conduct. Petitioner's argument is based on the erroneous assumption that based on the victim Nora Elston's direct examination, the State would be unable to prove the crime of burglary.

3. The petitioner's trial attorney Dennis Sherman was aware that the petitioner Charles Daniels had given an incriminating statement to police detective James Carlassare on the evening of February 12, 2000. At the time that Mr. Sherman cross-

1

C   27

examined Ms. Elston he was aware that his client had made that incriminating statement to the police concerning the crime. This was definitely a matter of trial strategy not subject to judicial review in post-conviction cases.

4.   The factual scenario in the appellate opinion, (Respondent's Exhibit 1, in the original Motion To Dismiss), is more accurate and less biased than the Petitioner's statement of facts which is self-serving.

5.   In the Amended Petition the petitioner alleged that his appellate counsel was ineffective where he filed a brief in which he argued that the burglary conviction must be reversed because there was insufficient evidence for the trial court to find beyond reasonable doubt that defendant entered and burglarized the "common areas" of the apartment building.

The petitioner further alleges the acts and omissions of appellate counsel prejudiced defendant because, but for trial consul's errors, defendant was plausibly looking at a directed verdict on the sole count of the indictment, burglary of Nora Elston's home.

In presenting this argument petitioner ignores the fact that he himself had made an incriminating statement to the detective after receiving the Miranda warnings on the evening the crime was committed.

Dennis Sherman was cross-examining the victim Ms. Elston because he felt it necessary to attack her credibility.

C   28

On pg. 5 of the Appellate Court opinion <u>People v. Daniels</u>, No. 1-02-2905, the Appellate Court held:

> "Here, Elston testified that she saw defendant enter and, after three minutes in the hallway, leave her building. Combined with the facts that he later entered the vacant unit and removed Elston's property and the Elston did not grant him permission to be in the building, a reasonable person could conclude that defendant entered a non-dwelling portion of the building without authority and with the intent to commit theft."
> As in <u>Maskell</u> the evidence is clear that defendant made two unauthorized entries with intent to steal: into Elston's building and into the vacant unit. <u>Maskell</u> 304 Ill. App. 3rd at 84.

This issue is res judicata.

Since the petitioner's trial attorney was not ineffective but exercising trial tactics he was not ineffective pursuant to <u>Barfield</u> 187 Ill. App. 3d 190, 543 N.E. 2 812 (1989).

Appellate counsel was not ineffective for not raising ineffective assistance of trial counsel, since the trial counsel was not ineffective.

6.   In the case supplemental report, Detective James Carlasse star No. 21210 stated that on February 12, 2000 he interviewed the petitioner. After reading the petitioner his constitutional rights, the petitioner related he wanted to proceed with the interview. When the petitioner was asked how he gained entrance to the building, Charles Daniels told the detective that the front door was unlocked.

This entrance would have placed petitioner in the common area of the building where the burglary occurred.

Peoples Exhibit One – Case Supplemental Report July 9, 2002

C   29

WHEREFORE, the respondent prays that an order be entered by this Honorable

Court, in dismissing the Post-Conviction Petition.


Respectfully submitted

RICHARD A. DEVINE
State's Attorney of Cook County, IL

By:      _____

John Haskins
Assistant State's Attorney

C    3 0

STATE OF ILLINOIS    )
                     )  SS:
COUNTY OF C O K     )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 99 CR 9919     00 CR 7104 |
| CHARLES DANIELS, | ) ) | |
| Defendant. | ) | |

REPORT OF PROCEEDINGS of the hearing of the above-entitled cause, before the Honorable THOMAS DAVY, one of the Judges of said District, on the 16th day of July, 2002.

APPEARANCES:

HON. RICHARD A. DEVINE,
State's Attorney of Cook County, by:
MR. EDWARD RONKOWSKI,
Assistant State's Attorney,
    appeared for the People;

MR. DENNIS SHERMAN,
    appeared for the Defendant.

THOMAS E. LIEF, CSR #084-000501
Official Court Reporter
10220 S. 76th Avenue
Bridgeview, Il. 60455

C   31

1          THE COURT:   Charles Daniels.

2                       (The following proceedings

3                       were had in the presence

4                       of the defendant:)

5          THE COURT:   All right. This is a commenced and

6     continued matter.  Both sides are ready to resume at

7     this time.

8          MR. RONKOWSKI:  I'd like to call Detective

9     Carlasasare.

10         MR. SHERMAN:  Prior to calling the detective,

11    Judge, I would advise the Court that just -- I did

12    receive discovery, additional discovery, if I may

13    just get it -- actually when I went to talk to the

14    defendant I gave it to him.

15                       (Short pause.)

