07-C-6475
HON. HARRY D. LEINEWEBER
JUDGE PRESIDING

Charles Daniels
Reg. # N-63102
P.O. Box 999
Pinckneyville, IL 62274

May 8, 2008

Clerk of U.S. District Court
Prisoner Correspondence
219 S. Dearborn Street
Chicago, IL

FILED
5-20-2008
MAY 20 2008
mb
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Dear Prisoner Correspondence Clerk:

On **April 6, 2008** through **May 1, 2008**, the Pinckneyville Correctional prison was on Security " **LOCKDOWN** " which confined all prisoners to our cells. There was no access to the law library, whatsoever. We were allow to place whatever documents in the mail for xerox copying.

On April 14, 2008, petitioner Daniels, received from Attorney Eric W. Truett, respondent's ( Doc. 23) captioned : **ANSWER TO PETITIONER'S HABEAS CORPUS PETITION**. In response to above document, petitioner Daniels prepared from inside cell

**PETITIONER'S TRAVERSE TO RESPONDENT'S ANSWER TO PETITION**
**FOR HABEAS CORPUS RELIEF**

and said document was mailed directly from prison to your attention and that of respondent's attorney. The folowing " SUMMARY " was inadvertenly not included. I have enclosed a completed, **TRAVERSE TO RESPONDENT'S ANSWER**, along with separate copy of the "summary" for filing.

Thank you for your assistance in filing these documents and I have serviced copies also to the Respondent's attorney as required.

Sincerely,

*Charles Daniels*

Charles Daniels

P.S. Please stamp file and return one copy for my records. Thanks

SUMMARY- PETITIONER TRAVERSE TO RESPONDENT ANSWER

Petitioner Daniels, has successfully demonstrated in presentation of following Exhibits, " 1 ", "2 ", " 3" , that respondent's assertion that **Claim II & Claim III,** are " procedurally defaulted " is patently meritless, as a basis against issuance of writ of Habeas corpus.

As the above documents attest, petitioner has provided all state of Illinois courts including their Supreme court, opportunity to review the instant Federal Questions upon the **SIXTH AMENDMENT (VI)** claim, thru the required avenues, and even one step beyond through the filing of a separate state habeas application, under No. M-11790, before the Illinois Supreme Court, ( See, Res. Exhibit " L " )

petitioner maintains he has thereby fully exhuasted all available state court rules and avenues prior to bringing this matter before the Federal court. O'Sullivan v. Boerckel 526 U.S.838, 844, 119 S.Ct.1728, 144 L.Ed 2d 1 (1999) Additionally, petitioner has shown that his claims of trial and direct appeal attorney's performances,(contrary to the Respondent Answer at page 10-21,) and trial counsel's identified acts and appellate counsel's omissions were outside wide range of professionally competent assistance were properly presented to the State courts with:

> " operative facts and legal principles to state courts in accordance with state procedural rules."

O'Sullivan v. Boerckel, 526 U.S. at 844

Strickland v. Washington, 466 U.S.668,104 S.Ct.2052, 80 L.Ed 2d 674 (1984)

Kimmelman v. Morrison- 477 U.S. at 386, 106 S. Ct.2574

### Synopsis re: Petitioner's SIXTH AMENDMENT Analysis

Petitioner Daniels asserts that its past question that the rule set forth in <u>STRICKLAND</u>, qualifies as " clearly established Federal law, as determined by the Supreme Court of the United States."

Respondent's characterization of petitioner's attorney's performance during trial as " strategic wisdom " ( Res. Ans. at 16 ), along with the state court's rejection of compelling evidence submitted by petitioner establishing deficient performance under the standard of <u>STRICKLAND</u>, was both " contrary to " and " involved an unreasonable application of " that established law through their decisions. 28 U.S.C. § 2254 (d)(1).

<u>Williams v. Taylor</u>, 529 U.S.362,367, 120 S.Ct.1495, 146 L.Ed 2d 389 (2000)

Petitioner notes that an unreasonable state court decision being one " lying well outside the boundaries of permissible differences of opinion,"

<u>Hardaway v. Young</u>- 302 F.3d 757,762 (7th Cir.2002)

also one that is " at such tension with governing **United States Supreme Court precedents**, or so inadequately supported by the record, or arbitrary, as to be unreasonable."

