UNITED STATES DISTRICT COURT
NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

**FILED**
AUG 1 9 2008
AUG 19 2008
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

CHARLES DANIELS, )
Petitioner, )
)  Case # 1:07-CV-06475
)  07cv6475
vs. )
)  HONORABLE JUDGE
DAN AUSTIN, )  HARRY D. LEINENWEBER
Respondent. )

REQUEST FOR EVIDENTIARY HEARING
28 U.S.C.S. § 2254(e)(2)(B)

NOW COMES, Petitioner CHARLES DANIELS, pro se, in the above captioned matter requesting relief of a Evidentiary Hearing on the instant Habeas corpus claim that " But for" the SIXTH AMENDMENT(VI) Federal Constitutional ineffective assistance of trial counsel's egregious error, no reasonable factfinder would have convicted petitioner of the underlying offense.

Strickland v. Washington-466 US. 668,687 (1984)

28 USC 2254(e)(2)(B);

In support thereof petitioner states as follows:

1. On May 9,2008, petitioner filed his **Traverse** ( Doc.#27), to the respondent's **Answer** ( Doc.#23) against writ of Habeas corpus relief and granting of an Evidentiary Hearing.

2. On May 12, 2008, Honorable Judge Harry D. Leinenweber, Ordered the State court records including transcripts, by June 9,2008 so that a determination could be made on the merits, if any of the instant claim of Federal Constitutional error and prejudice.

3. On May 15,2008, respondent as Ordered supplied the State court records.

4. On May 20th 2008, petitioner was caused to file (Doc.#29) **Summary to Traverse** against respondent's specious **Answer** ( Doc.#23), particuarly due to the State courts nor the respondent's counsel rebutting the factual predicate that petitioner's trial attorney's performance helped prove their case-in-chief.
(See, <u>Pet., Doc #27, Traverse,</u> pgs. 10,11 )

Since this was an " objectively unreasonable" performance on the part of trial counsel & his identifiable acts did patently **prejudice** petitioner, no dispositive conclusion as to counsel's state of mind surrounding his eliciting irreparable inculpatory testimony that aided the State secure instant conviction ought to be drawn without a Evidentiary hearing. Often, its necessary to delve into counsel's litigation decisions to determine among jurists of reason whether or not the respondent's specious contention (see, Res. Doc #23, at pg.16) that regardless of trial counsel's identifiable acts that substantially affected petitioner and undermined; it amounted to " strategic wisdom." The issue sought to be reviewed through Evidentiary proceedings is debatable among jurist of reason as it clearly disadvantaged and prejudiced petitioner and are of Constitutional demension, since, " **but for** " these errors the outcome would have been otherwise, as these errors fall " well outside the boundaries of permissible differences of opinion."
**Williams v. Taylor, 529 U.S. 362,367,120 S.Ct.1495(2000)**
**Strickland v.Washington-466 U.S.668,687 (1984)**

5. Petitioner asserts that since the initial Habeas corpus filing were received by all relevant parties on November 15,2007, there has been made a continuous effort to delay vindication of his Federal Constitutional rights, through abuse of legal process in a series of frivolous and specious motions.
See. e.g. Res. Doc.#13 filed Jan.23,2008;

    Res. Doc. #19filed Feb.14,2008

    Res. Doc. #23filed April 10,2008

In Pet. Traverse Doc.#27, the disingenuousness of respondent is seen in their repeatedly claiming various procedural defaults eventhough none exists.

6. Respondent is seeking to delay Evidentiary proceeding determination until after Septemeber 28,2008, since generally Habeas corpus relief is unavailable after a petitioner has completed his sentence. However, because " parole " satisfies the " custody " requirements a ruling instanter should be made.

Valona v. U.S., 138 F.3d 693,695(7th Cir.1998)

Reimnitz v. State's Attorney of Cook County-761 F.2d 405(7th Cir.1985)

Also, since Parole is a form of custody, it is proper to use this petition for writ of Habeas corpus to contest its continuation.

White v. Henman, 977 F.2d 292 (7th Cir.1992)

**WHEREFORE**, based on the foregoing petitioner **CHARLES DANIELS** requests he be granted a Evidentiary determination proceeding into the veracity of these claims of ineffective assistance of counsel, particuarly the substantive prejudice that followed trial counsel's assistance to the State prosecutor following a side-bar conference, and his eliciting essential missing material elements of the underlying offense which ultimately allowed the trier of fact to find petitioner guilty based on the inculpatory testimony. Hence, a crucial issue affecting Petitioner's substantial, federally guaranteed constitutional rights having been resolved in a manner **contrary to established** Federal constitutional law as per decisions of the **United States Supreme Court Sixth Amendment (VI)** is reasonably debatable amoung jurist to warrant relief as to whether such an egregious error constitutes prejudice and deficient performance.

Respectfully,

*Charles Daniels*
CHARLES DANIELS
N-63102
2268 East Morton Ave.
Jacksonville Center
Jacksonville, IL  62650

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DIST- EASTERN DIVISION

CHARLES DANIELS                )
Plaintiff- PETITIONER          )
                               )   Case No. 1:07-CV-06475
        v.                     )
                               )   HONORABLE JUDGE
                               )   HARRY D. LEINENWEBER
DAN AUSTIN- WARDEN             )
Defendant - RESPONDENT         )

## PROOF/CERTIFICATE OF SERVICE

TO: CLERK OF DIST. COURT          TO: ATTORNEY GEN. OFFICE'S
    219 So. DEARBORN                  % ERIC W. TRUETT
    CHICAGO, IL 60604                 100 W. RANDOLPH ST. 12th FL.
    % PRISONER CORRESPONDENCE         CHICAGO, IL 60601

PLEASE TAKE NOTICE that on AUG 12, 2008, I have filed with the U.S. Mail through the JACKSONVILLE Correctional Center the following documents, properly addressed to the parties above:
REQUEST FOR EVIDENTIARY HEARING - 28 USC 2254(e)(2)(B).

I further declare, under penalty of perjury, that I am the Plaintiff in the above action, that I have read the above documents, and that the information contained therein is true and correct. 28 USC 1746 and 18 USC 1621.

DATE: AUG 12, 2008

/s/ Charles Daniels
NAME: CHARLES DANIELS
IDOC#: N-63102
JACKSONVILLE Correctional Center
2268 EAST MORTON AVE
JACKSONVILLE, IL 62650