IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHARLES DANIELS, | |
| Plaintiff, | |
| v. | Case No. 07 C 6475 |
| DAN AUSTIN, Warden, PINCKNEYVILLE CORRECTION CENTER, | Hon. Harry D. Leinenweber |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Petitioner Charles Daniels was convicted in the Circuit Court of Cook County for the crime of burglary and sentenced to eight years imprisonment. He has filed a petition for a *writ of habeas corpus* under 28 U.S.C. § 2254, alleging that the state failed to prove all elements of the crime beyond a reasonable doubt, that trial counsel was ineffective, and that his conviction violated the ex post facto clause. For the reasons stated herein, Defendant's petition is **denied.**

I.  BACKGROUND

Petitioner Charles Daniels was charged by information on March 10, 2000 with one count of burglary, in violation of 720 ILCS 5/19-1(a) (West 2000). Following a bench trial in the Circuit Court of Cook County, Daniels was found guilty on July 16, 2002 and sentenced to eight years imprisonment. Defense counsel moved for

a new trial, arguing that the state had proven the elements of residential burglary and not the offense of simple burglary with which Petitioner was charged.  The trial court denied the motion for a new trial and found that Daniels had made two separate unauthorized entries:  one into the vacant apartment and one into the common area of the larger apartment building.  The Illinois Appellate Court affirmed the conviction, finding that there was sufficient evidence of a second separate entrance into the common area which justified the conviction for simple burglary.  Daniels' petition for leave to appeal to the Supreme Court of Illinois was denied on May 25, 2004.  Rehearing was denied June 23, 2004.

Petitioner Daniels then filed a state post-conviction petition on November 5, 2004.  Counsel was later retained by Daniels, and an amended petition was filed, asserting claims of ineffective assistance of counsel for (1) eliciting injurious testimony on cross-examination and (2) neglecting to argue the state's failure to prove the element of "without authority."  The post-conviction court denied the petition on August 11, 2006, finding that it could be inferred that Daniels had no authority to be in the building and that any injurious testimony elicited on cross-examination was not prejudicial since other evidence already demonstrated Daniels' presence in the common areas of the building.  On appeal, counsel appointed for Daniels moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), concluding that any appeal would be frivolous given the other evidence placing Daniels in the common

area and the evidence that Daniels entrance into the building was without authority.  Over Petitioner's brief in opposition, which argued that there could be no valid strategy for the cross-examination, that no other testimony placed him within the building's common area, and that, in fact, he never did enter the common area of the building, the Illinois Appellate Court affirmed the dismissal of the post-conviction in an order dated July 30, 2007.  Petitioner timely filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on November 29, 2007. The instant petition followed.

## II.  **DISCUSSION**

We construe Petitioner's arguments liberally, reading his pleadings with an attempt to discern the substance of his complaint.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  So read, Daniels' petition states three bases for *habeas corpus* relief:  (1) the State's failure to prove every element of his offense beyond a reasonable doubt violates his right to due process; (2) the appellate court retroactively applied a later amendment to the burglary statute in affirming the conviction, violating the *ex post facto* clause; and (3) trial counsel was constitutionally ineffective because he helped the State prove Daniel's presence in the hallway of the building, by eliciting harmful testimony on cross-examination.

## A.  Procedural Default

Before considering the merits of the *habeas* petition, the Court must ensure that Petitioner has exhausted his available state remedies and given the state courts a fair opportunity to address his claims and correct any constitutional errors. *See Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir., 2004).  To fulfill this requirement, Petitioner must present his claims fully and fairly, invoking "one complete round" of the state's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In Illinois, one complete round of review includes a petition for leave to appeal to the Illinois Supreme Court, whether on direct appeal or in state post-conviction proceedings. *See Boerckel*, 526 U.S. at 848; *White v. Godinez*, 192 F.3d 607, 608 (7th Cir., 1999).