16         MR. SHERMAN: Judge, on July the 9th I was faxed

17    a copy of a police report that had been made on July

18    10th, years 2000, first notice that I had been

19    given.   We have been asking for a police report, as

20    you can see the case is two years old already and

21    this matter's on trial.  State has advised me,

22    however, that they are only going to introduce

23    testimony that was available on the felony review

24    notes as to the statement of the defendant.

X-2

C   32

1              I certainly don't believe that Mr.

2       Ronkowski in any way, shape or form hid this,

3       knowing Mr. Ronkowski, and even though I know he is

4       a wealthy man with certain problems, Judge, he's

5       still a State's Attorney and I know that he would

6       not secrete this.  It just seems to me there's

7       something going on that I can't get a police report

8       two years -- for two years until finally when the

9       officer's getting ready to testify I get a copy of

10      his police report.

11           THE COURT:   The Record should not, if the case

12      goes up on appeal, that the comment as to Mr.

13      Ronkowski's wealth were made tongue in cheek.

14           MR. SHERMAN:   Sorry, I shouldn't say anything

15      about him being wealthy, that's not right.

16           THE COURT:   On the cold Record it might look

17      like something, the comments about his wealth --

18           MR. RONKOWSKI:   It's somewhat inaccurate

19      because the way the State's Attorney pays me, I have

20      no personal wealth in income.

21           THE COURT:   Mr. Ronkowski --

22           MR. RONKOWSKI:   If I can respond with less

23      editorializing --

24           THE COURT:   Yes.

                            X-3

                                           C    33

1          MR. RONKOWSKI:    (Continuing) -- on the

2    arraignment date counsel was given a copy of the

3    felony review notes.  Within an hour of me receiving

4    the detective sup that both of us wanted on the last

5    date, I faxed it to counsel, which fleshed out other

6    areas which the detective did.  All I'm seeking to

7    do is question the detective concerning his

8    conversations with the defendant.

9              Counsel has both the felony review notes

10   that shows sum and substance the conversation and

11   now the detective sup.  So while he may be surprised

12   at some of the other stuff, there should be no

13   surprise as to the defendant's statement.

14              Ask to proceed accordingly.

15        THE COURT:    And as far as you described it,

16   "the other stuff," you are not going into that, is

17   that correct?

18        MR. RONKOWSKI:    No.  If counsel wants to go

19   into it, he's free to --

20        THE COURT:    No, you, Mr. Ronkowski.

21        MR. RONKOWSKI:    No.

22        THE COURT:    Are you going to go into it on

23   direct?

24        MR. RONKOWSKI:    No.

                        X-4


C    3 4

1          THE COURT:   Thank you.  And I suppose that in

2     an intellectual exercise, any idea why the detective

3     supplement was, 2000 case, was not received until

4     the middle of 2002?

5          MR. RONKOWSKI:  It was ordered up the day after

6     the arraignment and for some reason we never got it,

7     and with the delay involved with the defendant's BCX

8     we did not catch the mistake, either side, until

9     after the trial had started.  My culpability.

10         THE COURT:   With the representatIon by the

11    State they will not go into "other stuff," in

12    parenthesis, does that resolve the issue?

13         MR. SHERMAN:  Sup being a very generic term,

14    Judge, yeah, until we find out that there is

15    anything of "that stuff" that gets in, we would

16    include the objection.

17         THE COURT:   Very well.  State may proceed.

18                    (Witness sworn.)

19         THE COURT:   You may proceed, Mr. Ronkowski.

20         MR. RONKOWSKI:  Thank you.

21                    DETECTIVE JAMES CARLASSARE,

22    called as a witness on behalf of the People, having

23    been first duly sworn, was examined and testified

24    as follows:

                         X-5


C    35

IN THE CIRCUIT COURT FOR THE **FIRST** _____ JUDICIAL COURT
**CRIMINAL DIVISION** **COOK** _____ COUNTY, ILLINOIS

**CHARLES DANIELS N-63102** _____ )
Petitioner or Plaintiff                )
                  v.                    )        No. **P.C. 3 00 CR-07104**
**PEOPLE OF THE STATE OF ILLINOIS** )
Respondent or Defendant             )

### ORDER OF HABEAS CORPUS AD TESTIFICANDUM

This matter came to be heard on a verified petition filed by **CHARLES DANIELS** , for the entry of an order requiring the production of (his/   person at a (trial/hearing) scheduled in this case, the court having jurisdiction over the persons and the subject matter; and

It appearing to the court that the (Petitioner/Respondent) is entitled to the relief prayed for and that (he/   ) is a poor person and is unable to pay the expense of bringing (his   ) person to court from the place of (his/   ;) confinement; it is therefore

ORDERED that the Illinois Department of Corrections and Warden **GREG SIMS** **– TAYLORVILLE** Correctional Center, are directed and commanded to produce the person of **CHARLES DANIELS** before the Honorable **THOMAS DAVY** , Judge of the Circuit Court, or any other judge who may be sitting in (his/her) stead, in the courtroom usually occupied by (him/her) as a courtroom in the **BRIDGEVIEW** County Courthouse in **BRIDGEVIEW** , Illinois, on **APRIL 28TH** 20 **06**, at **9** o'clock __ m.; to testify in this case; and it is

FURTHER ORDERED that no tender or payment of expenses or payment of expenses needs to be made or security given for such expenses, but it is

FURTHER ORDERED that the Sheriff of **CHRISTIAN** County is hereby appointed and directed to serve a copy of this order upon the said **GREG SIMMS** Warden of the **TAYLORVILLE** Correctional Center.