<u>Hall v. Washington</u>, 106 F.3d 742,749 (7th Cir.1997)

As discussed earlier to respondent's answer towards petitioner's trial attorney's performance being characterized as " strategic wisdom "...........( Res. Ans. @ 16), regardless of the fact that said trial attorney's conduct helped the State prosecutor secure the conviction against the petitioner ( T.R.R.128 ), that such a position is unreasonable and should constitute " prejudicial conduct ".

Trial counsel's identifiable act affected and undermined petitioner of any chance of receiving effective assistance of counsel, under 28 U.S.C.§ 2254 (d)(2). The hallmark of " strategic wisdom " would petitioner maintains have been for defense counsel to have obtained some sort of relief, possibly an acquittal. However, " strategic wisdom " according to respondent's counsel, is for defense counsel

to elicit harmful and inculpatory testimony during cross-examination that is otherwise missing from the state's direct examination, necessary to establish the material and essential elements of the charged offense.

Petitioner maintains that where a defense attorney assist and helps the State prosecution through eliciting harmful evidence against his client, such actions in patently " unreasonable ", and " contrary to " clearly established Federal law and <u>STRICKLAND</u> and progenies.

The above errors and omission of direct appeal counsel disadvantaged & prejudiced the petitioner as they are of Constitutional dimension, since " but for" the identifiable errors of trial and appellate counsel and state court's resolution being " unreasonable application of " clearly established federal law, " under 6th AMEND. (VI), 28 U.S.C. § 2254 ( D ), the outcome would have been otherwise, as these errors were " well outside the boundaries of permissible differences of opinion."

<u>Hardaway v. Young</u>-302 F.3d at 762
Sixth Amendment, U.S.C.A., (VI)

*Charles Daniels*
CHARLES DANIELS N-63102
P.O. Box 999
Pincknyville correctional
Pincknyville, Illinois 62274

-17-

CONCLUSION

HABEAS CORPUS relief should be allowed because reasonable Judicial minds could differ as to the state court determinations of whether SIXTH AMENDMENT (VI) FEDERAL LAW was violated by trial counsel eliciting irreparably harmful testimony that ultimately secured the state's proof of its case against petitioner.

Additionally, whether Direct appellate counsel was ineffective for his decision or omission not to raise the fact that trial counsel helped the state prove the petitioner guilty during instant criminal proceedings. This **mistake** being particuarly egregious where the State prosecutor had not otherwise elicited any direct testimoninal evidence on the material elements of unauthorized entry into any " common areas-hallway "  **essential** to the state's case, prior to defense counsel's deficient cross-examination ( see, T.R.R.115-125 )

Obviously, as some sort of practical joke in humor, the respondent brazenly takes the arguable position that petitioner's defense attorney's actions of assisting the state prosecutor satisfy its requisite burden of proof by eliciting harmful and **prejudicial testimony**, otherwise missing was STRATEGIC WISDOM, is a travesty. Petitioner Daniels, prayer of relief are for the issuance of Habeas corpus.

*Charles Daniels*

IN THE
<u>U.S. District Court for</u>
<u>Northern District Illinois</u>
<u>Eastern Division</u>

<u>United States America, ex rel.,</u>
<u>Charles Daniels</u>
, Petitioner

)
)
)
)  Case No. <u>07-C-6475</u>
) Hon. Harry D. Leinenweber
v.                                              ) Judge Presiding,
)
<u>Dan Austin - Warden</u>  <u>Pinckneyville</u>  )
<u>Corr. Center</u>           )
Respondent

---

## PROOF/CERTIFICATE OF SERVICE

TO: <u>United States Dist. Court</u>     TO: <u>%o Attorney Eric W. Truett</u>
<u>%o Prisoner Corr. Clerk</u>            <u>Illinois Attorney General</u>
<u>219 So. Dearborn St.</u>              <u>100 W. Randolph St - 12th Fl.</u>
<u>Chicago, Illinois 60604</u>           <u>Chicago, Illinois 60601</u>

PLEASE TAKE NOTICE that on <u>May 8th</u>, 20<u>08</u>, I have placed the documents listed below in the institutional mail at <u>Pinckneyville</u> Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: <u>"Summary" to: Traverse Respondent's</u> <u>Answer to Petition For Habeas Corpus Relief</u>

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: <u>May 8th 2008</u>

/s/ <u>Charles Daniels</u>
NAME: <u>Charles Daniels</u>
IDOC#: <u>N-63102</u>
<u>Pinckneyville</u> Correctional Center
P.O. BOX <u>999</u>
<u>Pinckneyville</u>, IL <u>62274</u>