Contrary to the State's assertion otherwise, Petitioner has thoroughly exhausted his state court remedies and adequately preserved his claims for federal *habeas* review.  His sufficiency of the evidence claim was presented at trial, at the motion for a new trial, on direct appeal, and in his petition for leave to appeal to the Illinois Supreme Court.  His *ex post facto* and effective assistance of counsel claims were presented in Petitioner's original post-conviction petition, pursued on appeal, and also submitted to the Illinois Supreme Court in a petition for leave to appeal ("PLA").  The State's contention that Petitioner failed to file a post-conviction PLA is clearly belied by the record before

the Court.  The submission, addendum, and denial of Petitioner's post-conviction PLA all have been attached to his reply brief, and they are easily found through a search of Petitioner's name and appeal number.  The State's argument of procedural default is without merit or support.

### B.  Merits

To succeed on the merits of his petition, Daniels must show that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).  Where the state court correctly identifies and accurately states the relevant law, Petitioner must demonstrate that the state court's application of that law was not just erroneous, but objectively unreasonable - that is, that the state court decision lies well outside the realm of permissible differences of opinion.  *See Badelle v. Correll*, 452 F.3d 648, 654-55 (7th Cir., 2006).  Alternatively, Petitioner may receive *habeas* relief if he can show that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(2).  However, the state court's findings of fact are deemed presumptively correct and must be overcome by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e).  In evaluating Petitioner's claims, the relevant decision for review is that of the last state court to address the claim on the merits.  *See Garth v. Davis*, 470 F.3d 702, 710 (7th Cir., 2006).

### 1. Sufficiency of the Evidence

Petitioner complains that the State has failed to prove each and every element of his offense beyond a reasonable doubt, thus violating his right to due process. The state appellate court rejected that claim on direct appeal, however, applying a sufficiency of the evidence standard that closely and faithfully resembles the standard announced by the U.S. Supreme Court: whether, considering the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Accord Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The state appellate court went on to find that the evidence was sufficient for a reasonable person to conclude that Daniels entered a non-dwelling portion of the building without authority and with the intent to commit theft. Unless the state court's application of the *Jackson* standard or its determination of facts can be considered unreasonable, Petitioner's sufficiency of the evidence claim must fail.

A person commits the Illinois crime of simple burglary when "without authority he knowingly enters or without authority remains within a building . . . with intent to commit therein a felony or a theft." 720 ILCS 5/19-1 (West 2000). At the time of Petitioner's offense, this offense was mutually exclusive from the offense of residential burglary, such that an unauthorized entry into a dwelling place could not be punished as simple burglary.

*See People v. Childress*, 158 Ill.2d 275, 302 (1994). However, Illinois state case law permitted a court to find violation of both offenses where it could be proved that an individual made two separate unauthorized entries:  one into the common area of a building, and a second into a specific dwelling unit. *See People v. Maskell*, 304 Ill.App.3d 77, 84 (Ill.App. 2nd Dist., 1999). Petitioner argues that his case is distinguishable from *Maskell*, and that the evidence at trial proved only the crime of residential burglary and not the separate crime of simple burglary of a non-dwelling area.  In particular, Petitioner argues that there was insufficient proof of (1) his entry into the common area of the building; and (2) his presence there "without authority."

The appellate court was not unreasonable, however, in determining that there was sufficient proof of Petitioner's entry into the common areas.  Elston testified at trial that she had seen someone approach the building and fumble with the mailboxes (R. V-6), and she later identified Daniels as the man who entered and exited her building.  (R. V-12, 13).  On cross-examination, Elston further stated that she had lost sight of Daniels when he came inside the building and that Daniels was in the hallway of the building for approximately three minutes.  (R. V-16, 17).  Although Petitioner points to testimony that the door of the vacant apartment remained locked at all times and Elston's own speculation that Daniels must have entered the apartment through a window, the appellate court found that there was sufficient evidence for a

rational trier of fact to find entry into the common area of the building. The Court believes this determination to be entirely reasonable, and the Court further finds that the appellate court's own determination of the facts - that Daniels entered the hallway, exited, and later made a separate entry into the vacant unit - was a commonsense and reasonable interpretation of the facts presented at trial.