By the Habeas Corpus Law
Dated this _____ day of _____ 20___ .

_____
Judge, Circuit Court

### CLERK'S CERTIFICATION

I hereby certify the above to be correct.

Dated: _____, 20___ .

_____
Clerk of the Circuit Court

**SEAL**

By:_____
Deputy

THIS ORDER IS THE COMMAND OF THE CIRCUIT COURT AND VIOLATION THEREOF IS SUBJECT TO PENALTY OF THE LAW.

Form revised 11/1/01

C    36

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF STATE OF Illinois | ) |
| Plaintiff | ) |
| | ) Case No. PC # 00 CR 07104 |
| v. | ) HONORABLE THOMAS DAVY |
| | ) JUDGE PRESIDING |
| CHARLES DANIELS-N63102 | ) |
| Defendant | |

## PROOF/CERTIFICATE OF SERVICE

CRIMINAL APPEAL

TO:  CLERK OF COURT          TO:  STATE'S ATTORNEY %
     BRIDGEVIEW COURTHOUSE          BRIDGEVIEW COURTHOUSE
     10220 So. 76th Ave.            10220 S. 76th Ave - Room 223
     BRIDGEVIEW, Illinois 60455     BRIDGEVIEW, Illinois 60455

PLEASE TAKE NOTICE that on  APRIL 12 , 2006, I have filed with the
U.S. Mail through the  TAYLORVILLE          Correctional Center the following
documents, properly addressed to the parties above: SMERGENCY WRIT AD
TESTIFICANDUM DUE TO DEATH OF ATTORNEY FOR APRIL 28 2006

I further declare, under penalty of perjury, that I am the Plaintiff in the above action, that
I have read the above documents, and that the information contained therein is true and
correct. 28 USC 1746 and 18 USC 1621.

DATE: APRIL 12 2006          /s/ Charles X. Daniels
                             NAME: CHARLES DANIELS
                             IDOC#: N-63102
                             TAYLORVILLE  Correctional Center
                             P.O. BOX  900
                             TAYLORVILLE          , IL 62568

Form Revised 11/1/01                                    C   37

IN THE CIRCUIT COURT FOR THE _____**FIRST**_____ JUDICIAL COURT
**CRIMINAL DIVISION   – COOK**   COUNTY, ILLINOIS

| | |
|---|---|
| **CHARLES DANIES N-63102** ,    ) | |
| Petitioner or Plaintiff              ) | No. **P.C. # 00 CR 07104** |
| v.                        ) | |
| **PEOPLE OF THE STATE OF , ILLINOIS** ) | **HONORABLE THOMAS DAVY** |
| Respondent or Defendant         ) | Judge Presiding. |

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Petitioner   **CHARLES DANIELS**   , makes application to the court, pursuant to Illinois Revised Statutes, ch. 110, secs. 10-101 et seq. [735 ILCS 5/10-101] to enter an Order of Habeas Corpus to Testify, and in support states that:

1.   I am the (Petitioner/Respondent or Plaintiff/Defendant) in the above captioned legal matter.
2.   Said cause has been set for a (trial/hearing) on APRIL 28 , 20 06 , at 10(ten) o'clock Am.
3.   I am a prisoner committed to the care, custody and control of the Illinois Department of Corrections and Warden  Greg Simms  , Taylorville          Correctional Center.
4.   My attendance and testimony is necessary at the aforesaid (trial/hearing).
5.   I am a poor person and unable to pay the expense of bringing my person to court from the place of my confinement. (If you have been granted leave by the court to sue or defend as a poor person, state this fact at this point.)

WHEREFORE, Petitioner prays that the court issue an order, pursuant to Illinois Revised Statutes, ch. 110, secs. 2-5001 [see 735 ILCS 5/2-1501] and 10-101 et seq., directed to the said warden and the Illinois Department of Corrections, commanding them to have said petitioner brought before the honorable court, without payment of expenses, on  APRIL 28th          , 20 06 , at  9 (nine)      o'clock Am to testify.