Petitioner is also unsuccessful on his further claim that the post-conviction court was unreasonable in finding that Petitioner's entry into the common area was without authority. Petitioner is correct that Elston only directly testified about his lack of authority to enter the *vacant apartment*, and given the mutually exclusive nature of the offenses, it may be unfair to transfer that testimony to the issue of Daniels' authority to enter the *common area* of the building. However, the post-conviction court found that Elston's call to the police after Daniels approached the mailbox area was sufficient to support an inference that Daniels was without authority to enter the common area as well. (R. L-10). Use of such circumstantial evidence is a plainly permissible means of proving Petitioner's guilt, *see U.S. v. Ludwig*, 897 F.2d 875, 880 (7th Cir., 1990), and the Court cannot find that no reasonable trier of fact could have made such an inference. Accordingly, neither the post-conviction court nor the state appellate court were unreasonable in finding sufficient evidence of Petitioner's

guilt, and Petitioner has failed to demonstrate that *habeas* relief
is warranted under 28 U.S.C. § 2254(d).

### 2. *Ex Post Facto Claim*

Petitioner's second claim grows out of his belief that the
evidence was insufficient to establish his unauthorized entry into
the common area of the building.  Because Daniels believes the
State only proved the offense of *residential* burglary, he concludes
that the court must have used evidence of his unauthorized entry
into the vacant apartment to establish his guilt on the simple
burglary charge.  This would have been impermissible under the
statute at the time of his offense, which specifically defined
simple burglary as a mutually exclusive offense from residential
burglary.  *See* 720 ILCS 5/19-1 (West 2000) ("This offense shall not
include . . . the offense of residential burglary").  Petitioner
now argues that the state appellate court remedied this affront to
mutual exclusivity (and the lack of evidence that he entered a non-
dwelling portion of the unit) by retroactively applying a new
statutory amendment, which added simple burglary as a lesser-
included offense of residential burglary and removed the phrase
that made the crimes mutually exclusive.  *See* 720 ILCS 5/19-1,
5/19-3.

The decisions of the trial and state appellate courts are
clear, however, that they are applying the statute as it was in
effect at the time of Petitioner's crime.  Both courts recognize
the mutually exclusive nature of residential and simple burglary,

and rely not on the newly amended state statute, but rather on the state court decision in *Maskell*, which permitted a finding of two separate entries (and thus two separate offenses), despite the mutually exclusive nature of the crimes under the statute then in effect. *See Maskell*, 304 Ill.App.3d at 84. The state courts clearly stated their conclusions that the evidence supported a finding of two separate entries, and that Daniels had been proven guilty beyond a reasonable doubt of the distinct and separate offense of simple burglary. Indeed, the trial judge made clear that if the evidence had shown only a single, direct entry into the vacant apartment, a conviction for simple burglary would not have been appropriate under the statute as it existed at the time of offense. (R. Y-10).

To the extent Petitioner means to argue that the court in *Maskell* incorrectly interpreted the mutual exclusivity of the state statutes, that claim is not cognizable on *habeas* review and will not be considered here. *See Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir., 1988). Instead, Petitioner's ex post facto claim necessarily depends upon there being insufficient evidence of two separate unauthorized entries. Only then would the state courts need to impermissibly apply proof of residential burglary to the simple burglary charge or treat simple burglary as a lesser-included offense. However, the Court has already concluded that the evidence presented at trial was sufficient to prove both entries and sustain both charges. Petitioner's failure on his

sufficiency of the evidence claim therefore precludes his success on the ex post facto claim as well.

### 3. Effective Assistance of Counsel

Petitioner's "detailed aside" to his sufficiency of the evidence claim complains that his presence in the common area of the building was established solely by the harmful testimony elicited by his counsel on cross-examination.  In particular, Petitioner objects to the following question by his trial counsel: "How long would you say he [Daniels] was in the hallway of your building?"  According to Petitioner, this question placed Daniels past the front door and into the common area of the building. Because Petitioner believes that no other testimony was sufficient to establish his presence in a non-dwelling portion of the building, he argues that but for the testimony elicited by his counsel, he could not have been found guilty of simple burglary. Petitioner also argues that appellate counsel was ineffective for failing to raise this error.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) deficient performance by his attorney outside the wide range of professionally competent assistance; and (2) prejudice to his defense, such that there is a reasonable probability that the result would have been different but for counsel's unprofessional errors. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An individual's burden in proving ineffective assistance is considerable, because review of counsel's

performance is "highly deferential" and a court "must indulge a strong presumption" that counsel's conduct falls within the wide range of reasonable assistance or was the result of sound trial strategy. *See id.* at 689. On *habeas* review, the bar for relief is even higher, because Petitioner must show that the state court's application of the *Strickland* standard was itself objectively unreasonable. *See Murrell v. Frank*, 332 F.3d 1102, 1111-12 (7th Cir., 2003). Petitioner's mere reargumentation of his *Strickland* claim is insufficient to meet his steep burden under § 2254(d). *See Badelle*, 452 F.3d at 654, 656.