*Charles Daniels*
(Your Signature)

Type or print name *CHARLES DANIELS*
Register number *N- 63102*
*TAYLORVILLE* Correctional Center
Box *900 ( 217 - 824 - 4004 )*
*TAYLORVILLE* , Illinois *62568*
(Petitioner/Respondent), Pro Se

VERIFICATION OF CERTIFICATION

I, ___Charles Daniels_____ , the undersigned, certify and state that:

1.   I am the (Petitioner/Respondent) in the above captioned legal mater;
2.   I have read the foregoing application and have knowledge of its contents;

and

3.   Under penalties as provided by law pursuant to sec. 1-109 of the Code of Civil Procedure, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to maters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

*Charles Daniels*
(Your Signature)

Form revised 11/1/01

C   38

STATE OF ILLINOIS     )
                    ) ss.
COUNTY OF COOK     )

**FILED**
AUG 2 6 2005
DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT  -  CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS )<br>      Plaintiff-Respondent )<br>                      )<br>     vs.              )<br>                      )<br>CHARLES DANIELS       )<br>      Defendant-Petitioner  ) | CASE NO. 00CR-7104<br><br>HONORABLE THOMAS DAVY<br>Judge Presiding |

## MOTION TO DISMISS
## PETITION FOR POST-CONVICTION RELIEF

     Now comes the Respondent, People of the State of Illinois, by Richard A. Devine, State's

Attorney of Cook County, Illinois, through John Haskins, Assistant State's Attorney, and moves this

Honorable Court to strike the petitions for post-conviction relief and to dismiss the proceedings for

the following reasons:

     1. Defendant was found guilty of burglary and sentenced as a Class X offender to eight years

imprisonment following a bench trial on July 16, 2002. Defendant's conviction was affirmed on

December 22, 2003. Defendant's petition for leave to appeal was denied on January 27, 2004.

Defendant's petition for re-hearing on the issued raised from direct appeal was denied on

June 23, 2004. Defendant filed a petition for post-conviction relief on November 5, 2004.

     3. Petitioner's allegations come within the purview of the Act, most of the allegations are

barred by the doctrines of <u>res judicata</u> and waiver. According to the petition, petitioner's conviction

was affirmed by the Appellate Court on December 22, 2003. It is well established law in Illinois that

1

C   **39**

the scope of post-conviction review is limited by the doctrines of waiver and res judicata. Where the petitioner has appealed his convictions, all issues actually adjudicated on direct appeal are now res judicata, and all issues which petitioner could have raised in his direct appeal but failed to raise are now deemed waived. People v. Stewart, 123 Ill.2d 368, 528 N.E.2d 631 (1988); People v. Gaines, 105 Ill.2d 79, 473 N.E.2d 868 (1984); People v. Derengowski, 44 Ill.2d 476, 256 N.E.2d 455 (1970).

4. According to the United States Supreme Court in Strickland v. Washington, a convicted defendant in order to prevail on a claim of ineffective assistance of counsel must show: "First, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." Strickland v. Washington, 104 S.Ct. 2052, 2055 (1984).

In judging an ineffective assistance of counsel claim, the benchmark is whether the attorney's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington (1984), 466 U.S. 668, 686, 80 L.Ed.2d 674, 692-93, 104 S.Ct. 2052, 2064). The Strickland analysis involves a two step inquiry. The defendant must show that his attorney's specific acts or omissions to act fell below the standard of reasonable professional judgment. (Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695, 104 S.Ct. at 2066; People v. Albanese (1984), 104 Ill.2d 504, 525, 473 N.E.2d 1246, 1255, cert. Denied sub nom., Albanese v. Illinois (1985), 471 U.S. 1044, 85 L.Ed.2d 335, 105 S.Ct. 1061.) The reasonableness of an attorney's action is determined in light of the facts of the particular case, viewed not in hindsight, but as of the time of the conduct. (Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695, 104 S.Ct. At 2066; People v. Spicer (1987), 163 Ill. App.3d 81, 93, 516 N.E.2d 491, 500, appeal denied (1988), 119 Ill.2d 571, 522 N.E.2d 1254.) There is a presumption that counsel has provided adequate assistance and has exercised reasonable professional judgment. Strickland, 466

2

C    40

U.S. at 690, 80 L.Ed.2d at 695, 104 S.Ct. At 2066; Spicer, 163 Ill. App.3d at 93; 516 N.E.2d at 499.

The inquiry into the competency of counsel will not generally extend to areas involving counsel's judgment, discretion, trial tactics or strategy. People v. Barfield, 187 Ill. App.3d 190, 543 N.E.2d 812 (1989); People v. Smith, 182 Ill. App.3d 1062, 538 N.E.2d 1268 (1989); People v. Puente, 125 Ill. App.3d 152, 465 N.E.2d 682 (1984); People v. Gallardo, 112 Ill. App.3d 764, 445 N.E.2d 1213 (1983).