In all fairness, Petitioner's claim that his counsel was ineffective is not entirely implausible. Especially if one were to view the evidence as Petitioner does (that no other testimony established his presence in the common area of the building), a question by defense counsel which proved a critical element of the State's case certainly could constitute ineffective assistance of counsel. *Cf. People v. Jackson*, 318 Ill.App.3d 321, 328 (Ill.App. 1st Dist., 2000). However, the state post-conviction court found that Daniels' presence inside the common area had already been established prior to defense counsel's questioning, making any harm from the question cumulative and not prejudicial. Nor did the state court find defense counsel's cross-examination deficient, believing that defense counsel had merely chosen to follow up on and adequately test Elston's previous testimony.

The trial record supports the state court's resolution of Petitioner's ineffective assistance claim, and that court's application of the *Strickland* standard cannot be considered unreasonable. Elston testified on direct examination that she had seen someone approach the building and fumble with the mailboxes, and that she later saw the same individual "leaving [her] premises" with plastic bags containing her possessions. (R. V-9, 10). Elston further identified Daniels as the same person she "had seen going into [her] building" and "leaving [her] building." (R. V-12, 13). In light of such testimony on direct, the state court was not unreasonable in determining that Daniels' presence in the common area had already been established and that further questioning on the subject by defense counsel was not prejudicial. *Cf. Steidl v. Walls*, 267 F.Supp.2d 919, 933 (C.D.Ill., 2003) (habeas relief proper only where state court decision is not minimally consistent with the facts or so inadequately supported by the record as to be unreasonable).

Nor was it unreasonable to find that Petitioner's attorney had performed in a competent manner. Given Elston's testimony on direct, it was not unreasonable for defense counsel to revisit the subject of Daniels' presence in the common area and test the reliability and veracity of the witnesses' statements. Indeed, defense counsel was more likely to be ineffective had he failed to cross-examine the State's key witness on this critical element of the case. *Cf. Dixon v. Snyder*, 266 F.3d 693, 703 (7th Cir., 2001).

That defense counsel may have made a mistaken or poor choice of words in conducting that examination is not enough to demonstrate he was constitutionally defective. *See Woods v. McBride*, 430 F.3d 813, 821 (7th Cir., 2005). *See also Willis v. U.S.*, 87 F.3d 1004, 1006 (8th Cir., 1996) ("[T]here are a few, if any, cross-examinations that could not be improved upon. If that were the standard of constitutional effectiveness, few would be the counsel whose performance would pass muster."). Rather, the emphasis is on the overall reasonableness of counsel's performance, and whether he provided sufficiently competent representation such that there could be no concern about the fairness or reliability of the proceeding. *See Strickland*, 466 U.S. at 690.

In this case, Petitioner's counsel established on cross-examination that Elston did not hear Petitioner come up the stairs and that the person she later identified to police was not holding the plastic bags with which she alleged the Petitioner had exited her building. Counsel's further question about how long Petitioner was in the hallway of Elston's building appears to challenge whether Elston reasonably could have been sitting at her window the entire time, such that she could have seen Daniels both enter and exit the building. Given the Court's own doubts whether such performance could be considered constitutionally ineffective, the state court's denial of Petitioner's claim cannot be deemed unreasonable. *See Badelle*, 452 F.3d at 655 (state court decision unreasonable only where it lies "well outside the boundaries of

permissible differences of opinion"). The state court's further finding that appellate counsel was not ineffective for failing to raise the alleged error was also sound, and Petitioner's claims of ineffective assistance of counsel must be refused.

### III. <u>CONCLUSION</u>

For the reasons stated herein, Petitioner has failed to demonstrate that the state court decisions on his claims were contrary to or involved an unreasonable application of clearly established federal law. Accordingly, his Petition for a *Writ of Habeas Corpus* under 28 U.S.C. § 2254 is **denied.**

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** August 25, 2008

- 15 -