> "The inquiry into the competency of counsel will not generally extend to the exercise of judgment, discretion, trial tactics or strategy even where appellate counsel or the reviewing court might have handled the matter differently. A defendant is entitled to competent, not perfect representation, and the fact that a tactic in retrospect proved unsuccessful does not demonstrate incompetence. People v. Barfield, 187 Ill.App.3d 190, 197, 543 N.E.2d 812, 816 (1989)

In People v. Shum, the Illinois Supreme Court in commenting upon the first part of the Strickland test stated as follows:

> As to the first element of the test, this court has held that alleged incompetency arising from a matter of trial tactics or strategy will not support a claim of ineffective representation.... even in a death penalty case.... People v. Shum, 117 Ill.2d 317, 370, 512 N.E.2d 1183, 1205 (1987).

In People v. Madej, the Illinois Supreme Court stated as follows:

> A claim of incompetency which arises from a matter of defense strategy will not, of course, support a claim of ineffective representation. People v. Madej, 106 Ill.2d 201, 214, 478 N.E.2d 392, 397 (1985).

As a general rule, decisions as to what matters to object to and when to object are matters of trial strategy. People v. Grant, 38 Ill. App.3d 62, 347 N.E.2d 244, 251 (1976). The extent to which

3

C 41

witnesses are cross-examined is a matter involving strategy.  People v. Puente, 125 Ill. App.3d 152,

465 N.E.2d 682, 687 (1984).

The Illinois Supreme Court has stated, in People v. Bryant, (1989) 128 Ill.2d 448, 539 N.E.2d

1221, as follows, regarding the trial counsel's alleged failure to file a Motion:

> ....An attorney's decision to file or not to file a
> motion is regarded as a matter of trial strategy, which
> must be given great deference....When counsel is
> planning trial strategy, judgments must be made and
> any errors in judgment do not constitute ineffective
> assistance of counsel....  People v. Bryant, supra at p.
> 458-459.

The Strickland standard is also applicable to allegation of ineffective assistance of appellate

counsel. People v. Caballero, 126 Ill.2d 248, 533 N.E.2d 1089; People v. Ferro (1990) 195 Ill.

App.3d 282, 551 N.E.2d 1378; People v. Sanders, (1991) 209 Ill. App.3d 366, 568 N.E.2d 200

In Sanders, the Appellate Court specifically addressed the issue of alleged ineffective

assistance of appellate counsel as follows:

> "Counsel is not obligated to brief every
> conceivable issue on appeal. It is not incompetent for
> counsel to refrain from raising those issues which, in
> his judgment, are without merit, unless his appraisal
> of the merits is patently wrong... The two-part
> Strickland analysis is appropriate to test the adequacy
> of appellate counsel's representation as well as that of
> trial counsel, so a defendant must show that he was
> prejudiced by the defense...." People v. Sanders, 209
> Ill. App.3d 366, 568 N.E.2d 200, 107 (1991).

> .....Where the defendant maintains, for
> example, that his appellate attorney failed to argue a
> particular issue, he must show the failure to raise that
> issue was objectively unreasonable, as well as a
> reasonable probability that, but for this failure, his
> sentence or conviction would have been reversed.
> People v. Caballero, 126 Ill.2d 248, 270, 533 N.E.2d
> 1089, 1096 (1989).

4

C    42

The petitioner has not met his burden under any prong of the Strickland test.

5. The Appellate Court affirmed the conviction of the petitioner Charles Daniels in People v. Daniels, Appellate Number 1-02-2905. See attached People's (EXHIBIT I)

6. The Appellate Court also affirmed the mandatory Class X sentencing.

7. Since the petitioner was convicted after a bench trial he was not entitled to Supreme Court Rule 402 admonishments before being sentenced to mandatory supervised release. The 402 admonishments only apply to guilty pleas.

8. The petitioner's allegation that appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel is meritless because the alleged ineffectiveness involved matters of trial strategy which are not subject to judicial review in post-conviction cases. People v. Barfield, supra.

WHEREFORE, the respondent prays that an order be entered by this Honorable Court, striking the petitions for post-conviction relief of the petitioner Charles Daniels, and dismissing the proceedings.

Respectfully submitted,

RICHARD A. DEVINE

State's Attorney of
Cook County, Illinois

By: _John Haskins_

John Haskins
Assistant State's Attorney

5

C    43

EXHIBIT I

C    44

**NOTICE**

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

af— red
12-22-03

FIRST DIVISION
DECEMBER 22, 2003

TREVOR HAYES

No. 1-02-2905

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

03-1667

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 00 CR 7104 |
| CHARLES DANIELS, | ) | Honorable Thomas M. Davy, Judge Presiding. |
| Defendant-Appellant. | ) | |

O R D E R

Following a bench trial, defendant Charles Daniels was convicted of burglary and sentenced as a Class X offender to eight years' imprisonment. Defendant contends on appeal that he was not proven guilty of burglary beyond a reasonable doubt because there was insufficient evidence that he entered the common area of an apartment building. He argues that his unauthorized entry was to a dwelling place and was thus residential burglary rather than burglary, at a time when burglary and residential burglary were considered mutually exclusive offenses. Defendant also contends that mandatory Class X sentencing under section 5-5-3(c)(8) of the Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 2002)) violated his right to due process and trial by jury because the State is not required to give notice of its intent to sentence defendant as a Class X

C  45

1-02-2905

offender or to prove his convictions, the sequence of those
convictions, or his age to a jury beyond a reasonable doubt.

At trial, Nora Elston testified that she owned an apartment
building at 8232 and 8234 South Eberhart and lived in a first-
floor apartment at the 8232 address. On February 12, 2000, the
first-floor unit across from Elston's, at the 8234 address, was
vacant and the doors were locked. Elston intended to rent the
vacant unit again "eventually," but was storing some of her
belongings there. At about 3:40 p.m., Elston looked out the
window and saw defendant approach her building. She heard the
doorbell for the vacant unit and then "fumbling" with the
mailbox. Elston saw defendant enter the building; he was in the
hallway for about three minutes before she saw him leave. Elston
called the police. The police left after finding the door to the
vacant unit locked and searching outside the building.

Later, Elston heard noises from the vacant unit and called
the police again. She saw defendant leaving her building, by the
front door, with some of the large plastic bags she had stored in
the vacant unit. Elston followed defendant, but returned home
when she lost sight of him. When the police arrived, Elston
accompanied them and pointed out defendant. The officers
arrested defendant, who was not carrying any bags. Defendant
then "produced the bags from somewhere," and Elston identified
them as hers. When Elston checked the doors to the vacant unit,

- 2 -

C    4 0

1-02-2905

they were still locked.  Elston had not given defendant
permission to be in the vacant unit or remove property from it.

Police detective James Carlassare testified that he
interviewed defendant on the evening of February 12, 2000.
Defendant told Detective Carlassare that he "was in a lot of
trouble" and "shouldn't have gone into that apartment."

Officer William Meister testified that he responded to
Elston's call.  Elston met Officer Meister in front of her
building and accompanied him and his partner to search for
defendant.  After a few minutes, Elston saw defendant.  Officer
Meister arrested defendant, who showed him two large plastic bags
about 10 yards away.  Officer Meister brought the bags back to
Elston, who identified the property in the bags as hers.

The trial court found defendant guilty of burglary.  Based
on prior burglary and residential burglary convictions, defendant
was sentenced, as a mandatory Class X offender under section 5-5-
3(c)(8), to eight years' imprisonment.

Defendant contends that he was not proven guilty of burglary
beyond a reasonable doubt because there was insufficient evidence
that he entered the common area of an apartment building.  He
also argues that his unauthorized entry was to a dwelling place
and was thus residential burglary rather than burglary.  He notes
that, at the time of the offense, burglary and residential
burglary were considered mutually exclusive offenses.  See <u>People</u>

- 3 -

C    47

1-02-2905

v. Childress, 158 Ill. 2d 275, 302 (1994).

In assessing the sufficiency of evidence, the relevant question is whether, considering the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. People v. Pollock, 202 Ill. 2d 189, 217 (2002). It is the role of the trier of fact to determine the credibility of witnesses and the weight to give their testimony, to resolve conflicts in the evidence, and to draw reasonable inferences from the evidence. People v. Tenney, 205 Ill. 2d 411, 428 (2002). It is not the function of this court to retry defendant or to substitute our judgment for that of the trier of fact regarding witness credibility or the weight of the evidence. Tenney, 205 Ill. 2d at 428. Thus, a conviction will be reversed only where the evidence is "so improbable or unsatisfactory that there exists a reasonable doubt of the defendant's guilt." Pollock, 202 Ill. 2d at 217.

Under section 19-1 of the Criminal Code (Code), a "person commits burglary when without authority he knowingly enters or without authority remains within a building, *** or any part thereof, with intent to commit therein a felony or theft," 720 ILCS 5/19-1 (West 2002). Similarly, under Code section 19-3, one "commits residential burglary who knowingly and without authority enters or knowingly and without authority remains within the

- 4 -

C   48

1-02-2905

dwelling place of another, or any part thereof, with the intent
to commit therein a felony or theft." 720 ILCS 5/19-3 (West
2002).

Until June 1, 2001, section 19-1 provided that burglary
"shall not include *** the offense of residential burglary as
defined in Section 19-3 hereof." 720 ILCS 5/19-1 (West 2000).

> "As the defendant observes, the two offenses
> are mutually exclusive. Residential burglary
> can be committed only in dwelling places,
> while simple burglary cannot occur in a
> dwelling place." People v. Childress, 158
> Ill. 2d 275, 302 (1994).

However, in People v. Maskell, 304 Ill. App. 3d 77 (1999), where
defendant entered an apartment from the stairway and corridor of
an apartment building and removed property from the apartment,
the evidence was deemed sufficient to show that he committed both
burglary and residential burglary, and thus his burglary
conviction was affirmed. Maskell, 304 Ill. App. 3d at 84.
"Unlike Childress, *** the evidence in this case would allow a
rational trier of fact to find that defendant made two
unauthorized entries *** (1) into the building and (2) into the
apartment." Maskell, 304 Ill. App. 3d at 84.

For purposes of section 19-3, a "dwelling" is an "apartment
*** or other living quarters in which at the time of the alleged

C   49

1-02-2905

offense the owners or occupants actually reside or in their
absence intend within a reasonable period of time to reside."
720 ILCS 5/2-6(b) (West 2002).  A person committed residential
burglary when he entered and took items from vacant first-floor
and basement apartments of a building in which the owner lived on
the second floor and was using the unoccupied units for storage.
People v. Silva, 256 Ill. App. 3d 414, 420-21 (1993).

Here, Elston testified that she saw defendant enter and,
after three minutes in the hallway, leave her building.  Combined
with the facts that he later entered the vacant unit and removed
Elston's property and that Elston did not grant him permission to
be in the building, a reasonable person could conclude that
defendant entered a non-dwelling portion of a building without
authority and with the intent to commit theft.  As in Maskell,
the evidence is clear that defendant made two unauthorized
entries with intent to steal: into Elston's building and into the
vacant unit.  Maskell, 304 Ill. App. 3d at 84.  Indeed, if the
course of entry in Maskell -- through the common area of the
building to the dwelling unit -- constituted two entries, then
defendant's separate entries here -- into the building and out
again, then later into the vacant unit -- are even more clearly
two distinct entries and the basis of two distinct offenses.  The
fact that the vacant unit was a dwelling, and defendant's entry
thereto was residential burglary, thus did not preclude

- 6 -

C    50

1-02-2905

defendant's conviction for burglary. There was sufficient
evidence to convict defendant of burglary beyond a reasonable
doubt.

Defendant also contends that the mandatory Class X
sentencing provision of section 5-5-3(c)(8) violates the rights
of due process and trial by jury because the State was not
required to give defendant notice of its intent to sentence him
as a Class X offender or required to prove his convictions, the
timing or sequence of the convictions, or his age beyond a
reasonable doubt to a jury. However, this court has considered
and rejected precisely this contention. People v. Smith, 338
Ill. App. 3d 555, 564 (2003), citing Apprendi v. New Jersey, 530
U.S. 466, 494-96, 147 L. Ed. 2d 435, 457-58, 120 S. Ct. 2348,
2365-66 (2000); People v. Pittman, 326 Ill. App. 3d 297, 300-01
(2001); and People v. Lathon, 317 Ill. App. 3d 573, 587 (2000).

Accordingly, the judgment of the circuit court is affirmed.
Affirmed.


GORDON,J., with O'MALLEY,P.J. and McBRIDE,J., concurring.

C    51

STATE OF ILLINOIS   )
                      ) SS
COUNTY OF COOK    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CRIMINAL DIVISION

---

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>     Respondent, Appellee<br><br>-vs-<br><br>CHARLES DANIELS,<br>     Petitioner, Appellant | )<br>)<br>)<br>)<br>)   No. 00 CR 7104.<br>)<br>)<br>)<br>) |

---

WHEREAS:       On September 5, 2006, a notice of appeal having been filed in the above named case from a final judgment order entered against defendant on August 11, 2006,

**IT IS HEREBY ORDERED:**

        **Upon request of defendant to proceed *pro se*, no counsel is appointed** to represent defendant on appeal.  Free report of proceedings is allowed.

        The Clerk of the Circuit Court is directed to transmit the notice of appeal to the Clerk of the Appellate Court and to notify defendant.

               ENTERED            _Paul P Biebel 1688_

                                 JUDGE PAUL P. BIEBEL, JR.

DATE: September 22, 2006

C    52

IN THE CIRCUIT COURT FOR THE ___FIRST___ JUDICIAL CIRCUIT
_County Department_ _Cook_ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS, )
       Plaintiff-Respondents, )
                            )
                            )
       VS.                  ) Case No. _00-CR-07104_
                            )
_Charles Daniels_   , ) Honorable _Thomas M. Davy_
       Defendant-Petitioner, ) Judge Presiding.
                            )

## NOTICE OF APPEAL

An appeal is taken from the order or judgment described below:

(1) Court to which appeal is taken: _APPELLATE COURT_
_FIRST DISTRICT, 160 N. LASALLE ST, CHICAGO, ILLINOIS_

(2) Name of appellant and address to which notices shall be sent:
Name: _CHARLES L. DANIELS- N63102_
Address: _P.O. BOX 900, TAYLORVILLE, ILLINOIS 62568_

(3) Name and address of appellant's attorney on appeal :

Name: _____PRO SE_____
Address: _____

If appellant is indigent and has not attorney, does he want one
appointed? _NO / I WILL PRESENT "PRO SE" BRIEF!!_

(4) Date of judgment or order: _AUGUST 11, 2006_

(5) Offense of which convicted: _BURGLARY_

(6) Sentence: _8 YEARS_

(7) If appeal is not from a conviction, nature of order appealed from:
_POST CONVICTION PETITION_

_Charles L. Daniels_
SIGNATURE

C    53

## NOTICE OF APPEAL

**TO: HONORABLE LISA MADIGAN**
**ATTORNEY GENERAL OF ILLINOIS**
**SPRINGFIELD, ILLINOIS 62706**

HONORABLE RICHARD A. DEVINE
STATE'S ATTORNEY OF COOK COUNTY
DALEY CENTER- ROOM 573
CHICAGO, ILLINOIS 60602

**STEVE RAVID**
**CLERK OF THE APPELLATE COURT**
**160 N. LASALLE 14TH FLOOR**
**CHICAGO, ILLINOIS 60601**

IN RE:                    PEOPLE OF THE STATE OF ILLINOIS
                                        .VS.

                        Daniels, Charles

CASE NUMBER:            00CR7104

YOU ARE HEREWITH NOTIFIED PURSUANT TO RULE 606E OF THE ILLINOIS
SUPREME COURT; EFFECTIVE JANUARY 1, 1967, A NOTICE OF APPEAL WAS FILED
WITH THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY, CRIMINAL DIVISION,
ON ___9-5-06___

SUBMITTED BY: _Dorothy Bro_____
            CLERK OF THE CIRCUIT COURT OF COOK COUNTY

STATE OF ILLINOIS)
                 ) SS
COOK COUNTY      )

DOROTHY BROWN, CLERK OF THE CIRCUIT OF COOK COUNTY, COUNTY
DEPARTMENT, CRIMINAL DIVISION, CERTIFY THAT THE FOREGOING NOTICE AND
COPY OF THE NOTICE OF APPEAL ATTACHED THERETO WAS SERVED UPON EACH
OF THE ABOVE NAMED PERSONS BY PERSONAL SERIVCE AND/OR BY DEPOSITING
SAME IN THE UNTIED STATES MAIL DEPOSITORY IN A SEALED ENVELOPE, FIRST
CLASS POSTAGE PRE-PAID, ADDRESSED TO THE NAMED PERSONS
___9-19-06___

            _Dorothy Bro_____
        CLERK OF THE CIRCUIT COURT OF COOK COUNTY

C    54

IN THE CIRCUIT COURT FOR THE _____FIRST_____ JUDICIAL CIRCUIT
_COUNTY DEPARTMENT Cook_ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS, )
           Plaintiff-Respondents, )
                          )
                          )
        VS.                  )   Case No. _00-CR-07104_
                          )
_Charles Daniels_____, )   Honorable _Thomas M. Davy_
        Defendant-Petitioner, )   Judge Presiding.
                          )

## NOTICE OF APPEAL

An appeal is taken from the order or judgment described below:

(1) Court to which appeal is taken: _APPELLATE COURT FIRST DISTRICT, 160 N. LASALLE ST, CHICAGO, ILLINOIS_

(2) Name of appellant and address to which notices shall be sent:
Name: _CHARLES L. DANIELS- N63102_
Address: _P.O. Box 900, TAYLORVILLE, ILLINOIS 62568_

(3) Name and address of appellant's attorney on appeal :

Name: _____PRO SE_____
Address: _____

If appellant is indigent and has not attorney, does he want one appointed?
_NO/I WILL PRESENT "PRO SE" BRIEF!!_

(4) Date of judgment or order: _AUGUST 11, 2006_

(5) Offense of which convicted: _BURGLARY_

(6) Sentence: _8 YEARS_

(7) If appeal is not from a conviction, nature of order appealed from:
_POST CONVICTION PETITION_

_Charles L. Daniels_
SIGNATURE

C   55

v. 12/6/00)  CCCR 0056

STATE OF ILLINOIS }
COUNTY OF COOK   } ss:

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of  A (ONE) VOLUME RECORD CONSISTING OF THE COMMON LAW RECORD, ONLY.  NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE NOTICE OF APPEAL FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO.   06-2769

in a certain cause _____ LATELY _____ pending in said Court, between The People of the State of Illinois _____ WERE _____ , Plaintiffs and _____ CHARLES DANIELS _____ WAS _____ , Defendant.

Witness: DOROTHY BROWN, Clerk of the court, and the Seal thereof, at Chicago in said County, _____ DECEMBER 21 _____ , 2005

Clerk

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

C   56